DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3859
Facsimile:      (415) 554-3837
E-Mail:         margaret.baumgartner@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| San Francisco Patrol Special Police Officers Alan Byard, an individual; Officer Robert L. Burns, an individual; Officer Calvin C. Wiley, an individual; Officer John J. Andrews, an individual; Officer Scott Hart, an individual; Officer Todd Hart, an individual; Officer Samuel J. Reyes, Sr. an individual; Officer Theodore Torres, an individual; Officer John Barry, an individual; Officer Serge J. White, an individual; the San Francisco Patrol Special Police Officers Alliance, a public benefit corporation; the San Francisco Patrol Special Police Officers Association Inc., a public benefit corporation, and San Francisco Patrol Special Police, an unincorporated association; <br><br>        Plaintiffs, <br><br> vs. <br><br> The City and County of San Francisco, A Public Incorporation; The San Francisco Police Department, A Public Incorporation; Sergeant Gerald Darcy, an individual; Inspector Martin Ohalloran, an individual; Sergeant Ueugen Geleano, an individual; Sergeant John Bragagnolo, an individual; Sergeant Jesus Peña, an individual; Officer Michael Simmons, an individual; Sergeant Peter Thoshinsky, an individual; Officer John Van Koll, an individual; Officer Thomas Cunnane, an individual; Officer Randy Ly, an individual; and DOES 1 through 10,000, inclusive; <br><br>        Defendants. | Case No. 3:16-cv-00691 WHA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT (FRCP 12(e)) AND FOR DISMISSAL OF CONTRACT CLAIM FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))** <br><br> Hearing Date:      March 31, 2016 <br> Time:              8:00 a.m. <br> Place:             450 Golden Gate Avenue <br>                    Courtroom 8, 19th Floor <br>                    San Francisco, CA 94102 <br><br> Trial Date:        None set |

1

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

2

3        Please take notice that on March 31, 2016, at 8:00 a.m., before the Honorable William Alsup,

4   in Courtroom 8, 19th Floor, at U.S. District Court, 450 Golden Gate Avenue, San Francisco,

5   California, or as soon thereafter as this matter can be heard, the City and County of San Francisco et

6   al., ("San Francisco"), will and hereby do move for an order (1) requiring a more definite statement

7   under Rule 12(e); (2) for dismissal of Plaintiffs' First Cause of Action under 42 U.S.C. § 1983 against

8   the individual Defendants based on qualified immunity and failure to state a claim; and (3) for

9   dismissal of Plaintiffs' breach of contract claim on the grounds that the San Francisco Charter does not

    create a contract as a matter of law.

10       This motion to dismiss is based on this Notice of Motion and Motion to for a More Definite

11  Statement and Motion to Dismiss, Memorandum of Points and Authorities filed herewith, as well as

12  the files in this case, the argument of counsel at the hearing, and any such further matters as the Court

13  deems appropriate.

14  Dated:  February 12, 2016

15

16                                  DENNIS J. HERRERA
                                    City Attorney
17                                  CHERYL ADAMS
                                    Chief Trial Deputy
18                                  MARGARET W. BAUMGARTNER
                                    Deputy City Attorney

19

20                            By: */s/ Margaret W. Baumgartner*
                                    MARGARET W. BAUMGARTNER
21
                                    Attorneys for Defendants
22                                  CITY AND COUNTY OF SAN FRANCISCO, et al.

23

24

25

26

27

28

**INTRODUCTION**

Defendant City and County of San Francisco's City Charter provides for the existence of "Patrol Specials." Patrol Specials are persons to whom the City gives the authority to perform private patrol services within specific geographic boundaries. Plaintiffs are current and former Patrol Specials.

The Patrol Specials came into existence in the mid-1800s as a means for private citizens to pay for police-like security services, at a time when the police force was in its infancy. The Patrol Specials are not City employees, but rather work for themselves, selling their services to companies and individuals who wish to have private security services. The City gives them the right to sell and personally perform their services within their "beats." A Patrol Special must actively work his or her own beat. Although a Patrol Special may sell his or her beat, the purchaser must then become a Patrol Special and personally work his or her beat.

