UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BYARD, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 16-cv-00691-WHA   (DMR)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 58 |

       On February 24, 2017, the parties filed a joint discovery letter. [Docket No. 55]. The court reviewed it and determined that Plaintiffs' portion of the letter violated its Standing Order. As a result, the court issued a Clerk's Notice informing Plaintiffs that it would not consider their noncompliant portion of the joint letter, and instructing them to file a two-page response to Defendants' portion of the joint discovery letter by 12 p.m. on February 27, 2017. [Docket No. 56]. Plaintiffs did not file any response. On March 1, 2017, the court issued an order stating that due to Plaintiff's failure to file a timely and compliant response, it would not consider Plaintiffs' position in adjudicating the joint discovery letter. [Docket No. 58]. Plaintiffs now seek reconsideration of that order. [Docket No. 59].

       Pursuant to Civil Local Rule 7-9, a motion for reconsideration of an interlocutory order may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3).

Although Plaintiffs do not specify the grounds on which they seek reconsideration, it appears that they are relying on the second ground, i.e., the emergence of new material facts. Plaintiffs' counsel contends that he did not receive the court's February 24, 2017 Clerk's Notice, and was not aware that the court issued an order instructing Plaintiffs to file a two-page response to the joint discovery letter until he received notice of the March 1, 2017 order.

Plaintiffs' argument is unpersuasive. Plaintiff has had no problem receiving and acting in response to Clerks' Notices in this case. For example, the court has issued other Clerks' Notices that scheduled in-person and telephonic hearings on the parties' Joint Discover Letters. *See*, *e.g.*, Docket Nos. 45, 49, 53. Plaintiffs' counsel has attended all of those hearings. Moreover, the court's IT department investigated whether there was any issue with ECF that may have resulted in Plaintiff's counsel's failure to receive the February 24, 2017 Clerks' Notice through the normal e-mail notification system. The IT department has confirmed that the Clerk's Notice in question [Docket No. 56] was successfully delivered to the e-mail address on record for Plaintiffs' counsel.

Therefore, the court denies Plaintiffs' motion for reconsideration. [Docket No. 58].

**IT IS SO ORDERED.**

Dated: March 1, 2017



Donna M. Ryu
United States Magistrate Judge