Most of the Plaintiffs became Patrol Specials in the late 1960s and 1970s. Since that time, many Patrol Specials have abandoned their beats and gone out of business. Since the early 1990s, the Patrol Specials have been blaming the City for their slow fade into obscurity, claiming that the City's unfair regulation of them and the City's exercise of its authority under the Administrative Code to charge third parties for provision of police service somehow violate their rights. To date, Plaintiffs have lost on all such claims.

In this case, Plaintiffs once again alleged that the City's enforcement of its Patrol Special regulations and the exercise of its authority pursuant to Administrative Code § 10B created liability under a myriad of theories. It also appears that they are making other claims, but it is entirely unclear under what factual and legal basis upon which they seek to create liability.

After extensive motion practice while this case was pending in state court, in January 2016, Plaintiffs filed a Fifth Amended Complaint. For the first time, Plaintiffs included a federal claim for violation of their 14th Amendment Due Process and Equal Protection rights.[1] Defendants removed to federal court, and now request a more definite statement under Federal Rule of Civil Rule 12(e),

---

[1] Presumably Plaintiffs have done so because the court dismissed their inverse condemnation cause of action, their only state law claim that provided for attorneys' fees and for a longer than six months statute of limitations.

because Plaintiffs' 44 page complaint contains countless irrelevant, confusing and uncertain allegations.  For example, the complaint references to such things as "selective enforcement of the law," "concealing the nature of impact of 10B services," that Defendants make Plaintiffs "look and function like non-police officers," and alleging "SFPD agents made statements that Plaintiffs are incompetent."  These types of vague allegations appear randomly throughout the complaint, but do not inform Defendants of what acts they did nor did not take that Plaintiffs believe violated their rights.

As drafted, it is impossible for Defendants to interpret the complaint accurately enough to admit or deny the allegations and to otherwise respond.  As Plaintiffs do not identify any specific act, or date, Defendants have no context by which to interpret any of the allegations.  Defendants also are concerned that these allegations may have hidden meanings known only to Plaintiffs.  Defendants therefore request that this Court require Plaintiffs to specifically identify the events and core nucleus of facts upon which Plaintiffs rely, so that Defendants and this Court can determine if there is any theory under which Plaintiffs can recover their alleged loss of business value from these Defendants.

In addition, Defendants request dismissal of the individual defendants from Plaintiffs' constitutional claim.  Plaintiffs sued 10 individual defendant police officers.  Plaintiffs allege only that they worked overtime.  Defendants are entitled to qualified immunity because nothing about working overtime denies Plaintiffs their Due Process or Equal Protection rights, and because they are entitled to qualified immunity.

Lastly, Plaintiffs bring a breach of contract claim alleging that the San Francisco Charter grants them some type of contract.  This legal theory fails as a matter of law.  Defendants therefore move to dismiss that claim.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 27, 2012, Plaintiffs sued the City and the individual police officer defendants in Contra Costa County Superior Court.  (Docket 1-2, Ex. 1, Complaint[2])  On February 13, 2013, Plaintiffs filed a First Amended Complaint, including the same 12 state causes of action.  (Docket 1-3, 1st Amd.

---

[2] The Notice of Removal filed in this case on Feb. 10, 2016 contained the record from the Superior Court.  It was e-filed in parts, and for ease of reference Defendants include the Docket No., and then the Exhibit No.

Comp.)  Once served, Defendants moved to change venue to the San Francisco Superior Court.
(Docket 1-4, Ex. 3, Motion)  Plaintiffs also moved to change venue because they thought the San
Francisco Court could not be fair.  (Docket 1-12, Ex. 11, Motion)  The Court granted Defendants'
motion to change venue to San Francisco and denied Plaintiffs' motion to change venue out of San
Francisco.  (Docket 3-4, Ex. 21, Order)

On March 21, 2013, Plaintiffs' filed a Second Amended Complaint, adding more plaintiffs, but
keeping the same 12 causes of action.  (Docket 1-11, Ex. 10, 2nd Amd. Comp.)  Defendants demurred
on the grounds that Plaintiffs could not state a nuisance claim, nor an unfair business practices claim
against the City.  (Docket 2-2, Ex. 13, Motion)  Defendants also moved to strike the allegations that
the City's Administrative Code § 10B gave the Police Department the right to charge third parties for
police services violated the City Charter and the Police Code.  (Docket 2-2, Ex. 13, Motion)  The
Court sustained the demurrer as to the unfair business practices claim, overruled the demurrer as to the
nuisance claims, and denied the motion to strike as bringing up "too fine a point at the pleading stage."
(Docket 3-5, Ex. 22, Order)

On October 20, 2014, Plaintiffs requested permission to file a Third Amended Complaint to
add four more Plaintiffs.  (Docket 4, Ex. 29, Motion)  The Court granted the motion, and on February
27, 2015, Plaintiffs filed a Third Amended Complaint, adding four plaintiffs, and two causes of action
under the state constitution (equal protection and due process).  (Docket 5-7, Ex. 37, 3rd Amd. Comp.)
Defendants again demurred on various grounds.  (Docket 5-8, Ex. 38, Motion)  The Court overruled in
part, but sustained the demurrer on the following grounds:

- As to Plaintiffs who failed to file a government tort claim without leave to amend;
- As to Plaintiffs' nuisance claims without leave to amend because Plaintiffs do not have an interest in the use and enjoyment of land;
- As to Plaintiffs' negligence claim for uncertainty, with leave to amend;
- As to Plaintiffs' defamation claim with leave to amend; and
- As to Plaintiffs' Cartwright Act claim, without leave to amend.

(Docket 6-1, Ex. 42, Order)

In July 2015, Plaintiffs filed their Fourth Amended Complaint, eliminating their nuisance, defamation and Cartwright Act claims and adding various other claims. (Docket 6-2, Ex. 43, 4th Amd. Comp.) Defendants again demurred, limiting their demurrer to Plaintiffs' inverse condemnation cause of action on res judicata grounds, and as to the complaint as a whole because Plaintiffs failed to properly identify the parties to the claims. (Docket 6-3, Ex. 44, Motion) The Court sustained the demurrer, dismissing the inverse condemnation claim without leave to amend, and granting leave to amend to identify the proper parties. (Docket 6-6, Ex. 47, Order)

On January 11, 2016, Plaintiffs filed their Fifth Amended Complaint (without complying with the Court's order that Plaintiffs meet and confer prior to filing). (Docket 6-12, Ex. 53, 5th Amd. Comp.) Plaintiffs eliminated their inverse condemnation cause of action, but left in and even added more conclusory and irrelevant allegations. Plaintiffs also for the first time included a federal constitutional claim and a claim for breach of contract.

Defendants removed the complaint to federal court, and now move (1) for a more definite statement; and (2) to dismiss the individual defendants in Plaintiffs' constitutional claim; and (3) to dismiss Plaintiffs' breach of contract claim on the grounds that as a matter of law the San Francisco Charter does not create a contract with Plaintiffs.

ARGUMENT

## I.   Plaintiffs' Confusing Allegations Fail to Put Defendants On Notice of The Basis of Their Claims

Federal Rule of Civil Procedure 12(e) provides that a party may "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP. 12(e). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1998). When a complaint contains numerous irrelevant or inconsequential allegations, the potential for different and surprising interpretations of the claims, or for unintended consequences of the effect of a ruling, justify granting a motion for more definite statement and an order requiring a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." See FRCP Rule 8; *McHenry*, 84 F.3d at 1180. Although verbosity is not, in and of itself, a basis for granting a

1   12(e) motion, such verbosity can contribute to an unclear complaint when it includes confusing and

2   conclusory allegations.  See *Whitsitt v. Industrial Employer Distributor Association*, 2014 WL

3   3615352 (N.D. Cal. July 22, 2014).

4       Plaintiffs' complaint runs 44 pages and contains hundreds of conclusory allegations.  For

5   example, Plaintiffs allege "Supervisors knowingly acquiesced to unconstitutional behavior of

6   subordinates. " (Fifth Amd. Comp. ¶ 143.)  Plaintiff does not identify the supervisors by name,

7   category or title, what unconstitutional behavior was at issue, or how the supervisors knew or acquired

8   to such behavior.  Plaintiffs allege that "CCSF, the SFPD, and or [sic] policymaking officials knew

9   employees would confront particular situations, including Patrol Specials' needs to operate, and

10  whether to allow 10B on their beats." (Fifth Amd. Comp. ¶ 149.)  Plaintiffs do not identify who they

11  believe to be policy makers, what type of particular situations that such unidentified policy makers

12  "knew their employees would confront," what the employees should have done about it, or why any of

13  this legally matters.  Plaintiffs also allege that "a conspiracy existed involving action by Defendants,

14  and a deprivation of civil rights in furtherance of the conspiracy by one or more parties to the

15  conspiracy." (Fifth Amend. Comp. ¶ 155.)  Plaintiffs does not identify what civil rights these

16  unknown conspirators supposedly intended to prevent Plaintiffs from exercising.  These are just three

17  examples of the "prolix and confusing" complaint.[3]

18      Because the complaint is full of these confusing and uncertain conclusory allegations,

19  Defendants cannot determine what allegations, if any, they should admit, or which they should deny.

20  Defendants also cannot determine if Plaintiffs state the claims they claim they state.  The Court should

21  require Plaintiffs to eliminate all of their confusing, irrelevant and conclusory allegations that exist

22  throughout the complaint.  Only then can Defendants reasonably form a response to the complaint.

23      Furthermore, Plaintiffs' failure to allege any dates is not accidental.  The City' acts that

24  Plaintiffs believe resulted in a loss of their business occurred 10, 20 or even 30 years ago.  For

25  example, the City has provided police services under its Administrative Code § 10B since 1973.

26

27  ───────────────

28  [3] Further confusing the issues, for every cause of action Plaintiffs incorporate "every non-conflicting allegation" in the claim.  See e.g., Fifth Amend. Comp. ¶ 116.

Defendants believe that Plaintiffs will seek to use their vague pleadings to burden the City with discovery on issues that ultimately have no bearing on this case.

As an example, the Department's recent conduct regard the Patrol Specials is its enforcement of the long-standing applicable rules, including rules regarding uniforms, provisions of client lists, and the requirement that Plaintiffs remain active in patrolling their own beats. These disciplinary rules provide for an evidentiary hearing, the results of which Plaintiffs must challenge through a writ of mandate. See Cal. Code Civ. Proc. § 1094.5. They have not done so. Rather, they try to avoid this obvious procedural requirement, Plaintiffs make broad and conclusory allegations about the Department's enforcement of rules. Because Plaintiffs' fail to comply with Rule 8, Defendants cannot make the most basic of investigations, making it impossible to adequately admit or deny the allegations.[4]

## II. The Court Should Require Plaintiffs to Plead at Least Some Facts to State a Constitutional Claim

Plaintiffs do not put Defendants on notice of the factual basis of their constitutional claim under the 14th Amendment. Despite the 44 paragraphs and reference to Due Process and Equal Protection, Plaintiffs do not identify any processes that they believe were due to them or how Defendants deprived them of fairly utilizing such processes. Plaintiffs also fail to identify themselves as a protected group upon which to base an equal protection claim. Plaintiffs also fail to eliminate all of their allegations concerning their property rights. These allegations relate to Plaintiffs' previously-dismissed inverse condemnation claim. These allegations now serve only to obfuscate and confuse.[5]

The Court should require Plaintiffs to amend their complaint to set forth what acts Defendants took to deprive them of due process and/or why they believe the process is not fair. Plaintiffs should be required to identify what protected category they fall in, because it appears that they allege that the Department is discriminating against the entire class of Patrol Specials, few as they are, and how

---

[4] It will also be impossible for Defendants to provide useful initial disclosures, as Defendants are not aware of the actual nature of Plaintiffs' claims.

[5] Although Defendants presume that Plaintiffs simply failed to remove these allegations following the Court's sustaining the demur to Plaintiffs' inverse condemnation cause of action, it is possible that Plaintiffs may believe that these allegations are somehow relevant to another of their claims, but the complaint does not so indicate.

Defendants treated them differently from non-Patrol Specials.  It does not appear to Defendants that Plaintiffs are making any other constitutional claim, but if they are, the Court should require them to identify the claim, and what actions Defendants took or did not take that deprived them of the identified constitutional right.

## III.   The Court Should Dismiss Plaintiffs' Constitutional Claims Against the Individual Defendants

Plaintiffs' bring their First Cause of Action under the Fourteenth Amendment against "all Defendants."  Yet, the Fifth Amended Complaint Plaintiffs make no allegations concerning the manner in which any of the individual defendants are responsible for alleged constitutional harm.  The only allegations concerning the individual Defendants relates to the working of overtime.  (See Fifth Amd. Comp. ¶ 97.)

A plaintiff must plead facts, not conclusions, regarding an individuals direct participation in constitutional harm to state a federal constitutional claim against the individual defendant.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680-01, 683.  Also, qualified immunity requires dismissal of a claim unless a reasonable officer would know that the officers' actions violate a clearly defined constitutional law.  *Id*; *see Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Here, Plaintiffs' allegations regarding the individual defendants not only fail to plead direct participation, qualified immunity applies to require dismissal of this claim.  No case law or statute would suggest to these officers that they violated Plaintiffs' due process or equal protection rights when they agreed to work overtime.  Therefore, even if the Court denies Defendants' 12(e) motion, the Court should grant the individual defendants qualified immunity on these claims.  *Iqbal*, 556 U.S. at 685 (acknowledging that qualified immunity concerns support requirement of pleading facts, not just conclusions, in complaint against government officials).

## IV.   The San Francisco Charter Does not Create a Contract, and Therefore Plaintiffs Cannot State a Claim for Breach of Contract

For the first time in this three-year-old litigation, Plaintiffs raise a breach of contract claim, claiming that the San Francisco Charter creates a contract between the City and the Patrol Specials. The Charter does not create a contract, it merely states that the Police Commission is responsible for

approving a request to become Patrol Specials and to designate them as the "owners" of certain beats or territories. [6]  The Charter does not give Plaintiffs a right in contract.

"A resolution by a county board does not only - or even primarily - establish contract rights.  A resolution is also one of the means by which a board of supervisors exercises its authority to effect policy."  *Retired Employees Assn. of Orange County, Inc. v. County of Orange*, 52 Cal.4th 1171, 1185 (2011).  Although a government agency by statute may create a contract, such a creation requires a legislative intent to do so.  Specifically, a plaintiff must prove that "statutory language or circumstances accompanying [the law's] passage clearly ... evince a legislative intent to create private rights of a contractual nature enforceable against the governmental body."  *Sacramento County Retired Employees Ass'n v. County of Sacramento*, 975 F.Supp.2d 1150, 1159 (E.D. Cal. 2013) (quoting *Retired Employees Assn. of Orange County, Inc.*, 52 Cal.4th at 1176–77.)  Because of the caution required in implying such a right "a court must presume that legislation is not intended to create contractual or vested rights; the party who claims an ordinance creates a contract has the burden of overcoming the presumption."  *Retired Employees Ass'n of Orange County*, 52 Cal.4th at 1186 (finding the plaintiffs did not state a claim for contract right in continued health benefits for non-union employees because did not include legislative enactments providing proof of intent to contract).

---

[6] San Francisco Charter Section 4.127 provides:

PATROL SPECIAL POLICE OFFICERS. The Commission may appoint patrol special police officers and for cause may suspend or dismiss patrol special police officers after a hearing on charges duly filed with the Commission and after a fair and impartial trial. Patrol special police officers shall be regulated by the Police Commission, which may establish requirements for and procedures to govern the position, including the power of the Chief of Police to suspend a patrol special police officer pending a hearing on charges. Each patrol special police officer shall be at the time of appointment not less than 21 years of age and must possess such physical qualifications as may be required by the Commission.

Patrol special police officers may be designated by the Commission as the owners of a certain beat or territory which may be established or rescinded by the Commission.  Patrol special police officers designated as the owners of a certain beat or territory or the legal heirs or representatives of the owners may dispose of their interest in the beat or territory to a person of good moral character, approved by the Police Commission and eligible for appointment as a patrol special police officer.

Commission designation of beats or territories shall not affect the ability of private security companies to provide on-site security services on the inside or at the entrance of any property located in the City and County.

1   Nothing in the San Francisco Charter shows legislative intent to create a contract with any

2   Plaintiffs or Patrol Specials.  Rather, the Charter creates a policy allowing the Patrol Specials to

3   provide services to third parties, like any license given by the City.  The language providing this

4   license right are all permissive - the Commission "may" appoint a Patrol Special, the Commission

5   "may" suspend or dismiss a Patrol Special, the Commission "may" designate them as owners of beats,

6   and which right the Commission "may" rescind.  S.F. Charter Sec. 4.127.

7       The Charter's language does not require any exchange in return for this grant of authority.  In

8   fact, Plaintiffs fail to set forth *any* specific terms of any such purported contract, and suggest terms that

9   are non-existent.  For example, Plaintiffs allege Defendants breached the contract by "failing to

10  process paperwork" that would allow them to hire others to work with them.  (Fifth Amend. Comp.

11  ¶ 168.)  But the Charter does not mention the right of Patrol Specials to hire employees.

12      The Charter's permissive language indicates only an intent to provide a government benefit to

13  those who qualify, not to create a contract.  Plaintiffs' complaint make no allegations to overcome the

14  presumption that the Charter does not create a contract.  The Court should therefore dismiss this claim

15  without leave to amend.

### CONCLUSION

17      For the foregoing reasons the Court should grant Defendants' motion for a more definite

18  statement and require Plaintiffs to set forth a short and plain statement of the basis for their claims,

19  should dismiss the individual defendants for failure to state a claim, or, alternatively, for qualified

20  immunity, and should dismiss Plaintiffs' contract claim (Second Cause of Action).

21  Dated:  February 12, 2016

22                                      DENNIS J. HERRERA
                                        City Attorney
23                                      CHERYL ADAMS
                                        Chief Trial Deputy
24                                      MARGARET W. BAUMGARTNER
                                        Deputy City Attorney
25

26                                  By: */s/ Margaret W. Baumgartner*
                                        MARGARET W. BAUMGARTNER
27
                                        Attorneys for Defendants
28                                      CITY AND COUNTY OF SAN FRANCISCO, et al.

## PROOF OF SERVICE

I, SOPHIA GARCIA, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On February 12, 2016, I served the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT (FRCP 12(e)) AND FOR DISMISSAL OF CONTRACT CLAIM FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))**

on the following persons at the locations specified:

Daniel A. Bakondi, Esq.
Law Offices of Daniel A. Bakondi
870 Market Street, Suite 1157
San Francisco, CA  94102
Telephone:      (415) 450-0424
Facsimile:      (415) 399-9608; 795-3733
email:          danielbakondi@yahoo.com
*(Attorney for Plaintiffs)*

in the manner indicated below:

☒       **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed February 12, 2016, at San Francisco, California.

*/s/  Sophia Garcia*
SOPHIA GARCIA