1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  MARGARET W. BAUMGARTNER, State Bar #151762
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3859
6  Facsimile:     (415) 554-3837
   E-Mail:        margaret.baumgartner@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO, et al.

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11 | San Francisco Patrol Special Police Officers | Case No. 3:16-cv-00691 WHA
   | Alan Byard, an individual; Officer Robert L.
12 | Burns, an individual; Officer Calvin C. Wiley, | **DEFENDANTS' REQUEST FOR JUDICIAL**
   | an individual; Officer John J. Andrews, an | **NOTICE IN SUPPORT OF DEFENDANTS'**
13 | individual; Officer Scott Hart, an individual; | **MOTION FOR SUMMARY JUDGMENT**
   | Officer Todd Hart, an individual; Officer
14 | Samuel J. Reyes, Sr. an individual; Officer | Hearing Date:    April 27, 2017
   | Theodore Torres, an individual; Officer John | Time:            8:00 a.m.
15 | Barry, an individual; Officer Serge J. White, an | Place:           450 Golden Gate Avenue
   | individual; the San Francisco Patrol Special |                  Courtroom 8, 19th Floor
16 | Police Officers Alliance, a public benefit |                  San Francisco, CA 94102
   | corporation; the San Francisco Patrol Special
17 | Police Officers Association Inc., a public | Trial Date:      May 22, 2017
   | benefit corporation, and San Francisco Patrol
18 | Special Police, an unincorporated association;

19        Plaintiffs,

20        vs.

21 The City and County of San Francisco, A
   Public Incorporation; The San Francisco Police
22 Department, A Public Incorporation; Sergeant
   Gerald Darcy, an individual; Inspector Martin
23 Ohalloran, an individual; Sergeant Ueugen
   Geleano, an individual; Sergeant John
24 Bragagnolo, an individual; Sergeant Jesus
   Peña, an individual; Officer Michael Simmons,
25 an individual; Sergeant Peter Thoshinsky, an
   individual; Officer John Van Koll, an
26 individual; Officer Thomas Cunnane, an
   individual; Officer Randy Ly, an individual;
27 and DOES 1 through 10,000, inclusive;

28        Defendants.

Pursuant to Federal Rule of Evidence 201, Defendant City and County of San Francisco requests this Court take judicial notice of the following documents, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned":

1.     Attached as Exhibit A is a copy of the pertinent pages of the 1900 San Francisco Charter.

2.     Attached as Exhibit B is a copy of the pertinent pages of the 1932 San Francisco Charter.

3.     Attached as Exhibit C is a copy of the pertinent pages of the 1943 San Francisco Charter.

4.     Attached as Exhibit D is a copy of the pertinent pages of the 1971 San Francisco Charter.

5.     Attached as Exhibit E is a copy of the pertinent pages of the 1996 San Francisco Charter.

6.     Attached as Exhibit F is a copy of the 1970 Patrol Special Rules and Regulations adopted by the San Francisco Police Commission.

7.     Attached hereto as Exhibit G is a copy of the 1994 Patrol Specials Rules and Regulations adopted by the San Francisco Police Commission.

8.     Attached hereto as Exhibit H is a copy of the 2008 Interim Patrol Specials Rules and Regulations adopted by the San Francisco Police Commission.

9.     Defendants also request that the Court take judicial notice of the court filings in three cases in the San Francisco Superior Court.  These documents are part of the court file, and were included with defendants' notice of removal.  Rather than re-attach them to this motion, defendants have identified the documents by docket number and page number.  Defendants request that the Court take judicial notice of the following:

10.     Exhibit I, to the Motion for Judgment on the Pleadings in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on April 13, 1994.  Dkt. 006-3, pages 75-79.

11. Exhibit J, the Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on April 13, 1994.  Dkt. 006-3, pages 80-106.

12. Exhibit K, the Memorandum of Points and Authorities in opposition to Motion for Judgment on the Pleadings in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on May 2, 1994.  Dkt. 006-3, pages 107-128.

13. Exhibit L, Reply Memorandum of Points and Authorities in support of Motion for Judgment on the Pleadings filed in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco on May 10, 1994.  Dkt. 006-3, pages 129-141.

14. Exhibit M, Order re Respondents' Motion for Judgment on the Pleadings in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on June 2, 1994.  Dkt. 006-3, pages 142-145.

15. Exhibit N, the First Amended Petition in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on July 5, 1994.  Dkt. 006-3, pages146-182.

16. Exhibit O, the docket in Case No. 954102, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco.  Dkt. 006-3, pages 183-184.

17. Exhibit P, the Petition in Case No. 965-565, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on May 10, 1995.  Dkt. 006-3, pages 185-224.

18. Exhibit Q, the Points and Authorities in Support of Petition in Case No. 965-565, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on May 10, 1995.  Dkt. 006-3, pages 225-232.

19. Exhibit R, the Respondents' Memorandum of Points and Authorities in Return to Alternative Writ of Mandate in Case No. 965-565, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on December 15, 1994.  Dkt. 006-3, pages 233-264.

20.     Exhibit S, the Order Denying Petition for Issuance of Writ of Mandate Granting Temporary Stay in Case No. 965-565, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco filed on January 6, 1995.  Dkt. 006-3, pages 265-268.

21.     Exhibit T, the Appellate Decision in Case No. A068916, Robert Hart et al., v. City and County of San Francisco et al filed on December 8, 1995, which is an appeal from Case No. 965-565, San Francisco Patrol Specials Police Officer Association v. City and County of San Francisco.  Dkt. 006-3, pages 269-283.

22.     Exhibit U, the Complaint in Case No. 968357, Robert Hart et al., v. City and County of San Francisco et al. filed on March 29, 1995.  Dkt. 006-3, pages 284-314.

23.     Exhibit V, the Memorandum of Points and Authorities in Support of Demurrer to Complaint in Case No. 968357, Robert Hart et al., v. City and County of San Francisco et al. filed on May 10, 1995.  Dkt. 006-3, pages 329-351.

24.     Exhibit W, Plaintiffs' Points and Authorities in Opposition to Demurrer in Case No. 968357, Robert Hart et al., v. City and County of San Francisco et al. filed on May 25, 1995.  Dkt. 006-3, pages 352-361.

25.     Exhibit X, the Reply Memorandum in Support of Demurrer in Case No. 968357, Robert Hart et al., v. City and County of San Francisco et al. filed on May 31, 1995.  Dkt. 006-3, pages 362-363.

26.     Exhibit Y, the Ruling in Case No. 968357, Robert Hart et al. v. City and County of San Francisco et al. issued on June 2, 1995.  Dkt. 006-3, pages

1   27.   Exhibit Z, the court docket in Case No. 968357, Robert Hart et al., v. City and County

2   of San Francisco et al.  Dkt. 006-3, pages 364-365.

3

4   Dated:  March 7, 2017

5                                   DENNIS J. HERRERA
                                    City Attorney
6                                   CHERYL ADAMS
                                    Chief Trial Deputy
7                                   MARGARET W. BAUMGARTNER
                                    Deputy City Attorney
8

9                              By: */s/  Margaret W. Baumgartner*
10                                  MARGARET W. BAUMGARTNER

11                                  Attorneys for Defendants
                                    CITY AND COUNTY OF SAN FRANCISCO, et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# CHARTER

OF THE

# City and County of San Francisco

PREPARED AND PROPOSED
BY THE

## BOARD OF FREEHOLDERS

Elected December 27, 1897, in pursuance of the provisions
of Section 8, Article XI, of the Constitution
of the State of California.

———

Ratified by Vote of the People, May 26, 1898.

Approved by the Legislature of the State, January 26, 1899.

In full Force and Effect, January 8, 1900.

———

Compiled at the Request of the Board of Supervisors

BY

J. RICHARD FREUD.

———

THE STAR PRESS,   JAMES H BARRY

SAN FRANCISCO, CALIFORNIA

1900

# ARTICLE VIII.

## POLICE DEPARTMENT.

### CHAPTER I.

#### ORGANIZATION.

Consists of.

SECTION 1. The Police Department shall consist of a Board of Police Commissioners, a Chief of Police, a Police Force, and of such clerks and employees as shall be necessary to carry into effect the provisions of this Article.

Term of members.

SEC. 2. All members of the Police Department shall hold office during good behavior, subject to the provisions hereinafter set forth relating to promotions, suspensions, dismissals and disratements.

Qualifications of members.

SEC. 3. No person shall become a member of the Department unless he shall be a citizen of the United States, of good character for honesty and sobriety, able to read and write the English language, and a resident of the City and County for at least five years next preceding his appointment. Every appointee to the Department shall not be less than twenty-one nor more than thirty-five years of age, must possess the physical qualifications required for recruits of the United States Army, and before his appointment must pass a satisfactory medical examination under such rules and regulations as may be prescribed by the Board of Police Commissioners. In making appointments of members of the Department, the Board shall never regard the political or religious preferences or affiliations of any candidate.

### CHAPTER II.

#### POLICE COMMISSIONERS.

Board of 4 Police Commissioners.

Appointed by Mayor.

Salary.

SECTION 1. The Police Department shall be under the management of a Board of Police Commissioners consisting of four members who shall be appointed by the Mayor, and each of whom shall receive an annual salary of twelve hundred dollars. No person shall be appointed such Commissioner who shall not have been an elector of the City and County for at least five years next preceding his appointment.

Political affiliations.

Term.

SEC. 2. The Board shall never be so constituted as to consist of more than two members of the same political party. The term of office of the Commissioners shall be four years. Those first appointed shall so classify themselves by lot that they shall respectively go out of office

POLICE
DEPART-
MENT:

102

Permits
for sale of
liquor.

not be granted for more than three months at one time,
and they shall distinctly state the name of the person
to whom the same is given, and the description of the
premises where such business is to be carried on. Such
permits shall at all times be subject to inspection by

Revocation
of same.

any member of the Department. Complaints to revoke
permits granted by the Board must be in writing, signed
by the person making the same and filed with the Secretary
of the Board; and a copy thereof certified by the Secretary
must be served upon the party complained against at least
five days before the time set for the hearing of the complaint.

Special po-
lice officers.

4.   At its discretion, upon the petition of any person,
firm or corporation, to appoint, and at pleasure to remove,
special police officers. Such officers shall be subject to all
the rules and regulations of the Board.

Sale and
disposition
of unclaim-
ed property

5.   To provide for the care, restitution or sale at annual
public auction of all unclaimed property that may come
into the possession of the Property Clerk, and to direct the
destruction of such property as shall consist of implements,
weapons, property or any other article, matter or thing
used in the commission of crime.

Police
matrons.

6.   To appoint Police Matrons for the care of female
prisoners and to provide rules and regulations for the gov-
ernment of the same.

Police
Surgeon.

7.   To appoint a Police Surgeon who shall receive an
annual salary of fifteen hundred dollars.

Special
meetings.

Sec. 2.   The President may convene the Board for special
meetings. The Secretary of the Board shall be the official
custodian of all records and official documents of the Board.

## CHAPTER  IV.

### THE CHIEF OF POLICE.

Chief of
police.

Section 1.   The Chief of Police shall be appointed by
the Board of Police Commissioners and hold office for the

Term.

term of four years. He shall receive an annual salary of
four thousand dollars. He shall have control, manage-

Salary.

ment and direction of all members of the Department

Powers and
duties.

in the lawful exercise of his functions, with full power
to detail any of them to such public service as he may direct,
and with like power to suspend temporarily any member
of the Department. In all cases of such suspension, he
shall immediately report the same to the Board with the
reasons therefor in writing. He shall maintain and enforce
law and rigid discipline so as to secure complete efficiency
of the Department. He shall, subject to the directions and
orders of the Commissioners, have control of such of the
prisons of the City and County as are not by the general
law under the control of the Sheriff.

# EXHIBIT B

REFERENCE DEPARTMENT

# CHARTER

## OF THE

# CITY AND COUNTY
# OF SAN FRANCISCO

∽

Ratified by vote of the People, March 26, 1931
Approved by the Legislature of the State,
April 13, 1931-In full force and effect,
January 8, 1932

———

*Published by*
*Authority of the* BOARD OF SUPERVISORS

JOHN S. DUNNIGAN, Clerk

1932

the same, subject to the civil service provisions of this charter except as otherwise specifically exempted by the provisions of this charter. Each assistant attorney in the offices of the city attorney, the district attorney and the public defender must, at the time of his appointment, be qualified to practice in all courts of the state and must have been so qualified for at least two years next preceding his appointment. The salaries, wages and compensations of every kind and nature, except pensions and retirement allowances, for assistants and employees in such elective offices, shall be fixed as provided by the salary standardization provisions of this charter.

## DEPARTMENTS UNDER MAYOR

### Police Department

SECTION 35. The police department shall be under the management of a police commission consisting of three members, who shall be appointed by the mayor, and each of whom shall receive an annual compensation of twelve hundred dollars ($1200.00). The term of each commissioner shall be four years, commencing at twelve o'clock noon on the 15th day of January in the years 1932, 1933 and 1934 respectively, and the mayor, after the 8th day of January, 1932, shall reorganize the commission to provide for the four-year terms of three commissioners, as specified in this section.

The chief of police in office at the time this charter shall take effect shall continue until the expiration of the term of his appointment, subject to removal for cause by the commission, and thereafter the commission shall appoint a chief of police who shall hold office at its pleasure. The commission may also appoint, and at its pleasure remove, one secretary and one police surgeon.

The police commissioners shall be the successors in office of the police commissioners holding office in the city and county at the time this charter shall go into effect, and shall have all the powers and duties thereof except as in this charter otherwise provided. They shall have power to regulate traffic, including the location and use of traffic control devices for that purpose.

All positions in the police department legally authorized shall be continued, and incumbents therein legally appointed thereto shall be continued as officers and employees of the department under the conditions governing their respective appointments and except as otherwise provided in this charter. The police force of the city and county shall not exceed one police officer for each five hundred inhabitants thereof. The annual compensations for the several ranks in the department shall be as follows: Chief of police, $7,200; captain of inspectors, formerly captain of detectives, $5,000; captain of police for traffic, $4,000; property clerk, chief clerk and captains, $3,600; lieutenants, $3,000; inspectors, formerly detective sergeants, $2,760; photographer, $2,700; sergeants, $2,640; corporals, $2,580; and police surgeon, police officers, police patrol drivers and women protective officers, $2,400.

The chief of police may refuse to issue any permit that is subject to police department investigation and issuance, if it shall appear that

the character of the business or the applicant requesting such permit does not warrant the issuance thereof, or he may revoke any such permit as soon as it shall appear that the business or calling of the person to whom it was granted is conducted in a disorderly or improper manner, or that the place in which the business is conducted or maintained is not a proper or suitable place in which to conduct or maintain such business or calling.

In the suppression of any riot, public tumult, disturbance of the public peace or organized resistance against the laws or public authority, the chief of police, in the lawful exercise of his functions, shall have all the powers that are now or that may be conferred on the sheriff by the laws of this state.

The supervisors shall provide in the annual budget an amount not to exceed in any one fiscal year the sum of ten thousand dollars ($10,-000), to be known as the contingent fund of the chief of police. The chief of police may from time to time disburse such sums for contingent expenses of the department as in his judgment shall be for the best interests of the city and county, and the police commission shall allow and order paid out of such contingent fund, upon orders signed by the chief of police, such amounts as may be required.

At its discretion or upon the petition of any person, firm or corporation, the police commission may appoint, and at its pleasure remove, special police officers. Such officers shall be subject to all the rules and regulations of the commission.

The police commission may appoint, and, for cause, remove patrol special police officers. Each patrol special police officer shall be at the time of appointment, not less than twenty-one years of age nor more than forty-five years of age, and must possess such physical qualifications as may be required by the commission. Age qualifications shall not apply to patrol special police officers appointed and acting at the time this charter shall go into effect nor to their re-appointment.

On the recommendation of the chief of police, the commission may reward any member of the department for heroic or meritorious conduct. The form or amount of said reward to be discretionary with the commission, but not to exceed one month's salary in any one instance.

The police commission shall have power, by regulation, to provide for the care and restitution of property that may come into possession of the department or any officer or employee thereof, or the sale, at annual public auction, of all such unclaimed property and the disposition of such property as shall consist of weapons or articles used or that may be used in the commission of crime.

### Fire Department

SECTION 36. The fire department shall be under the management of a fire commission, consisting of three members, who shall be appointed by the mayor and each of whom shall receive an annual compensation of twelve hundred dollars ($1200). The term of each commissioner shall be four years, commencing at twelve o'clock noon on the 15th day of January in the years 1932, 1933, and 1934, respectively, and the mayor, after the 8th day of January, 1932, shall reorganize the commission to

# EXHIBIT C

# CHARTER

## OF THE

## City and County of

## San Francisco

As Adopted March 26, 1931, (in effect, January 8, 1932,)
with Amendments to and including January 11, 1943

DOCUMENTS DEPT.

MAY 11 1954

SAN FRANCISCO
PUBLIC LIBRARY

*Re-Published by*
*Authority of the* BOARD OF SUPERVISORS

## DAVID A. BARRY, Clerk of the Board

1943

salaries, wages and compensations of every kind and nature, except pensions and retirement allowances, for assistants and employees in such elective offices, shall be fixed as provided by the salary standardization provisions of this charter.

## DEPARTMENTS UNDER MAYOR

### Police Department

SECTION 35. The police department shall consist of a police commission, a chief of police, a police force and such clerks and employees as shall be necessary and appointed pursuant to the provisions of this charter, and shall be under the management of a police commission consisting of three members, who shall be appointed by the mayor, and each of whom shall receive an annual compensation of twelve hundred dollars ($1,200). The term of each commissioner shall be four years, commencing at twelve o'clock, noon, on the 15th day of January in the years 1942, 1944 and 1945, respectively. The incumbents serving as members of the commission on the effective date of this amendment shall continue to hold their respective positions, subject to the provisions of the charter, for the remainder of the terms for which they have been respectively appointed.

The police commissioners shall be the successors in office of the police commissioners holding office in the city and county at the time this amendment shall become effective, and shall have all the powers and duties thereof, except as in this charter otherwise provided. They shall have power to regulate traffic, including the lo———        ise of traffic control devices for that purpose.

SECTION 35.1. The poli                       t a chief of police who shall hold office at its p

SECTION 35.2. All positi                      t legally authorized shall be continued, and i   $1943$   appointed thereto shall be continued as officers                     tment under the conditions governing their re                     except as otherwise provided in this charter.

SECTION 35.3. Each membe. of the department holding the position of inspector on the effective date of this amendment, and who has held such position for one year continuously prior thereto, is hereby declared permanently appointed thereto. The chief of police may detail from time to time other members of the department for performance of duty in the bureau of inspectors who shall be known as assistant inspectors, and who may be removed from such detail by order of the chief of police. An appointment as an inspector shall not be subject to competitive examination, but in case of vacancy in said rank of inspector, the appointment shall be made by the chief of police from among those assistant inspectors who have been detailed to, and who have actually served with the bureau of inspectors for at least five years prior to such appointment. Inspectors and assistant inspectors shall have the same rights as other members of the department to take competitive examinations from their respective civil service ranks. An inspector guilty of any offense or violation of the rules and regulations of the police department shall be subject to punishment as provided in section 155 of this charter. The chief of police in addition

to the inspectors above provided for shall detail any member of the department to serve as inspector of school traffic patrols who shall have the rank and pay of inspector, subject to the provisions of this section.

SECTION 35.4. Subject to the provisions of section 20 of this charter governing the appointment and removal of non-civil service appointees, and without competitive examination, the chief of police shall have power to appoint a police surgeon; to designate a deputy chief of police, a department secretary, and a director, bureau of special services, from any rank in the department; to designate a director, bureau of criminal information, from among the members of the department having the rank of sergeant or higher; to designate a captain of inspectors, a captain of traffic, and a director, bureau of personnel, from among the members of the department holding rank of lieutenant or higher, and to designate a supervising captain of districts from among the members of the department holding the rank of captain. Provided, that the captain of inspectors, who held said position on the 14th day of April, 1937, and for one year continuously prior thereto, is hereby continued in the said position as if he had been appointed thereto after civil service examination and certification. The department secretary or other suitable member of the department shall be assigned by the chief of police to serve also as secretary to the police commission without extra compensation. The chief of police shall assign a property clerk from among the members of the department, such assignment shall be made at the rank and pay of the member so assigned.

When any member of the department, detailed to any of the positions above mentioned, shall be removed from said detail or position, he shall be returned to his civil service rank and position, unless removed from the department pursuant to the provisions of section 155 of the charter.

SECTION 35.5. The police force of the city and county shall not exceed one police officer for each five hundred inhabitants thereof. The annual compensations for the several ranks in the department shall be as follows: Chief of police, $7,500; deputy chief of police, $5,700; captain of inspectors, $5,300; department secretary, $5,100; captain of traffic, director, bureau of criminal information; director, bureau of personnel and supervising captain of districts, each, $4,300; captains and criminologist, $3,900; lieutenants and director, bureau of special services, each, $3,300; inspectors, $3,060; sergeants, $2,940; police surgeon, $2,700; photographer, $3,000; police officers, police patrol drivers, and women protective officers, for first year of service, $2,400; for second year of service, $2,400; for third year of service, $2,400; for fourth year of service, $2,520; for fifth year of service, $2,580; for sixth year of service, $2,640; for seventh year of service and thereafter, $2,700.

The minimum annual compensation for police officers, women protective officers, and police patrol drivers, now members of the department or who shall be appointed from eligible lists established prior to the effective date of this amendment, shall be $2,520, and further adjustments shall be in accordance with the preceding paragraph.

In determining years of service necessary for a police officer, women protective officer and police patrol driver to receive the annual compensation sum of $2,580, $2,640, and $2,700, respectively, as provided for herein, service rendered prior to the effective date of this amendment shall

be given full credit and allowed. All service under this section shall be computed on the calendar year basis.

The absence of any police officer, woman protective officer, or police patrol driver on military leave of absence, as defined by section 153 of this charter, shall be reckoned a part of his service under the city and county, for the purpose of computing years of service in gaining added compensation as provided for herein.

Any member assigned to two-wheel motorcycle traffic duty shall receive $15 per month in addition to the compensation to which he would otherwise be entitled. *see page 22A at back of book*

SECTION 35.6.   The chief of police may refuse to issue any permit that is subject to police department investigation and issuance, if it shall appear that the character of the business or the applicant requesting such permit does not warrant the issuance thereof, or he may revoke any such permit as soon as it shall appear that the business or calling of the person to whom it was granted is conducted in a disorderly or improper manner, or that the place in which the business is conducted or maintained is not a proper or suitable place in which to conduct or maintain such business or calling.

SECTION 35.7.   In the suppression of any riot, public tumult, disturbance of the public peace or organized resistance against the laws or public authority, the chief of police, in the lawful exercise of his functions, shall have all the powers that are now or that may be conferred on the sheriff by the laws of this state.

SECTION 35.8.   The supervisors shall provide in the annual budget, an amount not to exceed in any one fiscal year the sum of $10,000 to be known as the contingent fund of the chief of police. The chief of police may from time to time, disburse such sums for contingent expenses of the department as in his judgment shall be for the best interests of the city and county, and the police commission shall allow and order paid out of such contingent fund, upon orders signed by the chief of police, such amounts as may be required.

SECTION 35.9.   At his discretion or upon the petition of any person, firm or corporation, the chief of police may appoint, and at his pleasure remove special police officers. Such officers shall be subject to all the rules and regulations of the department.

SECTION 35.10.   The police commission may appoint patrol special officers and for cause may suspend or dismiss said patrol special police officers after a hearing on charges duly filed with the commission and after a fair and impartial trial. Each patrol special police officer shall be at the time of his appointment not less than twenty-one years of age nor more than forty years of age and must possess such physical qualifications as may be required by the commission. Age qualifications shall not apply to present patrol special police officers acting as such at the time of the effective date of this amendment nor to their reappointment. Patrol special police officers who are designated by the police commission as the owners of certain beat or territory as may be fixed from time to time by said commission or the legal heirs or representatives of said owners, may dispose of their interest in said beat or territory to a person of good moral character, approved by the police commission and eligible for appointment as a patrol special police officer.

Section 35.11.   On the recommendation of the chief of police, the commission may reward any member of the department for heroic or meritorious conduct.  The form or amount of said reward to be discretionary with the commission, but not to exceed one month's salary in any one instance.

Section 35.12.   The chief of police shall have power, by regulation, to provide for the care and restitution of property that may come into possession of any officer or employee thereof, and the sale at public auction of all such unclaimed property, as well as the disposition of such property as shall consist of weapons or articles used or that may be used in the commission of crime, or the sale or disposition of which is prohibited by law.

Section 35.13.   This amendment shall become effective when the joint legislative resolution approving such amendment is filed with the secretary of state, and the board of supervisors has appropriated the funds necessary in connection therewith, but not later than July 1, 1943.  *Ratified by the Legislature,* January 11, 1943.

### Fire Department

Section 36.   The fire department shall be under the management of a fire commission, consisting of three members, who shall be appointed by the mayor and each of whom shall receive an annual compensation of twelve hundred dollars ($1,200).  The term of each commissioner shall be four years, commencing at twelve o'clock noon on the 15th day of January in the years 1940, 1941 and 1942, respectively.

The fire commission shall appoint a chief engineer, a secretary and a department physician who shall hold office at its pleasure.

The fire commissioners shall be successors in office of the fire commissioners holding office in the city and county at the time this charter shall go into effect, and shall have all the powers and duties thereof, except as in this charter otherwise provided.  The commissioners shall have power, upon recommendation of the chief engineer, to send fire boats, apparatus and men outside the City and County of San Francisco for fire-fighting purposes.

Positions of officers and employees of the fire department legally authorized shall continue, and incumbents therein legally appointed thereto shall continue as the officers and employees of the department under the conditions governing their respective appointments, and except as in this charter otherwise provided.  The annual compensation for the several ranks in the department shall be as follows: Chief engineer, $7,500; first assistant and second assistant chief engineers, $5,100; battalion chiefs, $4,500; captains, $3,300; lieutenants, $3,120; engineers, $2,940; chief's operators, $2,820; drivers, stokers, tillermen, truckmen and hosemen, for first year of service, $2,400; for second year of service, $2,400; for third year of service, $2,400; for fourth year of service, $2,520; for fifth year of service, $2,580; for sixth year of service, $2,640; and for the seventh year of service and thereafter, $2,700. Pilots of fire boats and marine engineers of fire boats, $3,360; firemen of fire boats, $2,760.

Each period of twenty-four hours shall be divided into two tours of duty, to-wit: from eight o'clock A. M. to six o'clock P. M., and from six

# EXHIBIT D

# CHARTER

## OF THE

# City and County of

# San Francisco

Recodified in accord with
Board of Supervisors Resolution 165-70
and Section 34461.5 of the Government Code
State of California

## Pamphlet No. 1
## of Two Pamphlets



Prepared by

San Francisco Citizens Charter Revision Committee
Submitted to the Board of Supervisors
to be proposed to the electorate for approval
in the November election, 1971

city and county such information as said departments and officials may require concerning the master plan. In general, the department shall have such powers as may be necessary to enable it to fulfill its functions.

## Part Four:   Police Department

### 3.530   Composition of Department; Commission

The police department shall consist of a police commission, a chief of police, a police force and such clerks and employees as shall be necessary and appointed pursuant to the provisions of this charter, and shall be under the management of a police commission consisting of three members, who shall be appointed by the mayor, and each of whom shall receive an annual compensation of twelve hundred dollars ($1,200). The term of each commissioner shall be four years, commencing at twelve o'clock, noon, on the 15th day of January in the years 1945, 1946 and 1948, respectively. The police commissioners shall be the successors in office of the police commissioners holding office in the City and County on January 8, 1972, and shall have all the powers and duties thereof, except as otherwise in this charter provided. All positions in the police department legally authorized shall be continued, and incumbents therein legally appointed thereto shall be continued as officers and employees of the department under the conditions governing their respective appointments and except as otherwise provided in this charter.

### 3.531   Ranks in the Department

The several ranks in the police department shall be as follows: chief of police, deputy chief of police, director of traffic, chief of inspectors, supervising captain of districts, department secretary, captain of inspectors, captain of traffic, director of bureau of personnel, director of bureau of criminal information, captains, criminologist, lieutenants, director of bureau of special services, inspectors, sergeants, assistant inspectors, photographer, police surgeon, police officers, police patrol drivers and women protective officers. The compensation for these ranks shall be determined as provided in section 8.405 of this charter.

### 3.532   Chief of Police

The police commission shall appoint a chief of police who shall hold office at its pleasure.

### 3.533   Deputy Chief and Other Executives

Subject to the provisions of section 3.501 of this charter governing the appointment and removal of non-civil service appointees, and without competitive examination, the chief of police shall have power to appoint a police surgeon; to designate a deputy chief of police, a department secretary, and a director, bureau of special services, from any rank in the department; to designate a director of traffic from among the members of the police department holding rank of lieutenant or higher; to designate a chief of inspectors from among the members of the department holding the rank of captain; to designate a director, bureau of criminal information, from among the members of the department having the rank of

24

department holding rank of lieutenant or higher, a captain of inspectors, who shall be administrative assistant to the chief of inspectors, a captain of traffic, and a director, bureau of personnel; and to designate a supervising captain of districts from among the members of the department holding the rank of captain. The department secretary or other suitable member of the department shall be assigned by the chief of police to serve also as secretary to the police commission without extra compensation. The chief of police shall assign a property clerk from among the members of the department, such assignment shall be made at the rank and pay of the member so assigned.

When any member of the department, detailed to any of the positions above mentioned, shall be removed from said detail or position, he shall be returned to his civil service rank and position, unless removed from the department pursuant to the provisions of section 8.343 of this charter.

### 8.534  Inspectors

The chief of police may appoint members of the department holding ranks of police officer and sergeant to the rank of assistant inspector for performance of duty in the bureau of inspectors, the juvenile bureau, the accident investigation bureau, the bureau of special services, and the intelligence unit. Assistant inspectors shall serve at the pleasure of the chief of police during their first year of service as assistant inspectors, and thereafter may only be removed and returned to their civil service rank in the manner provided herein for inspectors. An appointment as inspector or as assistant inspector shall not be subject to competitive examination. In case of vacancy in said rank of inspector in the bureau of inspectors, the appointment shall be made by the chief of police from among those holding the rank of assistant inspector who have actually served with the bureau of inspectors for at least two years prior to such appointment. The chief of police may appoint inspectors in the juvenile bureau, the accident investigation bureau, the bureau of special services, and the intelligence unit; such appointments shall be made from among those holding the rank of assistant inspector who have actually served in the bureau or unit in which the appointment is made for at least two (2) years prior to such appointment. The number of inspectors at any one time in the juvenile bureau, the accident investigation bureau, the bureau of special services, and the intelligence unit shall not be greater than a total of twenty-five (25) inspectors.

The chief of police may detail from time to time members of the department for performance of duty, without change in rank in the bureau of inspectors, the juvenile bureau, the accident investigation bureau, the bureau of special services and the intelligence unit.

Inspectors and assistant inspectors shall have the same rights as other members of the department to take competitive examinations from their respective civil service ranks. An inspector or assistant inspector guilty of any offense or violation of the rules and regulations of the police department shall be subject to punishment as provided in section 8.343 of this charter; provided, however, that

25

In addition to the punishments set for in section 3.19 an inspector may be demoted to his civil service rank for any offense or violation set forth in said section and after trial and hearing before the police commission as set forth therein. The chief of police, in addition to the inspectors above provided for, shall detail any member of the department to serve as inspector of school traffic patrols who shall have rank and pay of inspector, subject to the provisions of this section.

### 3.535   Special Police Officers

At his discretion or upon the petition of any person, firm or corporation, the chief of police may appoint, and at his pleasure remove special police officers. Such officers shall be subject to all the rules and regulations of the department.

### 3.536   Patrol Special Officers

The police commission may appoint patrol special officers and for cause may suspend or dismiss said patrol special police officers after a hearing on charges duly filed with the commission and after a fair and impartial trial. Each patrol special police officer shall be at the time of his appointment not less than twenty-one years of age nor more than forty years of age and must possess such physical qualifications as may be required by the commission. Age qualifications shall not apply to present patrol special police officers acting as such on January 11, 1943, nor to their reappointment. Patrol special police officers who are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by said commission or the legal heirs or representatives of said owners, may dispose of their interest in said beat or territory to a person of good moral character, approved by the police commission and eligible for appointment as a patrol special police officer.

### 3.537   Special Powers of the Chief of Police

In the suppression of any riot, public tumult, disturbance of the public peace or organized resistance against the laws or public authority, the chief of police, in the lawful exercise of his functions, shall have all the powers that are now or that may be conferred on the sheriff by the laws of this state.

The chief of police shall have the power, by regulation, to provide for the care and restitution of property that may come into possession of any officer or employee thereof, and the sale at public auction of all such unclaimed property, as well as the disposition of such property as shall consist of weapons or articles used or that may be used in the commission of crime, or the sale or disposition of which is prohibited by law.

The chief of police may refuse to issue any permit that is subject to police department investigation and issuance, if it shall appear that the character of the business or the applicant requesting such permit does not warrant the issuance thereof, or he may revoke any such permit as soon as it shall appear that the business or calling of the person to whom it was granted is conducted in a disorderly or improper manner, or that the place in which the business is conducted or maintained is not a proper or suitable place in which to conduct or maintain such business or calling.

# EXHIBIT E

# CITY AND COUNTY OF SAN FRANCISCO

## 1996 CHARTER

**Adopted November 7, 1995**
**Effective July 1, 1996**



## BOOK PUBLISHING COMPANY

**(This volume includes Charter changes adopted
through the Election of November 3, 1998.)**

2    50351    SFPL: ECONO JRS
45 SFPL    04/09/04    122

(e)   Submit recommendations to the Mayor and Board of Supervisors about juvenile crime prevention, job opportunities for youth, recreational activities for teenagers, opportunities for effective participation by youth in the governmental process, and changes in city and county regulations that are necessary to improve the social, economic, educational, and recreational advantages of children and youth.

(f)   Respond to requests for comment and recommendation on matters referred to the Commission by officers, departments, agencies, boards, commissions and advisory committees of the City and County.

(g)   Report to the Board of Supervisors the activities, goals, and accomplishments of the Commission by July 1 of each calendar year, effective July 1, 1997.

## SEC. 4.125.   JURISDICTION.

The Commission shall be under the jurisdiction of the Board of Supervisors; the Commission shall have only those powers created by Sections 4.122 through 4.125 or by ordinance of the Board of Supervisors.

## SEC. 4.126.   DEPARTMENTS—GENERAL PROVISIONS.

Except as otherwise provided by this Charter, the responsibilities of each department within the executive branch shall be prescribed by ordinance.

The administration and management of each department within the executive branch shall be the responsibility of the department head. Such officials may:

1.   Appoint qualified individuals to fill all positions within their departments which are exempt from the Civil Service provisions of this Charter;

2.   Adopt rules and regulations governing matters within the jurisdiction of their respective departments, subject, if applicable, to Section 4.102; and

3.   With the approval of the City Administrator, reorganize their respective departments.

No person serving on a board or commission created by state law to discharge a state function specifically within the City and County may be employed as a paid staff member to a board or commission created by this Charter.

## SEC. 4.127.   POLICE DEPARTMENT.

The Police Department shall preserve the public peace, prevent and detect crime, and protect the rights of persons and property by enforcing the laws of the United States, the State of California and the City and County.

The Chief of Police may appoint and remove at pleasure special police officers.

The Chief of Police shall have all powers which are now or that may be conferred upon a sheriff by state law with respect to the suppression of any riot, public tumult, disturbance of the public peace or organized resistance against the laws or public authority.

DISTRICT POLICE STATIONS. The Police Department shall maintain and operate district police stations. The Police Commission, subject to the approval by the Board of Supervisors, may establish additional district stations, abandon or relocate any district station, or consolidate any two or more district stations.

OFFICE OF CITIZEN COMPLAINTS. The Mayor shall appoint a nominee of the Police Commission as the director of the Office of Citizen Complaints, subject to confirmation by the Board of Supervisors. The director shall serve at the pleasure of the Police Commission. If the Board fails to act on the appointment within 30 days,

the appointment shall be deemed approved. In the event the office is vacant, until the mayor makes an appointment and that appointment is confirmed by the Board, the Police Commission shall appoint an interim director who shall serve at the pleasure of the Police Commission. The appointment shall be exempt from the civil service requirements of this Charter. The director shall never have been a uniformed member or employee of the department. The director of the Office of Citizen Complaints shall be the appointing officer under the civil service provisions of this Charter for the appointment, removal or discipline of employees of the Office of Citizen Complaints.

The Police Commission shall have the power and duty to organize, reorganize and manage the Office of Citizen Complaints. Subject to the civil service provisions of this Charter, the Office of Citizen Complaints shall include investigators and hearing officers. As of July 1, 1996, the staff of the Office of Citizen Complaints shall consist of no fewer than one line investigator for every 150 sworn members. Whenever the ratio of investigators to police officers specified by this section is not met for more than 30 consecutive days, the director shall have the power to hire, and the city Controller must pay, temporary investigators to meet such staffing requirements. No full-time or part-time employee of the Office of Citizen Complaints shall have previously served as a uniformed member of the department. Subject to rule of the Police Commission, the director of the Office of Citizen Complaints may appoint part-time hearing officers who shall be exempt from the civil service requirements of this Charter. Compensation of the hearing officers shall be at rates recommended by the Commission and established by the Board of Supervisors or by contract approved by the Board of Supervisors.

Complaints of police misconduct or allegations that a member of the Police Department has not properly performed a duty shall be promptly, fairly and impartially investigated by staff of the Office of Citizen Complaints. The Office of Citizen Complaints shall investigate all complaints of police misconduct, or that a member of the Police Department has not properly performed a duty, except those complaints which on their face clearly indicate that the acts complained of were proper and those complaints lodged by other members of the Police Department. The Office of Citizen Complaints shall recommend disciplinary action to the Chief of Police on those complaints that are sustained. The director of the Office of Citizen Complaints shall schedule hearings before hearing officers when such is requested by the complainant or a member of the department and, in accordance with rules of the Commission, such a hearing will facilitate the fact-finding process. The Board of Supervisors may provide by ordinance that the Office of Citizen Complaints shall in the same manner investigate and make recommendations to the Chief of Police regarding complaints of misconduct by patrol special police officers and their uniformed employees.

Nothing herein shall prohibit the Chief of Police or a commanding officer from investigating the conduct of a member of the department under his or her command, or taking disciplinary or corrective action, otherwise permitted by this Charter, when such is warranted; and nothing herein shall limit or otherwise restrict the disciplinary powers vested in the Chief of Police and the Police Commission by other provisions of this Charter.

The Office of Citizen Complaints shall prepare in accordance with rules of the Commission monthly summaries of the complaints received and shall prepare recommendations quarterly concerning policies or practices of the department which

action taken. The President of the Board of Supervisors shall refer this report to the appropriate committee of the Board of Supervisors charged with public safety responsibilities. Said committee may issue recommendations as needed.

In carrying out its objectives the Office of Citizen Complaints shall receive prompt and full cooperation and assistance from all departments, officers and employees of the City and County. The director may also request and the Chief of Police shall require the testimony or attendance of any member of the Police Department to carry out the responsibilities of the Office of Citizen Complaints.

BUDGET. Monetary awards and settlements disbursed by the City and County as a result of police action or inaction shall be taken exclusively from a specific appropriation listed as a separate line item in the Police Department budget for that purpose.

POLICE STAFFING. The police force of the City and County shall at all times consist of not fewer than 1,971 full duty sworn officers. The staffing level of the Police Department shall be maintained with a minimum of 1,971 full duty sworn officers thereafter.

All officers and employees of the City and County are directed to take all acts necessary to implement the provisions of this section. The Board of Supervisors is empowered to adopt ordinances necessary to effectuate the purpose of this section including but not limited to ordinances regulating the scheduling of police training cases.

Further, the Commission shall initiate an annual review to civilianize as many positions as possible to maximize police presence in the communities and submit that report to the Board of Supervisors annually for review and approval.

The number of full duty sworn officers in the Police Department dedicated to neighborhood policing and patrol for fiscal year 1993-1994 shall not be reduced in future years, and all new full duty sworn officers authorized for the Police Department shall also be dedicated to neighborhood community policing, patrol and investigations.

PATROL SPECIAL POLICE OFFICERS. The Commission may appoint patrol special police officers and for cause may suspend or dismiss patrol special police officers after a hearing on charges duly filed with the Commission and after a fair and impartial trial. Patrol special police officers shall be regulated by the Police Commission, which may establish requirements for and procedures to govern the position, including the power of the Chief of Police to suspend a patrol special police officer pending a hearing on charges. Each patrol special police officer shall be at the time of appointment not less than 21 years of age and must possess such physical qualifications as may be required by the Commission.

Patrol special police officers may be designated by the Commission as the owners of a certain beat or territory which may be established or rescinded by the Commission. Patrol special police officers designated as the owners of a certain beat or territory or the legal heirs or representatives of the owners may dispose of their interest in the beat or territory to a person of good moral character, approved by the Police Commission and eligible for appointment as a patrol special police officer.

Commission designation of beats or territories shall not affect the ability of private security companies to provide on-site security services on the inside or at the entrance of any property located in the City and County.

# EXHIBIT F

# RULES AND PROCEDURES

# PATROL SPECIAL OFFICERS
## and
# ASSISTANT PATROL SPECIAL OFFICERS

ADOPTED

AT THE

POLICE COMMISSION MEETING

SEPTEMBER 28, 1970

EFFECTIVE OCTOBER 1, 1970

OFFICE OF
THE POLICE COMMISSION
CITY AND COUNTY OF SAN FRANCISCO
HALL OF JUSTICE
850 BRYANT STREET
SAN FRANCISCO, CALIFORNIA 94103

000056

EXHIBIT A i of 27



A  COPY OF THIS SHOULDER PATCH (IN COLOR)
IS ON FILE AT THE POLICE COMMISSION OFFICE.

000057

EXHIBIT Aiid 27

# POLICE DEPARTMENT

City and County of San Francisco
State of California
THIS IS TO CERTIFY THAT

_____

HAS BEEN APPOINTED A

## PATROL SPECIAL OFFICER

For Beat No._____

Assigned Star No._____

Signature                                          Chief of Police

000058

EXHIBIT A

Pursuant to Permanent Order #21 of 1 OCTOBER 70    , the following Rules and Procedures have been adopted pertaining to Patrol Special Police Officers and Assistants to Patrol Special Police Officers (included herein are applicable Rules and Procedures extracted from, added and revised from the San Francisco Police Department Rules and Procedures Manual).

Approved By:      ALFRED J. NELDER

                       Chief of Police


Adopted By:      THE POLICE COMMISSION

                       Elmo E. Ferrari, President

                       Richard K. Miller

                       Washington E. Garner, M.D.


Attest:      Sergeant Willie E. Frazier

                       Secretary, The Police Commission


                       NO.


This book is the property of the San Francisco Police Department, and must be returned, should the holder sever his connection with the Department.

000059

EXHIBIT A 1 of 25

## SIGNIFICATION OF WORDS

Words used in this Manual in the present tense include the future as well as the present, the singular includes the plural and the plural the singular.

The following words have in this Manual the signification attached to them in this section unless otherwise apparent from the context.

1. CITY AND COUNTY
   City and County of San Francisco.

2. CHARTER
   Charter of the City and County of San Francisco.

3. DEPARTMENT
   San Francisco Police Department.

4. BOARD
   The Police Commission.

5. CHIEF
   The Chief of Police.

6. MEMBERS
   The members and employees of the Police Department.

7. DISTRICT
   An administrative area composed of patrol sections, sectors and beats, commanded by a captain.

8. SECTION
   An area of a district, supervised by a patrol sergeant.

9. SECTOR
   An area of motorized patrol.

10. BEAT
    An area of foot patrol.

11. PLOT
    An area into which districts are divided for statistical purposes.

12. WATCH
    An eight (8) hour tour of duty.

13. DAY
    Twenty-four (24) hours commencing at 8:00 AM and ending at 8:00 AM the following day.

000060

EXHIBIT A2 12

14. <u>WEEK</u>

Seven (7) successive twenty-four (24) hour periods commencing at 8:00 AM Sunday.

15. <u>SHALL</u>

Is mandatory.

16. <u>MAY</u>

Is permissive.

17. <u>COMMANDING OFFICER</u>

A. A member assigned in charge of a major functional unit answering direct to the Chief.
B. The Officer-in-Charge of the City Prison.
C. Captains in command of police districts.
D. The Officer-in-Charge of the Bureau of Communications.

18. <u>OFFICER-IN-CHARGE</u>

A. A member assigned in charge of a subordinate detail of a major functional unit under the supervision of a commanding officer.

B. Unless otherwise designated, the senior officer present for duty in any unit, bureau or detail.

19. <u>SUPERVISORY OFFICER</u>

A member assigned under a commanding officer or officer-in-charge, but above members assigned at the level of execution.

20. <u>COMMISSIONED OFFICER</u>

A member having the rank of lieutenant or higher.

21. <u>NON-COMMISSIONED OFFICER</u>

A member holding the rank of sergeant.

22. <u>REGULAR MEMBER</u>

A sworn member of the police department.

000061
EXHIBIT A3127

ORGANIZATION AND ADMINISTRATION
1.00

1.03   THE POLICE COMMISSION SHALL APPOINT:

2.   Patrol Special Police Officers

1.05   THE CHIEF OF POLICE SHALL APPOINT:

6.   *From among qualified persons:*

a.   Assistants to Patrol Special Police Officers.

1.07   The following shall be the order of rank in the Department:

CHIEF
DEPUTY CHIEF
CHIEF OF INSPECTORS
DIRECTOR OF TRAFFIC
SUPERVISING CAPTAIN
DEPARTMENT SECRETARY
DIRECTOR OF PERSONNEL
CAPTAIN OF INSPECTORS
CAPTAIN OF TRAFFIC
DIRECTOR OF CRIMINAL INFORMATION
CAPTAIN OF POLICE
DIRECTOR OF SPECIAL SERVICES
LIEUTENANT OF POLICE
SERGEANT OF POLICE
PATROLMAN
WOMAN PROTECTIVE OFFICER

GENERAL REGULATIONS

1.09   It shall be the responsibility of the regular member present to complete the required reports of crime.

1.11   A MEMBER shall include Patrol Special Police Officers and Assistants to Patrol Special Police Officers, who shall be subject to the following rules and procedures.

PATROL SPECIAL POLICE OFFICERS ( Owners of beats per section 35.10 of the Charter)

1.51   Appointments – at the time of appointment shall:

(a)   Have made department application in the Office of the Supervising Captain and received approval of the Commanding Officer of the district(s) involved.
(b)   Have been examined and certified by the Police Surgeon.
(c)   Be between 21 and 40 years of age.
(d)   Have graduated from approved San Francisco Police Academy training course.
(e)   Be approved and appointed by the Police Commission.

1.53   Beat Sales

(a)   The Patrol Special Police Officer (owner) shall submit a written request (original and 3 carbon copies) outlining the boundaries of the beat for sale, and identifying the requesting purchaser fully, to the Commanding Officer of

the district(s) involved for their approval or disapproval, which shall be noted on this request.  The report shall be forwarded to the Office of the Supervising Captain.

(b) Upon notification of approval by the Office of the Supervising Captain the seller shall submit a notarized bill of sale (original and 3 carbon copies) outlining boundaries, total selling price, terms agreed upon, signed by both seller and approved buyer, and a written list of clients, addresses and contractual relationships.

1.55  Employment of Assistants to Patrol Special Police Officers.

(a) The Patrol Special Police Officer shall submit a written request (original and 3 carbon copies) identifying the applicant fully and stating whether or not he possesses a current certification of appointment as an Assistant, to the Commanding Officer of the district(s) involved for his approval or disapproval, which shall be noted on this request.  The report shall be forwarded to the Office of the Supervising Captain.

(b) If a current certification of appointment is not possessed, then, the applicant shall complete a departmental application during the business day in the Office of the Supervising Captain, which shall be forwarded to the Commanding Officer of the district(s) involved for his approval or disapproval which shall be noted on this request.  The original copy shall be returned to the Office of the Supervising Captain.

(1) The Office of the Supervising Captain  shall be responsible for the notification of time and place of appointment.

1.57  Termination of Assistants to Patrol Special Police Officers.

(a) Upon termination of services, the Assistant shall immediately return to the employing Patrol Special Police Officer all departmental property in his possession.

(b) The employing Patrol Special Police Officer shall immediately submit a written report (original and 3 carbon copies) of such termination to the Commanding Officer of the district(s) involved, identifying the Assistant so terminated and the date of termination.  The report shall then be forwarded to the Office of the Supervising Captain.

(c) All departmental property received from an Assistant upon termination shall be immediately brought by the receiving Patrol Special Police Officer to the Office of the Commanding Officer of the District on the following business day

1.59  Responsibility for Obtaining and Returning Departmental Property for Assistants.

(a) The employing Patrol Special Police Officer shall obtain the star, identification card, Rules and Procedures Manual, box key, and any other required departmental property for Assistants, and upon termination, shall be responsible for the return of all departmental property, as prescribed.

1.71  ASSISTANTS TO PATROL SPECIAL POLICE OFFICERS (non-owners).

.1  At the time of appointment shall:

(a) Have been examined and certified by the Police Surgeon.
(b) Be between 21 and 40 years of age.
(c) Have graduated from approved San Francisco Police Academy Training course
(d) Be approved and appointed by the Chief of Police.

000063

EXHIBIT 

1.80   ADVERTISING

.1   All written advertising by Patrol Special Officers shall be
submitted to the Chief of Police through channels for approval
before it is circulated or given to members of the public.

.2   In any advertising or solicitation of accounts, written or verbal,
Patrol Special Officers are to affirmatively state that they are
not members of the regular San Francisco Police Department and
that the services they offer are in addition to patrol provided
by regular members of the Police Department.  They are also to
affirmatively state that contracts for their services are strictly
voluntary.

.3   In any advertising or solicitation of accounts, written or verbal,
Patrol Special Officers are not to state or imply that there are
crime conditions in any area beyond the ability of the regular
Police Department to control.

Police Commission Meeting, December 21, 1970
Amended to add Rule 1.80, .1, .2, .3
Permanent Order No. 31, dated December 30, 1970

000064
EXHIBIT A, p 27

<u>DUTIES AND RESPONSIBILITIES</u>
2.00

2.01   The Police Department and its members shall have the power and it is their
duty to:

.1  Prevent Crime.
.2  Protect Life and Property.
.3  Detect and Arrest Offenders.
.4  Preserve the Public Peace.
.5  Enforce all Penal Laws and Ordinances.


<u>GENERAL DEPORTMENT</u>

2.13   Any breach of the peace, neglect of duty, misconduct or any conduct on the part
of any member either within or without the state which tends to subvert the good
order, efficiency or discipline of the department or which reflects discredit upon the
department or any member thereof or that is prejudicial to the efficiency and discipline
of the department, though such offenses are not specifically defined or laid down in
these Rules and Procedures shall be considered unofficerlike conduct triable and
punishable by the Board.


2.15   A member shall, when relieved as unfit to exercise police duty, immediately
submit to his commanding officer a written report in his own handwriting setting
forth in detail his answer to the accusation of such unfitness.


2.21   Shall report in writing to his commanding officer any change of residence, new
address and/or telephone number, if any, within twenty-four (24) hours after
said change has been made.


2.25   Shall, except in case of sickness or disability rendering him unfit to perform
police duty, hold himself in readiness at all times to perform said duty.


2.31   Shall at all times address superior officers by title of rank.


2.33   Shall be respectful to his superior on all occasions whether on or off duty.


2.35   Shall, in the performance of his duty, be polite, civil and orderly in his
conduct and deportment, maintain patient decorum and command of temper and
refrain from the use of harsh, violent, coarse, profane or uncivil language.  When
requested, his name, star number and assignment shall be given in a courteous manner.

000065

EXHIBIT

2.38   Shall be clean shave   th hair and sideburns neatl      immed when reporting for
       duty, except that a s...l neatly trimmed moustache   .l be permitted. Sideburns
       shall not exceed one inch in width and shall not extend in length beyond the
       center of the ear. Moustaches shall not extend below the top edge of the upper
       lip nor beyond the edge of the corner of the mouth.

2.39   Shall be neat and clean in his appearance and maintain his uniform and equipment
       in good order and ready for immediate use.

2.41   Shall, while in uniform:

       .1   Keep same securely buttoned and refrain from the practice of placing the
            hands in the pockets unnecessarily.
       .2   Except when assigned to and actually performing duty within a police build-
            ing, wear the uniform cap.

2.43   Shall, when he comes in contact with a person having a contagious disease or
       when he has been exposed to contagion, immediately report such fact, and make
       written report to his commanding officer.

2.45   Shall strictly obey and promptly execute the lawful orders of his superior officers.
       In case of conflict of orders from superior officers, he shall respectfully call
       the attention of the superior officer giving the last order to such conflict, should the
       latter not change his order it shall be obeyed and the member shall not be held respon-
       sible for disobedience of any former order in obeying said last order.

2.49   Shall, when called upon by a superior officer, or by one specially assigned by
       lawful authority to conduct an investigation involving police matter, or any
       matter affecting the conduct of a member or members, truthfully answer all questions
       propounded. All reports, statements and declarations made orally, or in writing in
       the foregoing matters shall contain the truth without evasion.

2.67   Shall, as soon as practical after the discharge of his firearm, notify the station
       keeper of the district wherein the incident occurred and submit a written report
       of such fact to his commanding officer. Such written report shall be in addition to any
       other report normally made, and a copy shall be forwarded to the legal office.

2.73   Shall, when any article, document, weapon, instrument, paper, material or substance
       is seized for use in evidence, make a memorandum immediately of the circumstances
       connected with the seizure. The member first obtaining possession of such evidence shall
       identify it by his initial or some other mark or symbol of identification personal to him.
       Evidence shall be carefully handled and maintained so that its use in a criminal
       prosecution shall not be retarded or rendered ineffectual.

2.80   Shall, if involved in a motor vehicle accident while on duty, notify or cause to
       be notified, the office of the Enforcement and Investigation Detail of the Traffic
       Bureau without unnecessary delay and cause the appropriate reports to be made.

       .1   Shall, if involved in a motor vehicle accident while off duty, notify or cause
            to be notified, the office of the Enforcement and Investigation Detail of the
            Traffic Bureau without unnecessary delay and cause the appropriate reports to
            be made, under the following conditions:

            A.   The member is operating a motor vehicle wherein such vehicle is other
                 than legally and correctly parked, and,
            B.   If injury or death occurs, or,
            C.   If property damage occurs in an amount requiring a report to be made to
                 the Department of Motor Vehicles, under the California Vehicle Code
                 (Sec. 16000).

000066

EXHIBIT A882

## PROHIBITED ACTIVITIES

2.81 Shall not use a private automobile during his tour of duty except with the permission of his commanding officer.

2.83 Shall not smoke while in uniform at any public function or in any other public plac

EXCEPT:

.1 While on patrol duty between 12:00 Midnight and 6:00 AM.
.2 When not engaged in the transaction of business with a superior officer or a civilian.

2.85 Shall not chew any substance while in military formation or while detailed at public functions or while testifying as a witness before any court, tribunal or board.

2.87 Shall not, except in the performance of police duty, converse with prisoners in custody without permission from the Chief, Chief of Inspectors or his commanding officer.

2.89 Shall not, directly or indirectly, be concerned in making any compromise between persons suspected of, or arrested for crimes, and persons who have suffered by their acts, with a view of permitting the persons suspected of crime to escape the penalties provided by law. Shall immediately report to his commanding officer in writing any knowledge or information received, that a compromise is about to be or has been made in their cases.

2.91 Shall not, in a business office or other place open to public view, or while in uniform on a public street or in a public place, read a newspaper or other literature except in the discharge of his duty.

2.93 Shall not recommend to prisoners or persons involved in accidents the name or employment of any person as an attorney.

2.95 Shall not loan or give money or anything of value to persons in custody, except upon permission of the officer-in-charge of such persons.

2.97 Shall not participate in any game of chance in any station, office or bureau of the department.

2.99 Shall not, except in the performance of police duty, visit any place wherein he knows or suspects that any penal statute or ordinance is being violated.

2.101 Shall not sleep while on duty.

2.105 Shall not remove police reports and records from a station, bureau or office, except in conformity with the provisions of law, rules and procedures, or upon the order of the Board or Chief. Copies of said records, however, may be made by a member when necessary in the performance of police duty.

2.111 Shall not, initiate, propose, advance or influence legislation affecting the department or its personnel except by permission of the Board.

2.115 Shall not, in his official capacity, bestow testimonials or circulate subscription papers or books or sell tickets for any purpose except by permission of the Board.

2.117 Shall not organize or become a member of or solicit membership in any organization, club or group within the department without the approval of the Chief.

2.119  Shall not belong t     y organization, association,      iety or group, the
   .  .  activities or purpo    of which will in any way in     ere with or control the work
   or services of such member in his official capacity.

2.121  Shall not obtain or endeavor to obtain for himself or others, by means tending to
        reflect discredit upon the department, admission to public places where admission
   is charged.

2.123  Shall not, while in uniform, carry packages of merchandise, except those pertain-
        ing to police business.

2.125  Shall not, while on duty or in uniform, drink any kind of intoxicating liquor, or
        whether on or off duty be under the influence of intoxicating liquor to such an
   extent that he will not always be prepared to exercise police powers and be entrusted with
   the performance of police duty in a calm, deliberate and efficient manner.

2.129  Shall not, except in the performance of police duty, bring cause or permit to be
   brought any intoxicating liquor into a police building.

2.131  Shall not, while on duty, convey, accompany or take intoxicated persons to their
   abodes without permission of his superior officer.

2.133  Shall not commence suit for the collection of damages sustained in the discharge of
   police duty without permission from the Board.

2.135  Shall not bring suit against any department, tribunal or commission of the city and
   county without first notifying the Board.

2.137  Shall, when served with a claim for damages, complaint, summons, or subpoena,
        involving possible liability on the part of the City, immediately notify in writing
   the legal office, indicating the date and time of service.  When served with a summons and
   complaint, these shall be forwarded immediately with the report.

2.139  Shall, before appearing as a witness on behalf of the defense in any criminal
        proceeding or in any proceeding before the Board, submit a written report to his
   commanding officer notifying him that he has been subpoenaed, or instructed or requested
   to so appear to testify and by whom.  He shall include in said report a statement of the
   testimony expected of him.

2.141  Shall, before testifying as a defense witness in any criminal proceeding, inform
        the office of the prosecuting attorney as soon as possible of the service upon him
   of such subpoena.

2.143  Shall not serve a subpoena, summons or other paper in a civil action nor render
        any assistance in such case;  provided, however, that where a crime is committed
   under the circumstances authorizing an arrest said arrest may be made notwithstanding
   the fact that the background of said crime may also involve a civil dispute.

2.147  Shall not accept any gratuity, compensation, reward or gift, resulting from or
        connected in any way with the arrest of a person, except by the permission of
   the Board.

2.151  Shall, when tendered any reward or present arising out of meritorious or any
        extraordinary service rendered by him in the discharge of his duty, report that
   fact in writing to the Board within twenty-four (24) hours thereafter and shall furnish
   the following particulars in connection therewith:

.1  Date of tender of receipt of reward or present.
.2  Name and address of donor.
.3  State of character and extent of services rendered.
.4  Written acknowledgment from donor that reward or present was not solicited or demanded by member, but that same was given freely and voluntarily in appreciation of service rendered.

2.153  The Board may for meritorious and extraordinary police service rendered by a member in the discharge of his duty, permit said member to retain for his own benefit any reward or present or any part thereof tendered to him.

2.157  Shall, within twenty-four (24) hours after tender or receipt of a fee for testifying in a criminal proceeding which fee is in excess of the legal fee set by law, or for being interviewed in connection with the taking of a deposition in a criminal proceeding, make written application to the Board to receive said fee.  Such fee shall only be acceptable when the following conditions have been met:

.1  Member has been legally subpoenaed.
.2  Member testified during off-duty hours.
.3  Fee is in form of a check made payable to member.
.4  Fee does not exceed one day's pay.

2.159  Shall not furnish information to bail bond brokers or to their servants, agents or employees regarding persons arrested;  or any investigations made or to be made; or any activity carried on or about to be carried on by the department, except such as may be required by law.  When information is furnished to a bail bond broker or to his servant, agent or employee in accordance with the law that fact shall be made known immediately to the officer-in-charge of his station, bureau or unit.

2.161  Shall not communicate or cause to be communicated, except in the performance of police duty, any information respecting any complaint made, order, rule or procedure enacted for the government of the department.

2.163  Shall not communicate or cause to be communicated directly or indirectly, any information which may enable a person suspected of or charged with crime to escape from arrest or punishment or that may enable him to dispose of or secrete any property unlawfully obtained.

2.167  Shall not divulge, except as required by law or the rules and procedures, information received from one who seeks the aid of the department and requests that the informatic furnished be kept confidential.

2.169  Shall not furnish information regarding arrests or investigations when public interest, the apprehension of criminals or the successful solution and prosecution of criminal cases is dependent upon secrecy.  When arrests and criminal investigations have reached the stage where public safety will not be prejudiced, the apprehension of criminals will not be impeded, or the investigation or prosecution hindered or obstructed, information regarding the work of the department or of the individual member may be freely given.  All information proper under the rules and procedures shall be given to newspaper representatives promptly, correctly and courteously.

2.171  Shall not publish or cause to be published, directly or indirectly, or by private letter or otherwise, except as required by the Chief of the rules and procedures, any information concerning the department or the acts or measures of any department, or officer of the United States, the State of California or the city and county.

000069

EXHIBIT AH 127

2.173. Shall not adversely   iticize orders, acts or mea    of any department or officer of the United States, the State of California, or the city and county.

2.175  Shall not furnish or cause to be furnished to any person copies of any official instruction, order or report except as required by the rules and procedures or upon the order of the Board or Chief.

2.179  Shall not borrow money or become indebted in any way to any person engaged in business as a bail bond broker.

2.181  Shall pay all just debts and legal liabilities incurred by him while connected with the department.  Shall not incur debts or liabilities which he is unable or unwilling to discharge.

2.183  Shall not evade by bankruptcy proceedings any just debt or legal liability incurred by him while connected with the department.

2.185  All claims or demands against a member or patrol special police officer shall be referred to his commanding officer.

   .1  If said member or patrol special police officer admits the correctness of the claim and his legal liability to pay, he shall be given a reasonable time for payment.
   .2  If he disputes the correctness of the claim or asserts that he is not legally liable, the commanding officer shall take no further action until the claim or demand has been reduced to a final judgment.
   .3  When a final judgment is obtained the commanding officer shall direct the judgment debtor to make provisions for the payment of same.  A reasonable time shall be allowed for satisfaction.
   .4  If the judgment debtor refuses to satisfy the judgment or fails to do everything reasonable within his power to make payments thereon, charges shall be filed by his commanding officer.

2.187  A member is permitted to ride on street cars and street passenger busses within the limits of the city and county free of charge.  For the purpose of cooperating with operators of street cars and busses, the following rules shall be strictly observed:

   .1  When travelling in uniform or by reason of the presentation of his star.

      (a)  Shall not board a street car or bus until all pay passengers have boarded
      (b)  Shall present his star to the conductor or other persons in charge of said street car or bus in such a manner that he may have an opportunity to read the inscription of said star.
      (c)  Shall not occupy a seat in said street car or bus while anyone, other than a member so riding, is required to stand because of the lack of seats.

IC FUNCTIONAL RESPONSIBILITY
3.00

## CHIEF OF POLICE

3.01   Shall be the chief executive officer of the department and be chargeable with and responsible for the execution of criminal laws and penal ordinances, Rules and Procedures of the department and orders of the Board.

## CAPTAIN OF POLICE

3.295  Shall have control, management and direction of the members assigned to his command.

## LIEUTENANT OF POLICE

3.311  Shall exercise general supervision over members and instruct them in their duties.

## SERGEANT OF POLICE

3.335  Shall guide and instruct subordinates in the proper performance of police duty and enforce obedience to and strict observance of the Rules and Procedures of the department and orders of superior officers.

## PATROL SERGEANT

.1  Shall have immediate control and supervision of the geographical area to which assigned and the members under him.

.2  Shall require patrolmen and patrol special police officers to remain on their beats, details or assignments and efficiently perform their duties.

.3  Shall notify the platoon commander when a patrolman or patrol special police officer cannot be located. He shall search for such officer until found or until relieved by a superior officer.  Shall report in writing to his commanding officer if the missing officer cannot give a satisfactory explanation for his absence.

## A MEMBER

3.401  Shall keep the peace and prevent violations of law and perform such duties as may be assigned by competent authority.

3.403  Shall be governed by and subject to all applicable department orders and rules and procedures herein listed.

000071
EXHIBIT AR12?

3.405   Shall at all times     erve the peace, prevent cri    ietect and arrest offenders
        , and enforce all criminal laws and penal ordinances.

3.407   Shall observe the terms of his contractual relationship with the person who sub-
        scribes to his services.  He shall assume an obligation to enforce the law,
preserve the peace, and protect life and property in all cases involving the direct and
immediate interest of the person or persons who solicit his services for a consideration.

3.409   Upon request of his Commanding Officer he shall submit a report listing his clients

3.411   Shall summon a regular member, or make courteous and proper referral, whenever a
        person asks him to accept a report of a police incident.

3.413   Shall call the attention of a regular member to all incidents requiring police
        attention that confront him during his duty tour, except those which he has
properly disposed of through his own action.

3.415   Shall determine a daily scheduled tour of duty approved by his commanding officer
        during which his beat will be patrolled to afford maximum protection for his
clients, and shall not permit his beat to remain uncovered during this period.

3.417   Shall have as an assistant a Patrol Special Police Officer or an Assistant Patrol
        Special Police Officer who is qualified to perform the duty tour of the owner when
the latter is on his watch-off or other leave, and shall advise his commanding officer at
least twenty-four hours prior to this assistant assuming such duty tour.

3.419   Shall report on duty in uniform in person at the district station to which he is
        attached, and off duty either in person or by signal box at the discretion of
the commanding officer of the station.

3.421   Shall patrol his beat in uniform.

3.423   Shall carry his firearm while on duty, and may do so at any other time within
        the City and County of San Francisco pursuant to law.

3.425   Shall read the orders, teletypes and reports made available by the platoon
        commander prior to beginning his duty tour.

3.427   Shall be subject to the orders of the senior regular member present when
        involved in police duty.

3.431   Shall participate in training functions ordered by the Chief of Police.

3.433   Shall perform all the duties of his function in a manner prescribed by law.

3.437   Shall neither solicit nor accept new subscribers in areas outside the confines
        of his beat.

3.439   Shall not accept new subscribers in unclaimed areas adjoining his beat without
        first applying to, and receiving from the Police Commission permission to annex the
unclaimed area.

000072
EXHIBIT 414123

PERSONNEL PROCEDURE
5.00

SICKNESS AND DISABILITY

5.51   A member unable to report for duty at the prescribed time as a result of sickness
or disability shall immediately report that fact to his station.

5.53   Shall not apply for treatment or obtain a certificate for sickness or disability
from the police surgeon.

5.55   Shall not absent himself from duty on account of sickness or disability which is
simulated.  He shall not attempt to mislead or deceive the attending physician
or the police surgeon.

MEDAL OF VALOR AWARD

5.119  Awards for the Medal of Valor shall consist of three (3) types:

.1   GOLD MEDAL OF VALOR, when all the following elements exist:

A.   Outstanding bravery above and beyond that expected in the line of duty.
B.   Where failure to take such action would not justify censure.
C.   Where the risk of life actually existed and the member had sufficient
time to evaluate it.
D.   Where the objective is of sufficient importance to justify the risk.
E.   Where the member accomplishes his objective or is prevented from same by,
incurring a disabling injury or death.

.2   SILVER OR BRONZE MEDAL OF VALOR, when all the following elements exist:

A.   Where the member manifests outstanding bravery in the performance of his
duty under circumstances not within the provisions required for a Gold
Medal of Valor.
B.   Where the member risks his life with full and unquestionable knowledge of
the danger involved or where a reasonable person would assume his life
was in great danger.
C.   Where his objective is of sufficient importance to justify the risk.
D.   Where the member accomplishes his objective or is prevented from same by
circumstances beyond his control.  The members of the Award Committee
shall evaluate the objective, the risk, the degree of danger and
determine by their vote whether a silver or bronze Medal of Valor shall
be granted.

.3   WEARING MEDAL OF VALOR.

A.   A member may wear his Medal of Valor award on his dress uniform jacket
during ceremonious occasions as designated by the Chief of Police.

B.   Members receiving additional awards of valor will be issued gold, silver
or bronze stars that will be affixed to the ribbon of the previously
awarded Medal of Valor.

MERITORIOUS CONDUCT (no medal involved)

5.120  In making an investigation in a serious felony case, when it is shown that the
apprehension was made possible by diligent and painstaking research on the part
of the member and where it clearly appears that he correctly weighed and
evaluated all the clues and circumstances at his disposal,  This award does
not contemplate arrests made solely on the information of an informant.

000073

5.121 A member, other than a commanding officer, performing an act, which in his belief, would qualify under these provisions, shall submit a report in writing to his commanding officer setting forth the full particulars surrounding such performance of police duty.

5.127 Application for award under these provisions shall be made within thirty (30) days after the date upon which the alleged act was performed.  The Award Committee shall not consider an application unless made and filed as herein provided.  The Chief shall refer such reports to the Award Committee.

<u>THE CHIEF</u>

5.139 After the Award Committee has acted, the Chief shall forward said applications to the Board with his approval or disapproval endorsed thereon.

<u>THE BOARD</u>

5.141 May reward any member with the medal of valor for heroic or meritorious conduct. Shall exercise an independent judgement and may investigate the matter anew in considering applications for meritorious conduct awards.  The approval or disapproval of such applications by the Meritorious Conduct Committee or by the Chief shall not be binding on the Board.  Commendations for meritorious conduct shall not be effective until the approval of the Board has been obtained.

<u>CHARGES AND TRIALS</u>

5.143 A charge is a formal accusation alleging misconduct on the part of a member. Charges must be definite, clear and specific.

5.145 Charges by superior officers shall be sworn to before the Chief or other person authorized to administer an oath and filed with the Secretary of the Board. Charges shall be prepared in duplicate giving the first name, middle initial and surname of the accused.

5.147 Charges made by persons other than superior officers must contain a statement of facts constituting the grounds of complaint in ordinary and concise language subscribed by the party making said charges and verified before some person authorized to administer an oath.

<u>SERVICE OF CHARGES</u>

5.149 Charges shall be served upon members as follows:

.1 By serving a copy of the charges on the accused personally, taking his receipt on the original showing time and date of service.

.2 If the personal service cannot be made, then by leaving a copy of the charges with some competent person over the age of twenty-one (21) years at his last known residence, informing such person orally of the nature of the papers.

.3 If personal service cannot be made or if a copy of the charges cannot be left with some competent person over the age of twenty-one (21) years at the last known place of residence of the accused, then by posting a copy of the charges conspicuously in the station or bureau to which the accused is attached at least six (6) days before the date set for trial.

000074

EXHIBIT

.4   Said charges sh     be served at least six (6)    before the date set for the hearing of same and in computing said period of six (6) days, the date of service shall be excluded and the date of hearing included.

.5   At least twenty-four (24) hours before the hearing the person charged shall file in writing with the Board his plea of guilty or not guilty. Whatever his plea may be, he shall appear in person at the time and place fixed for the hearing.

.6   When charges are served under the provisions of either subdivision two (2) or three (3) the member servicing shall submit a report stating how service was made and return same with the original.

5.151   Any member who, after a trial by the Board, is found guilty of violating any rule of the department or any order or instruction issued by competent authority shall be punished:

.1   By reprimand.
.2   By fine, not exceeding one (1) month's salary.
.3   By suspension for a period not exceeding three (3) months for any one incident.
.4   By dismissal from the department.

<u>SUSPENSION</u>

5.153   A member may be suspended by the Chief pending trial before the Board, or as a disciplinary measure by the Chief pursuant to Rule 3.06.

5.155   When a member is temporarily suspended, charges shall be filed with the Board within one (1) week after the date of such suspension.

5.157   A member under suspension shall remain subject to the orders of the Chief and the rules and procedures.

5.159   When a member is temporarily suspended pending the hearing of charges, the said charges shall be heard by the Board not more than thirty (30) days after the date of suspension. If a hearing shall be delayed beyond such time by the act or at the request of the accused member, the additional time requested shall be construed to be "Leave of Absence Without Pay" and the request for additional time and Request for Leave of Absence Without Pay shall be in writing and processed in accordance with applicable law or rules.

5.160   Whenever a disciplinary suspension by the Chief has been imposed, the member may appeal to the Board for hearing not later than ten (10) days after such suspension. The appeal shall be filed with the Secretary of the Board by the member and shall be in writing. The hearing on the appeal shall be held not later than thirty (30) days following filing. The member may be represented by counsel, and may produce witnesses, who shall be heard under oath.

<u>HONORS TO THE "NATIONAL ANTHEM" OR TO THE COLOR (STANDARD)</u>
(6.00)

<u>OUTDOORS</u>

6.201   Whenever and wherever the National Anthem is played, unless performing police duty requiring immediate attention, at the first note all members in uniform and not in formation shall face the music, stand at attention, and render the prescribed salute. The position of salute shall be retained until the last note of the music is sounded.

.1   Members not in uniform shall remove their headdress with the right hand and hold same at the left shoulder with the hand over the heart.
.2   Members not in uniform and without headdress shall stand at attention.

000075
EXHIBIT 

<u>INDOORS</u>

6.202  When the National Anthem is played indoors, members shall stand at attention
       and face the music, or the flag if one is present.

6.203  Unless performing police duty requiring attention, a member passing an uncased
       National Color shall salute at six (6) paces distance and hold the salute until
they have passed six (6) paces beyond it.  Similarly, when an uncased color passes by,
said member shall salute when it is six (6) paces away and hold the salute until it has
passed six (6) paces beyond them.

<u>COURTESIES</u>

6.251  Shall promptly tender, and return at proper times, the hand salute except when
       secrecy of identity is required.  Shall tender the hand salute to a superior.
The subordinate shall salute first and the superior shall promptly return the salute.
While in civilian dress the salute shall be tendered only to the <u>Mayor</u>, a <u>Commissioner</u>
or the <u>Chief</u>.

6.253  Shall not, while on duty along parade lines, at fires, in formation or other
       occasions where a large number of members are assembled for a specific purpose,
be required to salute unless addressed by or is about to address a superior officer.

6.255  Shall in a station, office or bureau rise and stand at attention when the Mayor,
       a Police Commissioner or the Chief enters.  The member first observing the entry
of said officials shall immediately give the command "ATTENTION" in a clear audible
tone.  Such command shall be immediately obeyed by all members in attendance and they
shall remain at attention until the order "AT EASE" is given.

6.257  Shall upon entering the office of the <u>Mayor</u>, <u>Board</u>, <u>Chief</u> or <u>Commanding Officer</u>
       remove his headdress, holding same in his left hand with arm extended downward
close to his side and stand at attention until otherwise ordered.

6.259  Shall, when present in the meeting room of the Board rise and stand at attention
       uncovered, as the Board and Chief enter.  Shall remain at attention until the
Board and the Chief are seated.  Shall, when in attendance at Board meetings rise and
stand at attention uncovered, when questioned or addressed by the Board or the Chief.
This section shall not apply when he is testifying as a witness.

6.261  Shall not during official meetings of the Board address same unless requested.
       Should he be in possession of information which may be of value, that fact shall
be made known to the Chief.

000076
EXHIBIT A18 2

## EQUIPMENT
### 7.00

7.01   A member shall, at his own expense, provide himself with:

    .1   Regulation revolver and holster.
    .2   Cartridge container.
    .3   Handcuffs.
    .4   Wooden pocket club.
    .5   Whistle.
    .6   Electric pocket light.
    .7   Other prescribed equipment.

7.03   The revolver shall be a Smith and Wesson or Colt .38 caliber, special, blue finish, or Smith and Wesson or Colt .357 caliber, blue finish, or Smith and Wesson .41 caliber military and Police Model 58, blue finish.

7.05   All members shall be equipped with Peerless or Smith and Wesson handcuffs.

7.07   Unless otherwise prescribed, all visible leather equipment worn with the uniform shall be black.

7.09   Shall, while on duty in uniform, be equipped with the following:

    .1   Star.
    .2   Loaded Revolver (minimum 4 inch).
    .3   Cartridge container with at least six (6) extra cartridges.
    .4   Wooden pocket club. or 26" wooden baton
    .5   Handcuffs.
    .6   Signal box key.
    .7   Whistle.
    .8   Electric pocket light fully charged in good working condition.
    .9   Memorandum book.
    .10   Street guide.
    .11   Department identification card.

7.13   Shall, while in uniform, display his star on the outermost garment over the left breast.

7.15   Shall be responsible for the safe keeping and authorized use of his uniform and equipment and shall promptly make a written report of the loss of any such uniform or equipment.

7.17   Shall not loan any part of his equipment or uniform to anyone without the permission of his commanding officer.

7.19   A list and description of each article of equipment prescribed by these rules and procedures shall be kept in the personnel office and equipment shall conform to said description.

### UNIFORMS AND EQUIPMENT

7.21   Shall provide himself, at his own expense, and maintain in a clean and serviceable condition, the uniform and equipment prescribed for his rank.

7.23   No uniform equipment or weapon shall be worn unless it is prescribed by and conforms with the specifications set forth herein.

000007

EXHIBIT A19-128

7.25    .Shall present a new uniform to his commanding officer or inspection before it
        is worn, same shall be rejected by him if:

    .1   Not made of regulation cloth.
    .2   Improperly fitted.
    .3   Does not comply with specifications.

7.27    Shall not wear jewelry or personal ornaments affixed to any part of his uniform
        or equipment except those authorized herein.

7.29    May, with the permission of his commanding officer, sell or dispose of his
        uniform or equipment to another member, provided that said uniform and equip-
    ment are no longer required by the former and is suitable for wear or use.

7.223   Uniform coats, trousers, helmet, cap, shirt, tie, shoes, cap cover and raincoat
        to be of the same material and style as that required and prescribed for regular
        patrolmen in the San Francisco Police Department with the following exceptions:

    .1   BUTTONS

         To be 24-ligne regulation San Francisco Patrol Special Police Officer
         Nickel Buttons on pocket flaps, shoulder straps, sleeves and caps.

    .2   TROUSER STRIPE

         Blue soutache, one-quarter inch wide, on outside seams.

    .3   CAP EMBLEM

         Nickel plated.

    .4   SLEEVE

         There shall be a stripe of blue soutache braid, one-half inch wide,
         on top sleeve, three and one-half inches from end.

    .5   PATCHES

         Not same or similar to Police Department but as prescribed by the
         Police Commission.

    .6   HELMET

         Identifying San Francisco Patrol Special Police Officer nickel decal
         emblem.

000078
EXHIBIT A2012

PATROL PROCEDURE
9.00

9.27   Shall, except in case of police emergency, detail or assignment, patrol his beat(s) constantly and diligently to the limits thereof, and shall not loiter or engage in unnecessary conversation with persons thereon.

9.29   Shall not leave his beat, detail or assignment, EXCEPT:

    .1   Performance of police duty.
    .2   Orders or permission of a superior.
    .3   Absolute personal necessity.

9.31   A record of any absence shall be entered in his memorandum book with complete information thereon.

9.37   Shall be considered negligent if he fails to discover any illegal entry into premises of his clients where evidence of such illegal entry could be observed by the exercise of due care.

9.39   Shall be considered negligent if he fails to discover a homicide, robbery or other serious crime committed on his beat which could have been discovered through the exercise of reasonable diligence. He shall be responsible for his failure to take prompt action in the apprehension of persons known to have committed or suspected of having committed any such offense.

9.41   Shall, except in case of emergency, report to his station at least once every two (2) hours through the police signal box system to the exclusion of public and private telephones. Shall give the receiving member the location and number of the box from which he is reporting, and shall remain there until he receives orders or instructions intended for him.

9.43   Shall obtain his meal, if possible, within the confines of his beat.

9.45   Shall observe the condition of the public streets and sidewalks on his beat and report any defect or obstruction thereon which he cannot immediately remove or remedy.

9.47   Shall see that barriers and lights are maintained at proper times over or around holes, excavations, building or other materials which may constitute an element of danger.

9.49   Shall immediately report any break or damage to any water, steam, gas, electric or sewer conduit in the street, or connected with any building; any outages of street lights required to be burning during prescribed hours; and all dead animals found in the street.

9.53   Shall, where faulty operation of automatic traffic signals is observed, report said fact immediately to the Bureau of Communications.

9.63   Shall observe and report in writing in full detail all places on his beat suspected of being illegally operated.

9.71   Shall, when appearing first at the scene of any crime, unusual occurrence; or serious automobile accident to which members of the Traffic Enforcement and Investigation Division have been assigned, and no regular member is present, immediately notify the station of the district involved and set about immediately to secure names and addresses of persons involved and of witnesses, and preserve insofar as possible, all available physical evidence to assist the reporting officer in his investigation.

000079
EXHIBIT A21/27

9.77   When property, in ___ ___ of being transported, oth___ than motor vehicles, is
found, he shall imm___diately notify the station of ___ district involved and
safeguard said property until the owner is notified and takes possession of same; or
until relieved by a regular member.

9.79   Whenever a member discovers or has his attention called to a sick or injured
person requiring medical attention, he shall proceed to have same furnished
immediately and notify the station of the district involved.

9.89   Shall furnish information and render aid to persons as may be consistent with
his duties.

### FIELD CHECKS (SUSPECT PERSONS AND VEHICLES)

9.103   Checks may be made in one of three (3) ways:

.1   By radio.
.2   By regular telephone.
.3   By police call box telephone.

9.105   Officers when requesting a field check shall:

.1   Identify himself.
.2   Precede the message with the words "Vehicle Check", "Adult Check" or
"Juvenile Check", as the case may be.
.3   On receiving approval to transmit, the following information shall be given:

(a)   FULL Name;   first name, "middle name", then last name.
(b)   Address of subject.
(c)   Birthdate in numerals;   8-30-21.
(d)   Physical description of person;   WMA, NMA, etc.
(e)   Make and license number of vehicle.

.4   For vehicle checks:   give item "e" above.
.5   For adult and juvenile checks:   give items "a,b,c, and d", above.

9.107   Warrant checks made by telephone shall be conducted as briefly as possible.  The
following will expedite such checks:

| A  - Ck  - 1871 | Lb  - Of - 1875 |
| Cl- Gk  - 1872 | Og  - Sk - 1877 |
| Gl- La  - 1874 | Sl  -   Z - 1878 |

### HOMICIDES AND CORONER'S CASES

9.179   Shall, whenever a dead human body is found by him, or he is directed to the scene,
take immediate steps to protect said scene and shall, as soon as practical,
notify the station of the district involved.

9.181   Shall, immediately notify the station of the district involved when circumstances
indicate that a crime has been committed, and if first at the scene of a homicide,
immediately note all particulars;  make a record of the position of the body, furniture
of the premises if found in a room, and location of articles and weapons that may have
been used in causing death.

9.183   Shall, in all cases of homicide, immediately notify the station of the district
involved and take the names and addresses of all persons present, or persons who
may have knowledge of the incident, and if necessary, detain any person whose actions,
conduct, statement, declaration or testimony may in any way be relevant to the investi-
gation, to assist the investigating officer for the solution or prosecution of the case.

9.185  Shall, in all cases of homicide and if no regular member present, prevent all persons, EXCEPT members, deputies of the Coroner's Office and deputies of the District Attorney's Office from entering the scene until the arrival of a member of the Homicide Detail who will assume command of the investigation.

9.189  Shall not move or search the body, clothing or premises of the deceased and if no regular member present, shall not allow any person  except the Coroner, Deputy Coroner or someone specifically authorized by the Coroner to search the body, clothing or premises or to take possession of property at the scene.

9.199  Shall, in all cases of attempted murder, or serious assault, and no regular member present take in writing the declarations of the person injured and read same to him for verification.  If possible, the signature of the injured person shall be obtained.

9.201  Shall in all cases where the injured person may die before the District Attorney or his assistant or a regular member arrives, procure, if possible, the declaration of the injured person in the following form:

.1  That the declaration is made under a sense of impending death, respecting the cause of his death.
.2  That he believes he is about to die.
.3  That the injury was inflicted by (give the name of the person causing the injury).
.4  The cause or circumstances that led thereto.
.5  The name, age, nativity, residence and occupation of the injured party.

9.203  Shall, when dying declarations are procured, obtain if possible, witnesses to same.  When said declarations have been reduced to writing, said witnesses shall sign their names as such together with their residences.

000081
EXHIBIT A23 12


# FIRE PROCEDURE
## 10.00

10.01   Shall, when he discovers or has his attention called to a fire, immediately send in an alarm by the most expeditious means.

    .1   If a telephone is available the fire dispatcher shall be notified directly. (The fire dispatcher may be reached at 861-8020.)

10.03   Shall immediately ascertain the nature and extent of the fire, the exact location thereof and whether or not there is located in the immediate vicinity any hospital, school, theatre or other place where large numbers of persons are assembled or domiciled and who might be in danger by said fire or the extensions thereof.  Such information shall be relayed as soon as possible to the Bureau of Communications.

10.05   Shall, after sending a fire alarm, take charge and be responsible for the policing of the fire area until a regular member arrives at the scene.

10.07   Shall, when he has ascertained that no lives are in peril, attempt to clear the immediate area of vehicles and persons who may hinder the fire apparatus, or other emergency equipment, in their arrival at the scene of the fire.

10.09   Shall, if not otherwise engaged in police work, and on duty in the SECTION in which a FIRST ALARM is sounded, proceed to the scene of the fire and report to the officer-in-charge.

10.11   Shall, upon the sounding of a SECOND ALARM, if on duty in the DISTRICT in which said alarms are sounded, report to the officer-in-charge at the scene of the fire.

10.15   Shall, when his attention is directed to a fire by the sound of sirens or OTHERWISE, ascertain the location of said fire and whether or not he is required to respond.

ARRESTS AND BOOKING PROCEDURES
12.00

12.01   When an arrest is made by a member other than a member of the Bureau of Inspectors, such member shall report to the officer-in-charge of the particular detail or unit specializing in the type of offense for which such arrest was made. Such member shall furnish all pertinent facts and cooperate in every possible way in the presentation of the case in court.

12.03   Shall, when arresting a person actually in charge or possession of United States Mail immediately summon a regular member.

12.05   Shall, when a motorman or conductor in charge of a street car is arrested, immediately summon a regular member.

12.07   Shall not, without permission of his commanding officer, make an arrest in any case which has as its basis so called family or neighborhood controversies; provided however, that nothing in this section shall be deemed to prohibit a member from making a lawful arrest.

12.13   Shall, upon the request of any male persons charged or to be charged with the commission of a felony, or upon the arrest of any such person charged or to be charged with the commission of a misdemeanor under suspicious circumstances, or under conditions indicating that said misdemeanor prisoner might be armed with a revolver, firearm, or other dangerous or deadly weapon, immediately and thoroughly search said prisoner. If any such weapon is found, it shall be immediately taken and forwarded to the station at which said prisoner is to be booked.

MINORS

12.63

  .3   A minor under 18 may be arrested without a warrant, if reasonable cause is shown that he violated a law regardless of whether it be a felony or misdemeanor, as defined by section 625 or the Welfare and Institutions Code.

GENERAL INFORMATION

Section 12031 Penal Code, subdivision (a) relates to "carrying a loaded firearm on person or in a vehicle while in a public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited areaof unincorporated territory ...", subdivision (a) shall not apply to:

> (5)  Patrol Special Police Officers appointed by the Police Commission ...

Radio equipment - Installation of radio equipment transmitting and receiving police intelligence and related emergency conditions:  Must enter into agreement with Police Department as prescribed by the Commanding Officer, Bureau of Communications.

Section 172 of the Charter states "Every Patrol Special Police Officer, as referred to in Section 35 of this charter shall be entitled, under this section, to the benefits of such compensation law, if injured while performing regular city and county police duties or while apprehending the person or persons committing such crime, and shall not include duties of any character performed for private employers, provided that no payments shall be made under this paragraph in the event that the Patrol Special Police Officer shall receive the benefits of such compensation law from any other source".

City Attorney's Opinion 66-73-A, dated 30 December 66 and affirmed 28 May 69 states "... it is my conclusion that a Special Patrol Officer is a "policeman of a city" and is thus a peace officer within definition of Section 830.1 of the Penal Code."

The District Attorney has stated that 148 Penal Code (Resisting Public Officer) and 243 Penal Code (Battery Against Peace Officer) do not include provisions applicable to Patrol Special Police Officers, and these charges shall not be used in conjunction with arrests by these members.

P. O. NO. 17 - 2/3/72

PATROL SPECIAL OFFICERS - RULES AND PROCEDURES

Pursuant to information received from the Office of the District Attorney, effective immediately, San Francisco Patrol Special Police Officers and Assistant Patrol Special Officers are to be allowed to charge violations of Penal Code section 148, 243 and 245b in arrest situations when all other facts support such charge.  Further, page 25 of the Rules and Procedures for Patrol Special Officers and Assistant Patrol Special Officers, last paragraph, on "General Information" shall be deleted.

000084

EXHIBIT A26 f



OFFICE OF
### THE POLICE COMMISSION
# CITY AND COUNTY OF SAN FRANCISCO
HALL OF JUSTICE
850 BRYANT STREET
SAN FRANCISCO, CALIFORNIA 94103

ELMO E. FERRARI, President
DR. WASHINGTON E GARNER, Commissioner
RICHARD K. MILLER, Commissioner

Willie E. Frazier
XXXXXXXXXXXXX
SECRETARY

September 29, 1970

Alfred J. Nelder
Chief of Police

Sir:

At a meeting of the Police Commission held on Monday, September 28, 1970, the following resolution was adopted:

RESOLUTION NO. 308-70

MANUAL OF RULES AND PROCEDURES FOR PATROL SPECIAL OFFICERS AND ASSISTANT PATROL SPECIAL OFFICERS OF THE SAN FRANCISCO POLICE DEPARTMENT - ADOPTED

RESOLVED, that a Manual of Rules and Procedures for Patrol Special Officers and Assistant Patrol Special Officers of the San Francisco Police Department as submitted by Chief of Police Alfred J. Nelder be, and the same is hereby adopted effective 0800, October 1, 1970.

AYES:    Commissioners Miller, Garner.
ABSENT:  Commissioner Ferrari.

Respectfully submitted,

Willie E. Frazier
Secretary
THE POLICE COMMISSION

cc:  Supervising Captain Jeremiah P. Taylor
     Planning and Research Bureau
     Lieutenant James M. Curran
     Sergeant Andrew J. Farren

942/316

000085

EXHIBIT A27.12

# EXHIBIT G

SAN FRANCISCO POLICE COMMISSION
CITY AND COUNTY OF SAN FRANCISCO

# RULES AND PROCEDURES
# FOR
# PATROL SPECIAL OFFICERS
# AND THEIR ASSISTANTS



Adopted November 30, 1994
AMENDED NOVEMBER 10, 1999

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

SECTION 1 GENERAL PRINCIPLES .................................................................................... 1
  1.01   AUTHORITY FOR RULES.............................................................................. 1
  1.02   STATEMENT OF INTENT ............................................................................. 1
  1.03   PATROL SPECIAL OFFICERS DUTIES ..................................................... 1
  1.04   HIRING OF ASSISTANT PATROL SPECIAL OFFICERS ......................... 2
  1.05   AUTHORITY OF PATROL SPECIAL OFFICERS AND THEIR ASSISTANTS .......... 2
  1.06   FIREARMS....................................................................................................... 2
  1.07   PROGRAM ADMINISTRATION ................................................................... 2

SECTION 2 DEFINITION OF TERMS ................................................................................. 3
  2.01   DEFINITIONS OF WORDS ........................................................................... 3

SECTION 3 ORGANIZATION AND ADMINISTRATION .................................................. 6
  3.01   AUTHORITY TO APPOINT ........................................................................... 6
  3.02   STATUS ........................................................................................................... 6
  3.03   QUALIFICATIONS/REQUIREMENTS FOR PATROL SPECIAL OFFICERS ......... 6
  3.04   QUALIFICATIONS/REQUIREMENTS FOR ASSISTANT PATROL SPECIAL OFFICERS ...... 8
  3.05   TRAINING ....................................................................................................... 9
  3.06   EVALUATIONS .............................................................................................. 10
  3.07   BEAT SALES ................................................................................................. 10
  3.08   SUBSCRIBERS .............................................................................................. 12
  3.09   EMPLOYING ASSISTANT PATROL SPECIAL OFFICERS .................... 12
  3.10   DEPARTMENT PROPERTY ........................................................................ 13
  3.11   TERMINATION OF ASSISTANT PATROL SPECIAL OFFICER EMPLOYMMENT ......... 13
  3.12   DISCIPLINE PROCESS ................................................................................ 13
    A.   BASIS FOR DISCIPLINARY ACTION ....................................................... 13
    B.   DEFINITIONS.................................................................................................. 14
    C.   CHIEF'S ADMINISTRATION OF CORRECTIVE ACTION FOR PATROL SPECIALS AND ASSISTANT PATROL SPECIALS ...... 15
    D.   PATROL SPECIAL OFFICER'S HEARING BEFORE THE POLICE COMMISSION ........ 16
    E.   SUSPENSION PENDING HEARING ........................................................... 16
    F.   FORMAL CHARGES ..................................................................................... 17
    G.   SERVICE OF CHARGES SHALL BE ACCOMPLISHED AS FOLLOWS: ...... 17
    H.   DISCIPLINARY LIMITATIONS .................................................................... 18
  3.13   CITIZEN COMPLAINTS................................................................................ 18
    A.   RECEIPT OF COMPLAINTS ....................................................................... 18
    B.   RECEIPT OF COMPLAINTS AT MANAGEMENT CONTROL ................. 20
    C.   INVESTIGATION REPORT........................................................................... 21
    D.   CATEGORIES OF FINDINGS...................................................................... 22
    E.   CATEGORIES OF RECOMMENDATIONS ................................................ 22
    F.   CITIZEN NOTIFICATION .............................................................................. 23
    G.   REPORTS OF MISCONDUCT BY PATROL SPECIALS OR ASSISTANTS ...... 23
  3.14   SUSPENSION................................................................................................. 24
  3.15   ADVERTISING ............................................................................................... 24
  3.16   OTHER EMPLOYMENT ............................................................................... 25
  3.17   LIABILITY........................................................................................................ 25
  3.18   PEACE OFFICER STATUS .......................................................................... 25
  3.19   SOLICITATION BY DEPARTMENT MEMBERS ....................................... 25
  4.01   TERMS OF CONTRACTS ............................................................................ 26
  4.02   PERFORMANCE OF DUTIES ..................................................................... 26
  4.03   ORDERS OF POLICE OFFICERS .............................................................. 26
  4.04   INVESTIGATIONS ......................................................................................... 26
  4.05   INCIDENT REPORTS .................................................................................... 26
  4.06   INCIDENTS REQUIRING POLICE ATTENTION ....................................... 27

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

4.07   COOPERATION AT THE SCENE OF AN INCIDENT ...................................................27
4.08   UNIFORM AND EQUIPMENT ...........................................................................27
4.09   CONDUCT TOWARD THE PUBLIC ...................................................................27
4.10   RECORDS- MONTHLY SERVICE LOG ..............................................................28
4.11   ATTENTION TO DUTY ...................................................................................28
4.12   ASSISTANTS ...............................................................................................28
4.13   MINIMUM HOURS OF WORK ..........................................................................28
4.14   RECORDS OF ASSISTANTS ...........................................................................28
4.15   RECORDS OF CLIENTS .................................................................................29
4.16   CHANGE OF ADDRESS/TELEPHONE NUMBER..................................................29
4.17   COOPERATION WITH CRIMINAL INVESTIGATION ..............................................29
4.18   DISCHARGE OF FIREARM ..............................................................................29
4.19   COMPLAINTS, SUMMONS, SUBPOENAS ..........................................................30
4.20   CONDUCT....................................................................................................30
4.21   RADIO PROCEDURES ...................................................................................30
4.22   USE OF DEPARTMENT FACILITIES .................................................................30
4.23   ACCESS TO INFORMATION ...........................................................................31
4.24   DISTRICT STATION LIAISON OFFICER .............................................................31
4.25   PROCEDURE FOR REPORTING ON AND OFF DUTY ...........................................31
4.26   ON DUTY VEHICLE ACCIDENTS INVOLVING PATROL SPECIALS OR ASSISTANTS.............. .........31
5.01   ENGAGING IN OTHER DUTIES ........................................................................32
5.02   TRAFFIC STOPS ...........................................................................................32
5.03   CITATIONS...................................................................................................32
5.04   VEHICLE PURSUITS .....................................................................................
5.05   TRANSPORTING PRISONERS .........................................................................
5.06   UNIFORM AND EQUIPMENT ITEMS DISPLAY OFF DUTY......................................
5.07   VEHICLE MODIFICATION ...............................................................................33
5.08   PROHIBITED FIREARMS ................................................................................33
5.09   SLEEPING ON DUTY......................................................................................33
5.10   ALCOHOL AND DRUGS..................................................................................33
5.11   FILING SUIT..................................................................................................34
5.12   SUBPOENA SERVICE/CIVIL ACTIONS ..............................................................34
5.13   BAIL BOND AGENTS......................................................................................34
5.14   RECOMMENDING ATTORNEYS .......................................................................34
6.01   UNIFORM AND EQUIPMENT EXPENSE .............................................................35
6.02   UNIFORM AND EQUIPMENT SPECIFICATIONS ..................................................35
6.03   DEPARTMENT ISSUED PROPERTY .................................................................36
6.04   DISPLAY OF STAR.........................................................................................37
6.05   APPEARANCE ..............................................................................................37
6.06   LOSS OF UNIFORM OR EQUIPMENT ...............................................................37
6.07   JEWELRY AND ORNAMENTS ..........................................................................37
6.08   RADIO EQUIPMENT .......................................................................................37
6.09   VEHICLE INSPECTION ...................................................................................38

**San Francisco Police Department**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

## Section 1
## GENERAL PRINCIPLES

### 1.01   AUTHORITY FOR RULES

The following Rules and Procedures are adopted pursuant to the authority vested in the Police Commission by the Charter of the City and County of San Francisco Section 4.127.  The Police Commission delegates to the Chief of Police and the Police Department the authority to implement and administer these Rules and Procedures within their capabilities and resources.

### 1.02   STATEMENT OF INTENT

These Rules and Procedures are intended to provide for the safe and efficient management and supervision of Patrol Special Police Officers (hereinafter referred to as "Patrol Specials") and Assistant Patrol Special Police Officers (hereinafter referred to as "Assistant Patrol Specials") by the Police Commission and the Chief of Police.

### 1.03   PATROL SPECIAL OFFICERS DUTIES

A.   The Police Commission defines a Patrol Special Officer (approved by the Commission pursuant to San Francisco Charter Section 4.127) as a private patrol person, who contracts to perform security duties of a private nature for private persons and businesses within the geographical boundaries set forth by the Police Commission.

B.   While a Patrol Special is performing duties as a private patrol person, he or she is an independent operator and not a member of the San Francisco Police Department nor an employee of the City and County of San Francisco.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

## 1.04   HIRING OF ASSISTANT PATROL SPECIAL OFFICERS

Patrol Specials may hire as assistants only those persons who are duly licensed under section 7580 *et seq.* of the Business & Professions Code and approved by the Chief of Police.  Assistant Patrol Special Officers are employees of Patrol Special Officers.

## 1.05   AUTHORITY OF PATROL SPECIAL OFFICERS AND THEIR ASSISTANTS

Patrol Special Officers and Assistant Patrol Special Officers are not expected to, nor shall they engage in general law enforcement duties; therefore, no need for peace officer status exists or is required.  The Police Commission does not intend to confer such status on Patrol Special Officers or their Assistants.  The arrest powers of Patrol Special Officers and their Assistants shall be the same as those enumerated in Penal Code Section 837.

## 1.06   FIREARMS

A.   Patrol Specials are authorized to carry a loaded firearm only while on duty in uniform, or en route to or from being on duty, if they comply with all training and other provisions within Penal Code Section 12031(c) (1).

B.   Assistant Patrol Specials are authorized to carry firearms only while on duty in uniform, or en route to or from being on duty as authorized by Penal Code Section 12031(d) (5) and if they comply with all training and other provisions pursuant to Penal Code Section 12033.

## 1.07 PROGRAM ADMINISTRATION

A.   The Deputy Chief of Field Operations Bureau is responsible for the administration of the Patrol Special Program.  To discharge this responsibility, the Deputy Chief is authorized to and shall appoint a Program Administrator to run the day to day operation of the program.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

B.    For reporting and disciplinary action, Patrol Specials and Assistant Patrol
      Specials shall be under the supervision of the captains of the districts in
      which their beats are located.  In case of multiple beats in multiple
      districts, the Program Administrator shall determine which district captain
      has authority over the Patrol Specials and Assistant Patrol Specials.

**********************

## Section 2
## DEFINITION OF TERMS

Words used in these Rules and Procedures in the present tense include the future as
well as the present; the masculine includes the feminine; the singular includes the plural
and the plural the singular.

### 2.01  DEFINITIONS OF WORDS

The following words have, in these Rules and Procedures, the signification
attached to them in this section unless otherwise apparent from the context.

A.    **CITY AND COUNTY**
      City and County of San Francisco.

B.    **CHARTER**
      Charter of the City and County of San Francisco.

C.    **COMMISSION**
      The Police Commission of the City and County of San Francisco.

D.    **DEPARTMENT**
      San Francisco Police Department.

E.    **P.O.S.T.**
      California Commission on Peace Officers Standards and Training.

F.    **CHIEF**
      The Chief of Police for the City and County of San Francisco.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

G. **POLICE OFFICER**

Person appointed to the Department as a full-time, regularly salaried police officer as defined in California Penal Code section 830.1.

H. **POLICE EMPLOYEES**

All persons other than police officers appointed to the Department in any permanent or temporary Civil Service classification.

I. **PATROL SPECIAL OFFICER**

A private patrol person, appointed by the Police Commission, who contracts to perform security duties of a private nature for private persons or businesses within the geographical boundaries set forth by the Police Commission. A Patrol Special Officer is the owner of a beat.

J. **ASSISTANT PATROL SPECIAL**

A private patrol person approved and appointed by the Chief of Police and employed by a Patrol Special to perform security duties of a private nature for private persons or businesses within the assigned area of their employers beat. An Assistant Patrol Special is not the owner of a beat.

K. **DISTRICT**

An administrative area commanded by a Captain of Police.

L. **BEAT**

That area of patrol within which a Patrol Special Officer has contracted with private persons or businesses to perform security duties with permission granted from the Police Commission, per Charter section 4.127.

M. **WATCH**

An eight (8) hour tour of duty.

N. **DAY**

Twenty-four (24) hours commencing at 0001 hours and ending 2400 hours the same day.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

O.   WEEK
     Seven (7) successive twenty-four (24) hour periods commencing at 0001
     hours Sunday.

P.   SHALL
     Mandatory.

Q.   MAY
     Permissive.

R.   B & P Code
     California Business and Professions Code.

S.   SUPERVISORY OFFICER
     A Q50 Police Sergeant assigned to supervise patrol functions with a
     police district.

T.   SUPERVISING CAPTAIN
     The Captain of Police commanding the district to which a Patrol Special is
     primarily designated for the administrative purposes described in these
     rules (e.g. disciplinary actions, reporting on and off duty, and beat sales).

*********************

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

# Section 3
## ORGANIZATION AND ADMINISTRATION

### 3.01   AUTHORITY TO APPOINT

A.   The Police Commission shall appoint Patrol Special Officers.

B.   The Chief of Police may appoint as Assistant Patrol Special Officers those qualified persons who have been nominated by a Patrol Special.

### 3.02   STATUS

Patrol Specials and Assistant Patrol Specials are not members of the uniform ranks of the Police Department and they are not employees of the City and County of San Francisco.

### 3.03   QUALIFICATIONS/REQUIREMENTS FOR PATROL SPECIAL OFFICERS

Patrol Specials at the time of appointment shall:

A.   Be at least twenty-one (21) years of age.

B.   Be of good moral character.

C.   Be a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship.

D.   Be a high school graduate or pass the General Education Development (G.E.D.) Test indicating high school graduation level.

E.   Be fingerprinted by the San Francisco Police Department for the purpose of searching local, state, and national fingerprint files to disclose any criminal record.

**San Francisco Police Department**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

F.    Provide a letter, signed by a private physician, certifying that the private physician has examined the applicant and found the applicant to be free from any physical, emotional or mental condition which adversely affects the ability to safely exercise their duties.

G.    Have successfully completed training as prescribed by the Chief of Police. Minimum training requirements will be established by the Commanding Officer of the San Francisco Police Academy upon approval of the Chief of Police.

H.    Have prepared and submitted the prescribed application to and received a written approval from the Deputy Chief of the Field Operations Bureau and the commanding officer(s) of the district(s) involved.

I.    Present evidence of insurance in the following amount:

1.    Worker's Compensation and Employer's Liability to cover themselves and their employees.

2    Comprehensive bodily injury and property damage liability insurance, including automobile liability and including liability for assault and battery, false arrest, false imprisonment, malicious prosecution, libel and slander, and invasion of privacy. This insurance shall provide limits of liability of not less than $200,000 for property to each person and $300,000 for each occurrence and $50,000 for property damage. Any comprehensive bodily injury and property damage liability policy or policies shall include the City and County of San Francisco, its officers or employees as an additional named insured, in the event any person shall charge or allege that the City and County of San Francisco, its officers or employees are liable or responsible for any act or conduct of the Patrol Special's business whether by respondent superior or any other legal theory, and shall contain the following endorsement:

      "Notwithstanding any other provision in the policy, the insurance afforded hereunder to the City of San

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

Francisco shall be primary as to any other insurance or reinsurance covering or available to the City of San Francisco, and such other insurance or reinsurance shall not be required to contribute to any liability or loss until and unless the appropriate limit of liability afforded hereunder is exhausted."

Each of said policies of insurance shall contain a clause substantially in the following words:

"It is hereby understood and agreed that this policy may not be canceled, nor the amount of the coverage reduced, until ten days after receipt by the City Attorney of the City and County of San Francisco a written notice of such cancellation or reduction of coverage, as evidenced by receipt of a registered letter."

All certificates of insurance must be approved as to form by the City Attorney of the City of San Francisco.

J.    Be approved and recommended by the Chief of Police after the completion of a favorable background investigation.

K.    Have completed the handgun qualification course with their on duty firearm at the San Francisco Police Range.

## 3.04    QUALIFICATIONS/REQUIREMENTS FOR ASSISTANT PATROL SPECIAL OFFICERS

Assistant Patrol Specials at the time of appointment shall:

A.    Be twenty-one (21) years of age.

B.    Be of good moral character.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

C.    Be a citizen of the United States or a permanent resident alien who is
      eligible for and has applied for citizenship.

D.    Be a high school graduate or pass the General Education Development
      (G.E.D.) Test indicating high school graduation level.

E.    Be fingerprinted by the San Francisco Police Department for the purpose
      of searching local, state, and national fingerprint files to disclose any
      criminal record.

F.    Provide a letter, signed by a private physician, certifying that the private
      physician has examined the applicant and found the applicant to be free
      from any physical, emotional or mental condition which adversely affects
      the ability to safely exercise their duties.

G.    Be approved and appointed by the Chief of Police after the completion of
      a favorable background investigation.

H.    Have successfully completed the training prescribed by the Chief of Police
      and secured the licensing prescribed by sections 12031(d) and 12033 of
      the Penal Code, and sections 7580 *et seq.* of the Business and
      Professions Code, and the Bureau of Consumer Affairs.

I.    Have completed the handgun qualification course with their on duty
      firearm at the San Francisco Police Range.

## 3.05   TRAINING

Patrol Specials and Assistant Patrol Specials shall participate in additional
training as required by the Chief of Police.  Costs for training provided by the San
Francisco Police Department shall be paid for by the Patrol Specials and
Assistant Patrol Specials prior to receiving such training at a rate commensurate
with the rates charged to other private persons.  Minimum annual training shall
include:

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

A.    Successful completion of the firearms qualifications course twice each year on dates set by the Range Master at the San Francisco Police Range.

B.    Annual completion of twenty-four (24) hours of classroom instruction presented at the Police Academy.

## 3.06   EVALUATIONS

When directed by the Police Commission, the Chief of Police will provide to the Commission a written evaluation of Patrol Specials and Assistant Patrol Specials. The evaluations will be based on criteria set forth by the Commission which may include, but is not limited to, attendance records, field observations, and training.

## 3.07   BEAT SALES

A.    Patrol Specials desiring to sell their beat(s) shall submit in triplicate (an original and two (2) copies) a written request for approval of sale to the Commanding Officer(s) of the district(s) involved, and shall submit one (1) copy to the Secretary of the Police Commission. The request shall include:

　　1.    A written description of the boundaries of the beat for sale;
　　2.    Identification of the requesting purchaser; and
　　3.    The beat number and the district(s) where it is located.

B.    Purchaser shall meet all qualifications for appointment to Patrol Special as defined in Rule 3.03 prior to requesting the purchase of beat. A Patrol Special may not own more than three (3) beats at one time (except those who own more than three (3) at the time of the amendment of this rule will not be required to sell any beat to bring them into compliance with this section, but they will be prohibited from making a future purchase). The requesting purchaser shall submit in triplicate (an original and two (2) copies) a written request to purchase said beat, to the Commanding

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

Officer(s) of the district(s) involved, and shall submit one (1) copy to the Secretary of the Police Commission. The request to purchase shall include:

1. A statement that the purchaser is twenty-one (21) years of age.

2. A statement that the purchaser is a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship.

3. A statement that the purchaser is a high school graduate or has passed the General Education Development (G.E.D.) Test indicating high school graduation level.

4. A letter, signed by a private physician, certifying that the private physician has examined the purchaser and found the purchaser to be free from any physical, emotional or mental condition which prevents the safe exercise of the Patrol Special Officers duties.

5. A certificate of completion or notarized statement that the purchaser has successfully completed training as prescribed by the Chief of Police.

6. The number of beats already owned.

C. Upon notification of approval by the Secretary of the Police Commission to sell such beat, the seller shall submit to the Commission:

1. A notarized bill of sale (an original and three (3) copies) signed by both the seller and the approved purchaser; the bill of sale shall contain the total selling price, the terms of the agreement and shall not become final until the Commission has approved the sale.

2. A map outlining the beat boundaries.

3. A written legal description of the beat boundaries.

San Francisco Police Department                                                  11

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

4.   A list of clients, their addresses and phone numbers.

5.   A cashier's check, in the sum of $500.00 payable to the San Francisco Police Department for the administrative processing and transfer fee.

## 3.08   SUBSCRIBERS

A.   Patrol Specials shall neither solicit nor accept new subscribers in areas outside the confines of their beat.

B.   Patrol Specials shall not accept new subscribers in unclaimed areas adjoining their beat without first applying to and receiving from the Police Commission, permission to annex the unclaimed area.

1.   The Patrol Special requesting annexation shall submit an annexation application with a fee of $500.00 in the form of a cashier's check, payable to the San Francisco Police Department.

2.   Upon approval by the Police Commission, the annexation of the unclaimed area shall be added to the applying Patrol Special's beat.

## 3.09   EMPLOYING ASSISTANT PATROL SPECIAL OFFICERS

Patrol Special Officers wishing to employ Assistant Patrol Specials shall submit to the Supervising Captain and the Chief of Police a written request (an original and three (3) copies) for such, identifying the applicant fully, verifying completion of required training, stating whether the applicant possesses a current certification of appointment as an Assistant pursuant to Rule 3.04, and certifying that the Assistant Patrol Special will be employed a minimum of eight (8) hours per week.

**San Francisco Police Department**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94.
Amended November 10, 1999.

3.10   DEPARTMENT PROPERTY

A.   Patrol Specials shall be responsible for all Department property, including stars, identification cards, copies of these Rules and Procedures, and any other Department property held by them and their Assistants.

B.   Upon the termination of the services or termination of the appointment of an Assistant, the employing Patrol Special Officer shall immediately obtain and return to the Department, all Department property held by the Assistant. Such property shall be brought to the Supervising Captain within five (5) days after the effective date of the termination.

3.11   TERMINATION OF ASSISTANT PATROL SPECIAL OFFICER EMPLOYMMENT

If a Patrol Special terminates the employment of an Assistant Patrol Special, the employing Patrol Special shall immediately submit a written report (an original and three (3) copies) of the termination of an Assistant Patrol Special to the Supervising Captain of the district(s) involved, identifying the Assistant so terminated, the reason for the termination and the effective date of the termination. The report shall then be forwarded through the Supervising Captain of the district station to the Deputy Chief of the Field Operations Bureau. Termination by an employing Patrol Special shall result in immediate cancellation of the terminated Assistant's appointment as an assistant for all purposes unless the Assistant is concurrently employed by one or more other Patrol Specials.

3.12   DISCIPLINE PROCESS

A. BASIS FOR DISCIPLINARY ACTION

1.   Orders, Directives and Procedures:

(a)   Patrol Specials or their Assistants who violate any rule or procedure contained within these Rules and Procedures may be subject to disciplinary action.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

    (b)    Pursuant to these Rules and Procedures, Patrol Specials and their Assistants shall obey all written orders of the Department that are not clearly inapplicable to their respective assignments.

    (c)    Patrol Specials may be held responsible and be subject to disciplinary action for violations by Assistant Patrol Specials in their employment in cases where the Patrol Special has failed to adequately supervise the Assistant.

    (d)    Any person subject to these rules who fails to maintain any required license may be subject to disciplinary action.

## B. DEFINITIONS

1.    **Admonishment:**   An admonishment is an advisory, corrective, or instructional action by a superior which does not constitute formal discipline. It is a warning only and not a punitive action.

2.    **Reprimand:**   A reprimand is a formal written punitive action which shall be noted or included in an individual's administrative file. A subsequent violation of a similar nature invites more serious punitive action.

3.    **Suspension:**   A Patrol Special's or an Assistant Patrol Special's appointment may be suspended.

4.    **Fine:**   A Patrol Special or an Assistant Patrol Special may be fined, after a hearing for a sum not exceeding one thousand dollars ($1,000.00) for each offense, payable to the San Francisco Police Department.

5.    **Termination:**   Revocation of appointment.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

C.   **CHIEF'S ADMINISTRATION OF CORRECTIVE ACTION FOR PATROL SPECIALS AND ASSISTANT PATROL SPECIALS.**

1.   <u>Supervising Captain:</u>   Subject to the prior approval of the Chief, the Supervising Captain of the Patrol Special or Assistant Patrol Special may dispose of minor violations of orders, policy and procedures committed by a Patrol Special or an Assistant Patrol Special working in the district by re-instruction or admonishment.

2.   **Chief's Hearing:** After investigation, when allegations of misconduct are sustained, the Chief or the Chief's designee may order a hearing at his or her discretion. The Chief or the Chief's designee may, in the alternative, give a Patrol Special or an Assistant Patrol Special notice of intended action.

(a)   The notice shall be personally served on the Patrol Special or Assistant Patrol special by the Supervising Captain or his/her designee. The notice shall inform the Patrol Special or Assistant Patrol Special of the proposed disciplinary penalty, the nature of the charge or allegation of misconduct, the basis for the charge or allegation and shall state that the material on which the charges shall be based is available for inspection. The notice shall inform the Patrol Special or Assistant Patrol Special that he/she has fifteen (15) calendar days from the date of the notice to request a hearing. If the Chief or the Chief's designee does not receive a request for a hearing within the prescribed time, the proposed penalty will be imposed.

(b)   If a Patrol Special or Assistant Patrol Special is found to have violated any order, policy, or procedure of the Department or any order or instruction issued by competent authority, the Chief or his/her representative may impose any of the following:

(i)   For a Patrol Special: counseling, retraining, admonishment, reprimand, fine, or referral by charges

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

to the Commission for possible suspension or
revocation of appointment.

    (ii)    For an Assistant Patrol Special: counseling,
retraining, admonishment, reprimand, fine,
suspension or revocation of appointment.

(c)    When an Assistant Patrol Special is charged with a violation,
a copy of the notice of intended disciplinary action and other
notices shall be mailed to the Patrol Special who employs
the Assistant.

## D.    PATROL SPECIAL OFFICER'S HEARING BEFORE THE POLICE COMMISSION

If the Chief believes that sustained allegations of misconduct should result
in suspension or termination of a Patrol Special Officer, the matter shall
be referred to the Police Commission. The Commission shall then
conduct a hearing pursuant to the Commission's rule governing trials of
disciplinary cases.

## E.    SUSPENSION PENDING HEARING

1.    The Chief is authorized to suspend temporarily any Patrol Special
Officer or Assistant Patrol Special Officer pending a hearing on
allegations of serious misconduct or where public safety requires
such action. The Chief shall immediately notify the Police
Commission of such action in writing.

2.    A Patrol Special or an Assistant Patrol Special placed on interim
suspension is entitled to an administrative hearing. The Chief shall
hold such hearing within five (5) working days of such suspension.
The purpose of this hearing is to determine whether the Patrol
Special or Assistant Patrol Special should remain suspended
pending the disciplinary hearing.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

3.     A Patrol Special suspended pending the hearing of charges is entitled to a hearing before the Commission within thirty (30) calendar days of the interim suspension.  The Police Commission may in its discretion, grant a continuance for a period of time that exceeds the thirty (30) calendar day period, if requested by the accused.

## F.  FORMAL CHARGES

1.     A charge is formal written accusation, filed with the Commission, alleging misconduct on the part of a Patrol Special Charges must be definite, clear, and specific.

2      Charges shall state the first name, middle initial and surname of the accused.  Charges must contain a statement of facts constituting the grounds of the complaint in ordinary, concise language, subscribed by the Chief of Police

## G.  SERVICE OF CHARGES SHALL BE ACCOMPLISHED AS FOLLOWS:

1.     By serving a copy of the charges on the accused personally and filing the original copy of the charges and the proof of service showing date, time and place of service with the Commission as soon as practicable after service is accomplished.

2.     If personal service is not made after reasonable diligence, a copy of the charges shall be left at the Patrol Special's last known residence in the presence of a competent member of the household at least 18 years of age who shall be informed of the contents thereof.

3.     If personal service cannot be made or if a copy cannot be left with some, competent person over the age of 18 years at the last known residence of the accused, before the date set for trial, then a copy will be mailed by certified mail to the Patrol Special's last known address.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

4.   Charges shall be served at least seven (7) calendar days before the setting date for hearing. In computing said period of seven (7) calendar days, the date of service shall be excluded and the date of setting included.

5.   When charges are served under the provisions of either sections 2 or 3, above, the officer serving same shall submit a report stating how service was made, the time of service, and file same with the original set of charges.

6.   The original proof of service shall be filed with the Police Commission as soon as practicable after service is accomplished.

7.   The subject Patrol Special or his/her designated representative shall attend each session of the Police Commission at which the pending charges appear on the agenda.

## H. DISCIPLINARY LIMITATIONS

Once a Patrol Special or an Assistant Patrol Special has been formally punished for a violation(s), such individual shall not receive any other punishment for the same incident. However, prior sustained allegations of misconduct or imposition of disciplinary action may be considered in a subsequent disciplinary proceeding(s) for purposes of fixing penalties.

## 3.13   CITIZEN COMPLAINTS

The intent of this rule is to set forth procedures for the receipt, investigation and disposition of allegations of misconduct made against Patrol Specials or Assistants by private citizens.

## A. RECEIPT OF COMPLAINTS

18

**San Francisco Police Department**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

1.   Citizen complaints of misconduct against Patrol Specials or Assistants, whether received by letter, telephone or in person, shall be accepted by any member of the Department. The member accepting the complaint shall immediately refer the matter to the senior-ranking officer on-duty in the station, division or section where the complaint is being made, who shall be responsible for the immediate preparation of the SFPD 83, Management Control Division Case form.

2.   The senior-ranking on-duty officer in a district, division or section (other than the Management Control Division) to whom a citizen's complaint against a Patrol Special or Assistant is given or referred shall:

(a)   In all cases prepare and send a completed copy of SFPD 83 in a sealed envelope to the Management Control Division in the next transfer of orders.

(b)   Remain personally responsible for the conduct of matters until relieved of responsibility by proper authority.

(c)   Evaluate the seriousness of the allegation to ascertain whether an immediate initial administrative investigation should proceed. The criterion requiring an immediate investigation at a district, division or section level in addition to any investigation, which may be conducted by the Management Control Division, is that the investigation will be jeopardized by a delay.

Examples:

(i)   The conduct which is the subject of the complaint, purportedly had been committed by personnel who are still working at the time the complaint is being made.

(ii)   The complaint alleges unfitness of a Patrol Special or Assistant to perform his/her service.

San Francisco Police Department                                                    19

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

    (iii)    The allegation, if proved, constitutes criminal conduct on the part of a Patrol Special or Assistant.

(d)    The senior-ranking on-duty officer in cases requiring an immediate initial investigation shall prepare an initial investigatory report in addition to the SFPD 83 addressed to his/her Commanding Officer before reporting off-duty.

(e)    The initial investigatory report shall contain such information as can reasonably be obtained before the senior-ranking officer reports off-duty.

**Examples:**

    (i)    Full identification of all witnesses.

    (ii)    Summary statements from all witnesses.

    (iii)    Preliminary findings and recommendations, where appropriate.

3.    In instances where it is necessary to relieve a Patrol Special or Assistant as unfit for duty; in which the allegation of misconduct constitutes criminal activity; in which the individual has been arrested; or in which the individual is accused of other extremely serious misconduct, the senior-ranking on-duty officer shall contact the appropriate Supervising Captain at any time of the day or night.

(a)    The Supervising Captain shall assure that the proper investigative steps are being taken, and if required by the circumstances, shall respond to the unit and take personal charge of the investigation. Once notified, whether responding or not, the Supervising Captain shall be personally responsible for the conduct of the investigation.

B.    **RECEIPT OF COMPLAINTS AT MANAGEMENT CONTROL**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

Complaints received directly at Management Control Division and complaints received in the form of SFPD 83 prepared by other divisions, districts or sections shall be assigned a Management Control Division file number by the Management Control Division Commanding Officer.

1. The Commanding Officer of Management Control Division shall assign the investigation of the complaint to either Management Control Division personnel or the Supervising Captain of the accused.

2. The Supervising Captain of the accused shall have forty-five (45) calendar days from assignment of the investigation to return it to Management Control Division.

C.   INVESTIGATION REPORT

The results of the investigation shall be prepared on an SFPD 68 (Memorandum Form), addressed to the Chief of Police according to the below format:

1. Page 1:      Shall include individual's **name, type of complaint,** (Unnecessary force, Unwarranted Action, Neglect of Duty or Misconduct) **case number, date, time and place** of occurrence, **complaint** (briefly, what the Patrol Special or Assistant Patrol Special is accused of) and **focus** of investigation.

2. Page 2:      Involved **parties/witnesses.**

3. Page 3:      Shall include a description of the investigation, which should consist of a **brief chronology** that includes who was interviewed and any other evidence developed which aided the investigation.

4. Page 4:      Summary **Statements** of those interviewed.

San Francisco Police Department

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

5.     **Page 5:**     Shall include the **Conclusion** (a narrative as to what and how you reached your conclusion).

6.     **Page 6:**     Shall include the **Recommendation**, i.e., "I recommend that the allegations made against ......NAME...... of......NEGLECT OF DUTY...... (or other appropriate category), be classified as ......INSUFFICIENT....(or other appropriate finding)."

7.     **Page 7:**     Attachments.

D.     **CATEGORIES OF FINDINGS**

1.     **Improper Conduct:**     The investigation disclosed enough evidence to clearly prove the allegation of misconduct.

2.     **Insufficient Evidence:**     The investigation failed to reveal and document enough evidence to clearly prove or disprove the allegation.

3.     **Proper Conduct:**     The act or event for which the allegation of misconduct was made did not occur; or investigation reveals that the action was justified, lawful, and proper.

4.     **Policy Failure:**     The act which provided the basis for the complaint did occur; however, while the investigation revealed that at the time of occurrence, the policy of the department under which the act was performed was unconstitutional, illegal or otherwise deficient.

5.     **Unfounded:**     The investigation conclusively proved the incident complained of did not occur, or that the individual named in the complaint was not involved.

E.     **CATEGORIES OF RECOMMENDATIONS**

22

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

Based on the above Conclusions, one of the below recommendations shall be made (Items 1 through 5, are not deemed to be disciplinary action):

1.   That the matter be closed and filed.

2.   That the individual be counseled.

3.   That the individual be retrained.

4.   That policy or procedure be changed.

5.   That an individual be orally admonished.

6.   That an individual be given a written reprimand.

7.   That the matter be referred to the Chief for further action.

8.   That criminal charges be filed.

F.   CITIZEN NOTIFICATION

Upon the completion of each formal investigation, the Commanding Officer of the Management Control Division shall assure that the complainant and the accused receive a letter containing the final disposition of the case.

G.   REPORTS OF MISCONDUCT BY PATROL SPECIALS OR ASSISTANTS

When a Patrol Special or Assistant Patrol Special makes a complaint against another Patrol Special or Assistant, arising from the duties described in these Rules, or a member of the Department, the accusing individual shall prepare a Memorandum, not a Form SFPD 83, addressed to his/her Supervising Captain.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

## 3.14   SUSPENSION

Patrol Specials and Assistant Patrol Specials under suspension shall remain
subject to applicable orders of the Chief and these Rules and Procedures.

## 3.15   ADVERTISING

### A.   APPROVAL OF ADVERTISING MATERIALS

All written advertising by Patrol Specials shall be submitted to the Chief of
Police or the Chief's designee through channels for approval before
distribution to the public.

### B.   REQUIRED DISCLOSURE STATEMENT

In any written advertising or solicitation of accounts, Patrol Specials shall
include the following statement using a font no smaller than 12 point
Courier at the conclusion of their advertising or solicitation document:

> "Patrol Special Officers and their Assistants are
> not members or employees of the San Francisco
> Police Department and are not required to perform
> general law enforcement duties.  Contracts for
> street patrol or fixed patrol services offered by
> Patrol Special Officers are strictly voluntary.
> Such Services are in addition to and different
> from patrol services provided by the San Francisco
> Police Department.  The City and County of San
> Francisco will not provide a defense nor pay
> damages from conduct of Patrol Specials or their
> employees undertaken on behalf of subscribers."

**San Francisco Police Department**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

## 3.16   OTHER EMPLOYMENT

Patrol Specials and Assistants shall neither operate nor be employed by any private patrol or an investigative business in conjunction with Patrol Special services.

## 3.17   LIABILITY

Patrol Specials shall not represent to their subscribers or potential subscribers that the City and County of San Francisco will provide a defense nor pay damages resulting from conduct of Patrol Specials or their employees undertaken on behalf of subscribers.

## 3.18   PEACE OFFICER STATUS

Patrol Specials and Assistant Patrol Specials shall not represent that they exercise peace officer powers.

## 3.19   SOLICITATION BY DEPARTMENT MEMBERS

No Patrol Special or Assistant Patrol Special shall employ or encourage any member of the Department to solicit clients on behalf of any Beat Owner.

***************

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

# Section 4
# DUTIES AND RESPONSIBILITIES

### 4.01   TERMS OF CONTRACTS

Patrol Specials and Assistant Patrol Specials shall observe the terms of their contractual relationships with the person(s) that subscribe to their services.

### 4.02   PERFORMANCE OF DUTIES

Patrol Specials and Assistant Patrol Specials shall perform all their duties in the manner prescribed by law and by these Rules.

### 4.03   ORDERS OF POLICE OFFICERS

Patrol Specials and Assistant Patrol Specials shall strictly obey and promptly execute the lawful orders of police officers.

### 4.04   INVESTIGATIONS

Patrol Specials and Assistant Patrol Specials shall, when called upon by a police officer or by one specially assigned by lawful authority to conduct an investigation involving a police matter, truthfully answer all questions propounded.  All reports, statements and declarations made orally or in writing in the foregoing matters shall contain the truth without evasion.

### 4.05   INCIDENT REPORTS

Patrol Specials and Assistant Patrol Specials shall summon a police officer, or make courteous and proper referral, whenever a person asks them to accept a

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

report of a police incident.  Patrol Special Officers or their Assistants may prepare a SECURITY REPORT that will immediately be submitted to a police officer for initial review, action and signature.

## 4.06   INCIDENTS REQUIRING POLICE ATTENTION

Patrol Specials and Assistant Patrol Specials shall, as soon as is reasonably possible, call to the attention of a police officer all incidents requiring police attention.

## 4.07   COOPERATION AT THE SCENE OF AN INCIDENT

Like any other private patrol person, Patrol Specials and Assistant Patrol Specials shall cooperate fully with the direction of the highest-ranking police officer present at the scene of an incident pursuant to the Penal Code of the State of California.

## 4.08   UNIFORM AND EQUIPMENT

Patrol Specials and Assistant Patrol Specials shall at all times while performing services to their subscribers, wear only the uniform and equipment items prescribed by the Commission.

## 4.09   CONDUCT TOWARD THE PUBLIC

Patrol Specials and Assistant Patrol Specials shall, in the performance of their services, be polite, civil and orderly in conduct and deportment, maintain patient decorum and command of temper and refrain from the use of harsh, violent, coarse, profane or uncivil language; and, shall, when requested, state their name, star number, and area of responsibility in a courteous manner.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

## 4.10  RECORDS- MONTHLY SERVICE LOG

Patrol Specials and Assistant Patrol Specials shall maintain a Monthly Service
Log that includes the beat(s), dates, and hours worked. This record shall be
retained for a period of two (2) years and shall be subject to inspection by the
Chief or his or her designated representative, or the Commission.

## 4.11  ATTENTION TO DUTY

Patrol Specials and Assistant Patrol Specials shall patrol their subscribers'
locations within their beat constantly and diligently within the limits of their
contractual obligations. Patrol Specials must personally participate in the patrol
of their beats. They cannot rely solely on Assistants to conduct patrol services.

## 4.12  ASSISTANTS

Patrol Special Officers may employ as assistants one or more persons qualified
under these rules and authorized to perform the services of the owner when the
latter is off or on some type of leave for more than four days. The Patrol Special
shall inform the Supervising Captain of the substitution, in writing, at least
twenty-four hours prior to the assistant performing such service, or in emergency
situations, as soon as practicable.

## 4.13  MINIMUM HOURS OF WORK

Patrol Specials shall inform the Supervising Captain and the Program
Administrator if an Assistant Patrol Special employed by them is no longer
working the minimum number of hours specified in Rule 3.09.

## 4.14  RECORDS OF ASSISTANTS

Patrol Specials shall provide the Supervising Captain and the Program
Administrator with the current names, addresses and telephone numbers of all

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

Assistant Patrol Specials they employ, as well as any Patrol Special Officers who act as their assistant.  This information is confidential and will be used for official use only.

## 4.15  RECORDS OF CLIENTS

Patrol Specials shall submit annually, and no later then January 31st of each year, a complete list of the clients on their beat to the Police Commission. Notification in writing shall be made to the Police Commission of any additions or deletions of subscribers within their beats.  Notification shall be include the subscriber's name, address and telephone number.  This information is confidential and will be used for official purposes only.

## 4.16  CHANGE OF ADDRESS/TELEPHONE NUMBER

Shall report in writing to the Secretary of the Police Commission and to the Supervising Captain any change of residence, new address and/or telephone numbers, to include business and pager numbers of the Patrol Special Officer and all Assistants, within twenty-four (24) hours after the change has been made.  This information is confidential and will be used for official purposes only.

## 4.17  COOPERATION WITH CRIMINAL INVESTIGATION

Patrol Specials and Assistant Patrol Specials shall provide all pertinent facts to and cooperate with those persons in the criminal justice system having responsibility for presentation of cases for court.

## 4.18  DISCHARGE OF FIREARM

Patrol Specials and Assistant Patrol Specials shall, as soon as practical after the discharge of their firearm, notify the Communications Unit (911) and the station keeper of the district in which the discharge occurred, and submit a written statement of such fact to the Supervising Captain.  This written statement shall

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

be in addition to any other report(s) made, and a copy shall be forwarded to the Legal Division.

## 4.19   COMPLAINTS, SUMMONS, SUBPOENAS

Patrol Specials and Assistant Patrol Specials shall, when served with a claim for damages, complaint, summons, or subpoena, involving possible liability on the part of the City and County, immediately notify the Legal Division in writing, indicating the date and time of service.  When served with a summons and complaint, copies of these documents shall be forwarded immediately with the report.

## 4.20   CONDUCT

Any conduct by a Patrol Special Officer or an Assistant while on patrol which constitutes a breach of the peace or a failure to perform his or her contractual duties, or any conduct by a Patrol Special or Assistant Patrol Special while working which undermines his or her ability to discharge contractual duties which reflects discredit upon the Department (though such offenses are not specifically defined or laid down in these rules and procedures) shall be considered misconduct subjecting the Patrol Special or Assistant Patrol Special to disciplinary action as herein set forth.

## 4.21   RADIO PROCEDURES

When using the police radio frequencies, transmissions shall be brief and shall use proper radio procedures and codes.

## 4.22   USE OF DEPARTMENT FACILITIES

Use of Police facilities is limited to official telephone calls, writing memos, use of inter-departmental mail and restrooms.  Official use of the copiers and fax must

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

be with the approval of the platoon commander. Personal telephone calls, messages or mail shall not be directed to any police facility.

## 4.23   ACCESS TO INFORMATION

The use of facilities does not include the use or direct access to CLETS, CABLE or Department computer terminals or any criminal files.

## 4.24   DISTRICT STATION LIAISON OFFICER

The Field Operations Bureau shall establish a "Patrol Special Liaison" at each district station, appointed from the rank of lieutenant by the district captain.  All Beat Owners shall contact the liaison of the district(s) in which their beat(s) exist(s) at least once a week to discuss any issues related to beat operation.

## 4.25   PROCEDURE FOR REPORTING ON AND OFF DUTY

Each day they work their beat(s), all Patrol Specials and Assistants shall report on and off duty in person to the Platoon Commander of the district to which they are primarily designated to allow a CAD entry to be made documenting their status.  If they are scheduled to work multiple beats in multiple districts during the same shifts, they shall minimally notify the station keeper(s) of the other affected district(s) that they are on duty after making the initial notification in their primary district.  This procedure will begin immediately following the Commission's adoption of these revised Rules (7/98).

## 4.26   ON DUTY VEHICLE ACCIDENTS INVOLVING PATROL SPECIALS OR ASSISTANTS

Patrol Special Officers and Assistant Patrol Special Officers shall notify Communications if they are involved in a motor vehicle accident while on duty. They shall also notify the on-duty Platoon Commander of the district police station they are assigned to.  A Patrol Special Officer or Assistant Patrol Special

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

Officer involved in an on-duty vehicle accident shall remain at the scene until a supervisory officer has responded and conducted his or her investigation.

*********************

# Section 5
# PROHIBITED ACTIVITIES

### 5.01   ENGAGING IN OTHER DUTIES

Patrol Specials and Assistant Patrol Specials shall not, while on duty, engage in any duties except as required by contractual obligations, or in accordance with Penal Code section 723.

### 5.02   TRAFFIC STOPS

Patrol Specials and Assistant Patrol Specials shall not make traffic stops.

### 5.03   CITATIONS

Patrol Specials and Assistant Patrol Specials shall not issue citations.

### 5.04   VEHICLE PURSUITS

Patrol Specials and Assistant Patrol Specials shall not operate their vehicle in other than a safe and defensive manner, complying fully with the California Vehicle Code. Patrol Specials and Assistant Patrol Specials shall not engage in vehicular pursuits.

### 5.05   TRANSPORTING PRISONERS

Patrol Specials and Assistant Patrol Specials shall not transport prisoners.

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

---

5.06   UNIFORM AND EQUIPMENT ITEMS DISPLAY OFF DUTY

Patrol Specials and Assistant Patrol Specials shall not wear or use any uniform
or equipment item, including weapons, except en route to and from their beats,
and while on-duty as a Patrol Special Officer or Assistant Patrol Special Officer
in the City and County of San Francisco.

5.07   VEHICLE MODIFICATION

Patrol Specials and Assistant Patrol Specials shall not alter any duty vehicle in
any way to allow it to be mistaken for an official law enforcement vehicle, and:

   A.     Shall obtain the approval of the Chief of Police before modifying the
   color scheme of any duty vehicle or placing any lettering, emblems, or
   decals thereon.

   B.     Shall not equip any duty vehicle with any additional emergency
   lighting equipment or any siren.

5.08   PROHIBITED FIREARMS

Patrol Specials and Assistant Patrol Specials shall not carry or have in their
vehicle any type of shoulder firearm.

5.09   SLEEPING ON DUTY

Patrol Specials and Assistant Patrol Specials shall not sleep while on duty.

5.10   ALCOHOL AND DRUGS

Patrol Specials and Assistant Patrol Specials shall not, while on duty or in
uniform, drink or consume any kind of intoxicating liquor.  Shall not, while on duty
or off duty consume, possess or use any controlled substance without a valid
prescription.  Shall not, while on duty be under the influence of any prescription
or non-prescription drug that impairs the person's ability to carry out their duties.

---

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

## 5.11   FILING SUIT

Patrol Specials and Assistant Patrol Specials shall immediately notify the Commission if they bring suit against the City and County.

## 5.12   SUBPOENA SERVICE/CIVIL ACTIONS

Patrol Specials and Assistant Patrol Specials shall not serve a subpoena, summons or other paper in a civil action or render any assistance in such case.

## 5.13   BAIL BOND AGENTS

Patrol Specials and Assistant Patrol Specials shall not furnish information to bail bond agents or to their employees regarding persons arrested, or any investigations made or to be made, or any activity carried on or about to be carried on by the Department, except such as may be required by law. When information is furnished to a bail bond agent or to his employee in accordance with the law, that fact shall be made known immediately to the commanding officer of the district to which they are assigned.

## 5.14   RECOMMENDING ATTORNEYS

Patrol Specials and Assistant Patrol Specials shall not recommend to any persons the names or employment of any person as an attorney or bail bond agent.

*******************

# Section 6
# UNIFORM AND EQUIPMENT

San Francisco Police Department

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999.

---

### 6.01   UNIFORM AND EQUIPMENT EXPENSE

Patrol Specials and Assistant Patrol Specials shall, at their own expense, provide
themselves with all required uniform and equipment items as specified by the
Commission.

### 6.02   UNIFORM AND EQUIPMENT SPECIFICATIONS

A list and description of each article of uniform and equipment prescribed by
these Rules and Procedures shall be kept in the office of the Police Commission
and all uniform equipment items shall conform to said description.  Any uniform
changes from the previous Rules and Procedures will take effect within six (6)
months from the date of adoption of these amended Rules and Procedures.

A.   All uniform coats, trousers, cap, shirt, tie, shoes, rain cap cover, rain coat
and pants to be of similar material and style as that required and
prescribed for regular patrol persons in the San Francisco Police
Department with the following exceptions:

1.   BUTTONS:          To be 24-ligne regulation San Francisco Patrol
Special NICKEL BUTTONS on pocket flaps, shoulder straps,
sleeves and caps.

2.   TROUSER STRIPES:      BLUE SOUTACHE, one-half inch wide
on outside seams.

3.   SHIRTS:          Light Blue.

4.   CAP EMBLEM:       Nickel plated.

5.   PATCHES:         Silver with light blue background.  San
Francisco Police patch design.

6.   ROCKER:          "PATROL SPECIAL" Silver lettering
sewn over uniform patch.

---

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

    7.    **NAME PLATE:**    Blue lettering on silver nameplate.  First name, initial and full last name.

B.    Patrol Specials and Assistant Patrol Specials may, while on duty, be equipped with the following personal property:

    1.    Revolver (minimum 4-inch barrel) 38 Cal or.357 Magnum caliber loaded with six factory load cartridges, or semi automatic pistol, if qualified pursuant to current Department certification, loaded with factory cartridges.

    2.    Cartridge container with extra cartridges.

    3.    26" wooden baton.

    4.    Handcuffs and key.

    5.    Whistle.

    6.    Three cell flashlight (or equivalent) in good working order.

    7.    Memorandum book.

    8.    Street guide.

    9.    Call box key.

    10.    Chemical agent canister (aerosol), if certified by state law.

## 6.03  DEPARTMENT ISSUED PROPERTY

Patrol Specials and Assistant Patrol Specials shall, while on duty, be equipped with the following Department-issued property:

    1.    Six-point star.

        **San Francisco Police Department**

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

2.    Department identification card.

### 6.04   DISPLAY OF STAR

Patrol Specials and Assistant Patrol Specials shall, while in uniform, display the six-point star on the outermost garment over the left breast.

### 6.05   APPEARANCE

Patrol Specials and Assistant Patrol Specials shall be neat and clean in appearance and maintain uniform and equipment in good order and ready for immediate use.

### 6.06   LOSS OF UNIFORM OR EQUIPMENT

Patrol Specials and Assistant Patrol Specials shall be responsible for the safekeeping and authorized use of their uniform and equipment, and shall promptly make a written report of the loss of any firearm or Department-issued property to Supervising Captain and the Program Administrator.

### 6.07   JEWELRY AND ORNAMENTS

Shall not wear jewelry or personal ornaments affixed to any part of their uniform or equipment.

### 6.08   RADIO EQUIPMENT

A Patrol Special may enter into an agreement with the Chief of Police permitting the Patrol Special to purchase and install radio equipment for the transmission and receiving of police radio calls on Police Department frequencies. Patrol Specials and Assistant Patrol Specials shall operate or permit to be operated

Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission 11/30/94
Amended November 10, 1999

radio equipment installed pursuant to Rule 6.8 only in accordance with
Department rules and subject to the control of the Communications Unit.

## 6.09   VEHICLE INSPECTION

Shall present their duty vehicles for periodic inspection when directed by the
Police Commission or the Chief of Police.

*********************

San Francisco Police Department

San Francisco                                                        Patrol Specials

Attachment G:      Interim Rules

# EXHIBIT H

SAN FRANCISCO POLICE
COMMISSION
CITY AND COUNTY OF SAN FRANCISCO

# INTERIM RULES AND PROCEDURES
# FOR
# PATROL SPECIAL OFFICERS
# AND THEIR ASSISTANTS

# ADOPTED DECEMBER 10, 2008

CCSF_PATROL_SPECIALS_000203

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

## Section 1.
## GENERAL PRINCIPLES

### 1.01   AUTHORITY FOR RULES

The following Interim Rules and Procedures are adopted pursuant to the authority vested in the Police Commission by the Charter of the City and County of San Francisco Section 4.127. The Police Commission delegates to the Chief of Police and the Police Department the authority to implement and administer these Rules and Procedures within their capabilities and resources.

These Interim Rules shall be operative beginning January 30, 2009.  The prior Rules (adopted in 1994 and amended in 1999) shall remain in place until the Interim Rules are operative on January 30, 2009.  These Interim Rules shall remain in place until amended or repealed by the Police Commission.

It is the intention of the Police Commission to revisit the Interim Rules and adopt appropriate amendments after full consideration of a best practices study currently underway and scheduled for completion in 2009.

### 1.02   STATEMENT OF INTENT

These Rules and Procedures are intended to provide for the safe and efficient management and supervision of Patrol Special Police Officers (hereinafter referred to as "Patrol Specials") and Assistant Patrol Special Police Officers (hereinafter referred to as "Assistant Patrol Specials") by the Police Commission and the Chief of Police.

### 1.03   PATROL SPECIAL OFFICERS DUTIES

A.    The Police Commission defines a Patrol Special Officer (approved by the Commission pursuant to San Francisco Charter Section 4.127) as a private patrol person, who contracts to perform security duties of a private nature for private persons and businesses within the geographical boundaries set forth by the Police Commission.

B.    While a Patrol Special is performing duties as a private patrol person, he or she is an independent operator and not a member of the San Francisco Police Department nor an employee of the City and County of San Francisco.

### 1.04   HIRING OF ASSISTANT PATROL SPECIAL OFFICERS

Patrol Specials may hire as assistants only those persons who are duly licensed under section 7580 *et seq.* of the Business & Professions Code and approved by the Police Commission. Assistant Patrol Special Officers are employees of Patrol Special Officers.

### 1.05   AUTHORITY OF PATROL SPECIAL OFFICERS AND THEIR ASSISTANTS

Patrol Special Officers and Assistant Patrol Special Officers are not expected to, nor shall they engage in general law enforcement duties; therefore, no need for peace officer status exists or is required. The Police Commission has not conferred such status on Patrol Special Officers or their Assistants. The arrest powers of Patrol Special Officers and their Assistants shall be the same as any other private citizen as enumerated in Penal Code Section 837.

### 1.06   FIREARMS

2

CCSF_PATROL_SPECIALS_000204

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

A. Patrol Specials are authorized to carry a loaded firearm only while on duty in uniform, or en route to or from being on duty, if they comply with all training and other provisions within Penal Code Section 12031(c) (1).

B. Assistant Patrol Specials are authorized to carry firearms only while on duty in uniform, or en route to or from being on duty as authorized by Penal Code Section 12031(d) (5) and if they comply with all training and other provisions pursuant to Penal Code Section 12033.

## 1.07 PROGRAM ADMINISTRATION

A. The Deputy Chief of Field Operations Bureau is responsible for the administration of the Patrol Special Program. To discharge this responsibility, the Deputy Chief is authorized to and shall appoint a Program Administrator to run the day to day operation of the program.

B. For reporting purposes, Patrol Specials and Assistant Patrol Specials shall be under the supervision of the captains of the districts in which their beats are located. In case of multiple beats in multiple districts, the Program Administrator shall determine which district captain has authority over the Patrol Specials and Assistant Patrol Specials.

C. The Management Control Division shall investigate all allegations of misconduct or violations or rules governing the conduct of Patrol Special Officers and Assistant Patrol Special Officers.

Section 2
DEFINITION OF TERMS

Words used in these Rules and Procedures in the present tense include the future as well as the present; the masculine includes the feminine; the singular includes the plural and the plural the singular.

## 2.01 DEFINITIONS OF WORDS

The following words have, in these Rules and Procedures, the signification attached to them in this section unless otherwise apparent from the context.

A. CITY AND COUNTY

City and County of San Francisco.

B. CHARTER

Charter of the City and County of San Francisco.

C. COMMISSION

The Police Commission of the City and County of San Francisco.

D. DEPARTMENT

San Francisco Police Department.

E. P.O.S.T.

California Commission on Peace Officers Standards and Training.

F. CHIEF

3

a:\00525577.doc

CCSF_PATROL_SPECIALS_000205

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

The Chief of Police for the City and County of San Francisco.

G.   POLICE OFFICER

Person appointed to the Department as a full-time, regularly salaried police officer as defined in California Penal Code section 830.1.

H.   POLICE EMPLOYEES

All persons other than police officers appointed to the Department in any permanent or temporary Civil Service classification.

I.   PATROL SPECIAL OFFICER

A private patrol person, appointed by the Police Commission, who contracts to perform security duties of a private nature for private persons or businesses within the geographical boundaries set forth by the Police Commission. A Patrol Special Officer is the owner of a beat.

J.   ASSISTANT PATROL SPECIAL

A private patrol person approved and appointed by the Police Commission and employed by a Patrol Special to perform security duties of a private nature for private persons or businesses within the assigned area of their employers beat. An Assistant Patrol Special is not the owner of a beat.

K.   DISTRICT

An administrative area commanded by a Captain of Police.

L.   BEAT

That area of patrol within which a Patrol Special Officer has contracted with private persons or businesses to perform security duties with permission granted from the Police Commission, per Charter section 4.127.

M.   WATCH

An eight (8) hour tour of duty.

N.   DAY

Twenty-four (24) hours commencing at 0001 hours, and ending 2400 hours the same day.

O.   WEEK

Seven (7) successive twenty-four (24) hour periods commencing at 0001 hours Sunday.

P.   SHALL

Mandatory.

Q.   MAY

Permissive.

R.   B & P Code

California Business and Professions Code.

S.   SUPERVISORY OFFICER

a:\00525577.doc

CCSF_PATROL_SPECIALS_000206

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

A Q50 Police Sergeant assigned to supervise patrol functions with a police district.

T. SUPERVISING CAPTAIN

The Captain of Police commanding the district to which a Patrol Special is primarily designated for the administrative purposes described in these rules (e.g. reporting on and off duty).

Section 3

ORGANIZATION AND ADMINISTRATION

3.01 AUTHORITY TO APPOINT

A. The Police Commission has the authority to appoint Patrol Special Officers.

B. The Police Commission may appoint as Assistant Patrol Special Officers those qualified persons who have been nominated by a Patrol Special.

C. The Chief of Police shall forward to the Commission the complete application packet, including a full background investigation, and shall make a recommendation to the Police Commission regarding the applicant's qualification for appointment. The Chief shall endeavor to process applications in a reasonable period of time. The Chief shall report to the Commission quarterly regarding the number and status of all pending applications. The application process shall be confidential to the maximum extent allowed by law.

3.02 STATUS

Patrol Specials and Assistant Patrol Specials are not members of the uniform ranks of the Police Department and they are not employees of the City and County of San Francisco.

3.03 QUALIFICATIONS/REQUIREMENTS FOR PATROL SPECIAL OFFICERS

Patrol Specials at the time of appointment shall:

A. Be at least twenty-one (21) years of age.

B. Be of good moral character, as defined by the California Commission on Peace Officer Standards and Training.

C. Be a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship.

D. Be a high school graduate or pass the General Education Development (G.E.D.) Test indicating high school graduation level.

E. Be fingerprinted by the San Francisco Police Department for the purpose of searching local, state, and national fingerprint files to disclose any criminal record.

F. Provide a letter, signed by a private physician, certifying that the private physician has examined the applicant and found the applicant to be free from any physical , emotional or mental condition which adversely affects the ability to safely exercise their duties.

5

a:\00525577.doc

CCSF_PATROL_SPECIALS_000207

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

G.   Have successfully completed training as prescribed by the Chief of Police. Minimum training requirements will be established by the Commanding Officer of the San Francisco Police Academy upon approval of the Chief of Police.

H.   Have prepared and submitted the prescribed application to and received a written approval from the Deputy Chief of the Field Operations Bureau.

I.   Present evidence of insurance in the following amount:

1.   For Patrol Special Police Officers who employ any person or persons, Workers' Compensation, in statutory amounts, with Employers' Liability Limits not less than $1,000,000 each accident, injury, or illness;

2.   Commercial General Liability Insurance with limits not less than $1,000,000 each occurrence Combined Single Limit for Bodily Injury and Property Damage, including Contractual Liability, Personal Injury, Products and Completed Operations; and

3.   Commercial Automobile Liability Insurance with limits not less than $1,000,000 each occurrence Combined Single Limit for Bodily Injury and Property Damage, including Owned, Non-Owned and Hired auto coverage, as applicable.

Commercial General Liability and Commercial Automobile Liability Insurance policies must provide the following:

(a)   Name as Additional Insured the City and County of San Francisco, its Officers, Agents, and Employees.

(b)   That such policies are primary insurance to any other insurance available to the Additional Insureds, with respect to any claims arising out of this Agreement, and that insurance applies separately to each insured against whom claim is made or suit is brought.

All policies shall provide thirty (30) days' advance written notice to City of reduction or nonrenewal of coverages or cancellation of coverages for any reason. Notices shall be sent to the following address: Office of the Police Commission, 850 Bryant Street, 5th Floor, San Francisco, CA 94103.

J.   Be recommended by the Chief of Police and approved by the Police Commission after successful completion of a background investigation.

K.   Have completed the handgun qualification course with their on duty firearm at the San Francisco Police Range.

3.04   QUALIFICATIONS/REQUIREMENTS FOR ASSISTANT PATROL SPECIAL OFFICERS

Assistant Patrol Specials at the time of appointment shall:

A.   Be twenty-one (21) years of age.

B.   Be of good moral character, as defined by the California Commission on Peace Officer Standards and Training.

C.   Be a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship.

D.   Be a high school graduate or pass the General Education Development (G.E.D.)Test indicating high school graduation level.

6

a:\00525577.doc

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

---

E.    Be fingerprinted by the San Francisco Police Department for the purpose of searching local, state, and national fingerprint files to disclose any criminal record.

F.    Provide a letter, signed by a private physician, certifying that the private physician has examined the applicant and found the applicant to be free from any physical, emotional or mental condition which adversely affects the ability to safely exercise their duties.

G.    Be recommended by the Chief of Police and appointed by the Police Commission after successful completion of a background investigation.

H.    Have successfully completed the training prescribed by the Chief of Police and secured the licensing prescribed by sections 12031(d) and 12033 of the Penal Code, and sections 7580 *et seq.* of the Business and Professions Code, and the Bureau of Consumer Affairs.

I.    Have completed the handgun qualification course with their on duty firearm at the San Francisco Police Range.

3.05    TRAINING

Patrol Specials and Assistant Patrol Specials shall participate in additional training as required by the Chief of Police. Costs for training provided by the San Francisco Police Department shall be paid for by the Patrol Specials and Assistant Patrol Specials prior to receiving such training at a rate commensurate with the rates charged to other private persons. Minimum annual training shall include:

A.    Successful completion of the firearms qualifications course twice each year on dates set by the Range Master at the San Francisco Police Range.

B.    Annual completion of twenty-four (24) hours of classroom instruction presented at the Police Academy, which may include general orders, bulletins and procedures that apply to Patrol Special Officers and their Assistants and could affect the performance of their duties.

3.06    EVALUATIONS

When directed by the Police Commission, the Chief of Police will provide to the Commission a written evaluation of Patrol Specials and Assistant Patrol Specials. The evaluations will be based on criteria set forth by the Commission which may include, but is not limited to, attendance records, field observations, and training.

3.07    BEAT SALES

A.    Patrol Specials desiring to sell their beat(s) shall submit in triplicate (an original and two (2) copies) a written request for approval of sale to the Program Administrator, and shall submit one (1) copy to the Secretary of the Police Commission. The request shall include:

1.    A written description of the boundaries of the beat for sale;

2.    Identification of the requesting purchaser; and

3.    The beat number and the district(s) where it is located.

B.    Purchaser shall meet all qualifications for appointment to Patrol Special as defined in Rule 3.03 prior to requesting the purchase of beat. A Patrol Special may not own more than three (3) beats at one time (except those who own more than three (3) at the time of the amendment of this rule will not be required to sell

7                                                      a:\00525577.doc

CCSF_PATROL_SPECIALS_000209

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

any beat to bring them into compliance with this section, but they will be prohibited from making a future purchase). The requesting purchaser shall submit in triplicate (an original and two (2) copies) a written request to purchase said beat, to the Program Administrator, and shall submit one (1) copy to the Secretary of the Police Commission the request to purchase shall include:

1. A statement that the purchaser is twenty-one (21) years of age.

2. A statement that the purchaser is a citizen of the United States or a permanent resident alien who is eligible for and has applied for citizenship.

3. A statement that the purchaser is a high school graduate or has passed the General Education Development (G.E.D.) Test indicating high school graduation level.

4. A letter, signed by a private physician, certifying that the private physician has examined the purchaser and found the purchaser to be free from any physical, emotional or mental condition which prevents the safe exercise of the Patrol Special Officers duties.

5. A certificate of completion or notarized statement that the purchaser has successfully completed training as prescribed by the Chief of Police.

6. The number of beats already owned.

C. Upon notification of approval by the Secretary of the Police Commission to sell such beat, the seller shall submit to the Commission:

1. A notarized bill of sale (an original and three (3) copies) signed by both the seller and the approved purchaser; the bill of sale shall contain the total selling price, the terms of the agreement and shall not become final until the Commission has approved the sale.

2. A map outlining the beat boundaries.

3. A written legal description of the beat boundaries.

4. A list of clients, their addresses and phone numbers.

5. A cashier's check, in the sum of $500.00 payable to the San Francisco Police Department for the administrative processing and transfer fee.

3.08    SUBSCRIBERS

A. Patrol Specials shall neither solicit nor accept new subscribers in areas outside the confines of their beat.

B. Patrol Specials shall not accept new subscribers in unclaimed areas adjoining their beat without first applying to and receiving from the Police Commission, permission to annex the unclaimed area.

1. The Patrol Special requesting annexation shall submit an annexation application with a fee of $500.00 in the form of a cashier's check, payable to the San Francisco Police Department.

2. Upon approval by the Police Commission, the annexation of the unclaimed area shall be added to the applying Patrol Special's beat.

3.09    EMPLOYING ASSISTANT PATROL SPECIAL OFFICERS

8                                              a:\00525577.doc

CCSF_PATROL_SPECIALS_000210

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

Patrol Special Officers wishing to employ Assistant Patrol Specials shall submit to the Program Administrator and the Chief of Police a written request (an original and three (3) copies) for such, identifying the applicant fully, verifying completion of required training, stating whether the applicant possesses a current certification of appointment as an Assistant pursuant to Rule 3.04, and certifying that the Assistant Patrol Special will be employed a minimum of eight (8) hours per week.

3.10    DEPARTMENT PROPERTY

    A.    Patrol Specials shall be responsible for all Department property, including stars, identification cards, copies of these Rules and Procedures, and any other Department property held by them and their Assistants.

    B.    Upon the termination of the services or termination of the appointment of an Assistant, the employing Patrol Special Officer shall immediately obtain and return to the Department, all Department property held by the Assistant. Such property shall be brought to the Program Administrator within five (5) days after the effective date of the termination.

3.11    TERMINATION OF ASSISTANT PATROL SPECIAL OFFICER EMPLOYMENT

If a Patrol Special terminates the employment of an Assistant Patrol Special, the employing Patrol Special shall immediately submit a written report (an original and three (3) copies) of the termination of an Assistant Patrol Special to the Program Administrator, identifying the Assistant so terminated, the reason for the termination and the effective date of the termination. The report shall then be forwarded through the Program Administrator to the Deputy Chief of the Field Operations Bureau. Termination by an employing Patrol Special shall result in immediate cancellation of the terminated Assistant's appointment as an assistant for all purposes unless the Assistant is concurrently employed by one or more other Patrol Specials.

3.12    DISCIPLINE PROCESS

    A.    BASIS FOR DISCIPLINARY ACTION

        1.    Orders, Directives and Procedures:

            (a)    Patrol Specials or their Assistants who violate any rule or procedure contained within these Rules and Procedures may be subject to disciplinary action.

            (b)    Pursuant to these Rules and Procedures, Patrol Specials and their Assistants shall obey all written orders of the Department that are not clearly inapplicable to their respective assignments.

            (c)    Patrol Specials may be held responsible and be subject to disciplinary action violations by Assistant Patrol Specials in their employment in cases where the Patrol Special has failed to adequately supervise the Assistant.

            (d)    Any person subject to these rules who fails to maintain any required license may be subject to disciplinary action.

    B.    DEFINITIONS

        1.    Admonishment:    An admonishment is an advisory, corrective, or instructional action by a superior which does not constitute formal discipline. It is a warning only and not a punitive action.

9

CCSF_PATROL_SPECIALS_000211

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

2.   Reprimand:   A reprimand is a formal written punitive action which shall be noted or included in an individual's administrative file. A subsequent violation of a similar nature invites more serious punitive action.

3.   Suspension:   A Patrol Special's or an Assistant Patrol Special's appointment may be suspended.

4.   Fine:   A Patrol Special or an Assistant Patrol Special may be fined, after a hearing for a sum not exceeding one thousand dollars ($1,000.00) for each offense, payable to the San Francisco Police Department.

5.   Termination:   Revocation of appointment.

C.   **CHIEF'S ADMINISTRATION OF CORRECTIVE ACTION FOR PATROL SPECIALS AND ASSISTANT PATROL SPECIALS**

1.   Chief's Hearing: After investigation, when allegations of misconduct are sustained, the Chief or the Chief's designee may order a hearing at his or her discretion. The Chief or the Chief's designee may, in the alternative, give a Patrol Special or an Assistant Patrol Special notice of intended action.

(a)   The notice shall be personally served on the Patrol Special or Assistant Patrol special by the Program Administrator or his/her designee. The notice shall inform the Patrol Special or Assistant Patrol Special of the proposed disciplinary penalty, the nature of the charge or allegation of misconduct, the basis for the charge or allegation and shall state that the material on which the charges shall be based is available for inspection. The notice shall inform the Patrol Special or Assistant Patrol Special that he/she has fifteen (15) calendar days from the date of the notice to request a hearing. If the Chief or the Chief's designee does not receive a request for a hearing within the prescribed time, the proposed penalty will be imposed.

(b)   If a Patrol Special or Assistant Patrol Special is found to have violated any order, policy, or procedure of the Department or any order or instruction issued by competent authority, the Chief or his/her representative may impose any of the following:

(i)   For a Patrol Special: counseling. retraining, admonishment, reprimand, fine, or referral by charges to the Commission for possible suspension or revocation of appointment.

(ii)   For an Assistant Patrol Special: counseling, retraining, admonishment, reprimand, fine or referral by charges to the Commission for possible suspension or revocation of appointment.

(c)   When an Assistant Patrol Special is charged with a violation, a copy of the notice of intended disciplinary action and other notices shall be mailed to the Patrol Special who employs the Assistant.

D.   **PATROL SPECIAL OFFICER'S HEARING BEFORE THE POLICE COMMISSION**

10

a:\00525577.doc

CCSF_PATROL_SPECIALS_000212

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

If the Chief believes that sustained allegations of misconduct should result in suspension or termination of a Patrol Special Officer or Assistant Patrol Special, the matter shall be referred to the Police Commission. The Commission shall then conduct a hearing pursuant to the Commission's rule governing trials of disciplinary cases.

E.   SUSPENSION PENDING HEARING

1.   The Chief is authorized to suspend temporarily any Patrol Special Officer or Assistant Patrol Special Officer pending a hearing on allegations of serious misconduct or where public safety requires such action. The Chief shall immediately notify the Police Commission of such action in writing.

2.   A Patrol Special or an Assistant Patrol Special placed on interim suspension is entitled to an administrative hearing. The Chief shall hold such hearing within five (5) working days of such suspension. The purpose of this hearing is to determine whether the Patrol Special or Assistant Patrol Special should remain suspended pending the disciplinary hearing.

3.   A Patrol Special suspended pending the hearing of charges is entitled to a hearing before the Commission within thirty (30) calendar days of the interim suspension. The Police Commission may in its discretion, grant a continuance for a period of time that exceeds the thirty (30) calendar day period, if requested by the accused.

F.   FORMAL CHARGES

1.   Formal charges, filed with the Commission, alleging misconduct on the part of a Patrol Special. Charges must be definite, clear, and specific.

2.   Charges shall state the first name, middle initial and surname of the accused. Charges must contain a statement of facts constituting the grounds of the complaint in ordinary, concise language, subscribed by the Chief of Police.

G.   SERVICE OF CHARGES SHALL BE ACCOMPLISHED AS FOLLOWS:

1.   By serving a copy of the charges on the accused personally and filing the original copy of the charges and the proof of service showing date, time and place of service with the Commission as soon as practicable after service is accomplished.

2.   If personal service is not made after reasonable diligence, a copy of the charges shall be left at the Patrol Special's or Assistant Patrol Special's last known residence in the presence of a competent member of the household at least 18 years of age who shall be informed of the contents thereof.

3.   If personal service cannot be made or if a copy cannot be left with some, competent person over the age of 18 years at the last known residence of the accused, before the date set for trial, then a copy will be mailed by certified mail to the Patrol Special's or Assistant Patrol Special's last known address.

4.   Charges shall be served at least seven (7) calendar days before the setting date for hearing. In computing said period of seven (7) calendar days, the date of service shall be excluded and the date of setting included.

11

a:\00525577.doc

CCSF_PATROL_SPECIALS_000213

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

5.      When charges are served under the provisions of either sections 2 or 3 above, the officer serving same shall submit a report stating how service was made, the time of service, and file same with the original set of charges.

6.      The original proof of service shall be filed with the Police Commission as soon as practicable after service is accomplished.

7.      The subject Patrol Special or Assistant Patrol Special or his/her designated representative shall attend each session of the Police Commission at which the pending charges appear on the agenda.

H.      DISCIPLINARY LIMITATIONS

Once a Patrol Special or an Assistant Patrol Special has been formally punished for a violation(s), such individual shall not receive any other punishment for the same incident. However, prior sustained allegations of misconduct or imposition of disciplinary action may be considered in a subsequent disciplinary proceeding(s) for purposes of fixing penalties.

3.13    CITIZEN COMPLAINTS

The intent of this rule is to set forth procedures for the receipt, investigation and disposition of allegations of misconduct made against Patrol Specials or Assistants by private citizens.

A.      RECEIPT OF COMPLAINTS

1.      Citizen complaints of misconduct against Patrol Specials or Assistants, whether received by letter, telephone or in person, shall be accepted by any member of the Department. The member accepting the complaint shall immediately refer the matter to the senior-ranking officer on-duty in the station, division or section where the complaint is being made, who shall be responsible for the immediate preparation of a memorandum and forwarding through the chain of command to the Management Control Division.

2.      The senior-ranking on-duty officer in a district, division or section (other than the Management Control Division) to whom a citizen's complaint against a Patrol Special or Assistant is given or referred shall:

        (a)     In all cases prepare and send a completed memorandum, SFPD 68, in a sealed envelope to the Management Control Division in the next transfer of orders.

        (b)     Remain personally responsible for the conduct of matters until relieved of responsibility by proper authority.

        (c)     Evaluate the seriousness of the allegation to ascertain whether an immediate initial administrative investigation should proceed. The criterion requiring an immediate investigation at a district, division or section level in addition to any investigation, which may be conducted by the Management Control Division, is that the investigation will be jeopardized by a delay.

                Examples:

12                                          a:\00525577.doc

CCSF_PATROL_SPECIALS_000214

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

     (i)    The conduct which is the subject of the complaint, purportedly had been committed by personnel who are still working at the time the complaint is being made.

     (ii)    The complaint alleges unfitness of a Patrol Special or Assistant to perform his/her service.

     (iii)    The allegation, if proved, constitutes criminal conduct on the part of a Patrol Special or Assistant.

(d)    The senior-ranking on-duty officer in cases requiring an immediate initial investigation shall prepare an initial investigatory report in a memorandum, SFPD 68, addressed to his/her Commanding Officer before reporting off-duty.

(e)    The initial investigatory report shall contain such information as can reasonably be obtained before the senior-ranking officer reports off-duty.

    Examples:

     (i)    Full identification of all witnesses.

     (ii)    Summary statements from all witnesses.

     (iii)    Preliminary findings and recommendations, where appropriate.

3.    In instances where it is necessary to relieve a Patrol Special or Assistant as unfit for duty; in which the allegation of misconduct constitutes criminal activity; in which the individual has been - arrested; or in which the individual is accused of other extremely serious misconduct, the senior-ranking on-duty officer shall contact the Program Administrator at any time of the day or night.

(a)    The Program Administrator shall assure that the proper investigative steps are being taken, and if required by the circumstances, shall respond to the unit and take personal charge of the investigation. Once notified, whether responding or not, the Program Administrator shall be personally responsible for the conduct of the investigation.

B.    RECEIPT OF COMPLAINTS AT MANAGEMENT CONTROL

Complaints received directly at Management Control Division and complaints received by memorandum prepared by other divisions, districts or sections shall be assigned a Management Control Division file number by the Management Control Division Commanding Officer.

1.    The Commanding Officer of Management Control Division shall assign the investigation of the complaint to either Management Control Division personnel or the Program Administrator of the accused.

2.    The Program Administrator of the accused shall have forty-five (45) calendar days from assignment of the investigation to return it to Management Control Division.

C.    INVESTIGATION REPORT

13

a:\00525577.doc

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

The results of the investigation shall be prepared on an SFPD 68 (Memorandum Form), addressed to the Chief of Police according to the below format:

1.   Page 1:  Shall include individual's name, type of complaint, (Unnecessary force, Unwarranted Action, Neglect of Duty or Misconduct) case number, date, time and place of occurrence, complaint (briefly, what the Patrol Special or Assistant Patrol Special is accused of) and focus of investigation.

2.   Page 2:  Involved parties/witnesses.

3.   Page 3:  Shall include a description of the investigation, which should consist of a brief chronology that includes who was interviewed and any other evidence developed which aided the investigation.

4.   Page 4:  Summary Statements of those interviewed.

5.   Page 5:  Shall include the Conclusion (a narrative as to what and how you reached your conclusion).

6.   Page 6:  Shall include the Recommendation, i.e., "I recommend that the allegations made against ... NAME ... of ... NEGLECT OF DUTY...(or other appropriate category), be classified as INSUFFICIENT ... (or other appropriate finding)."

7.   Page 7:  Attachments.

D.   CATEGORIES OF FINDINGS

1.   Improper Conduct:   The investigation disclosed enough evidence to clearly prove the allegation of misconduct.

2.   Insufficient Evidence: The investigation failed to reveal and document enough evidence to clearly prove or disprove the allegation.

3.   Proper Conduct:   The act or event for which the allegation of misconduct was made did not occur; or investigation reveals that the action was justified, lawful, and proper.

4.   Policy Failure:   The act which provided the basis for the complaint did occur; however, while the investigation revealed that at the time of occurrence, the policy of the department under which the act was performed was unconstitutional, illegal or otherwise deficient.

5.   Unfounded:   The investigation conclusively proved the incident complained of did not occur, or that the individual named in the complaint was not involved.

E.   CATEGORIES OF RECOMMENDATIONS

Based on the above Conclusions, one of the below recommendations shall be made (Items 1 through 5, are not deemed to be disciplinary action):

1.   That the matter be closed and filed.

2.   That the individual be counseled.

3.   That the individual be retrained.

14

a:\00525577.doc

CCSF_PATROL_SPECIALS_000216

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

    4.     That policy or procedure be changed.

    5.     That an individual be orally admonished.

    6.     That an individual be given a written reprimand.

    7.     That the matter be referred to the Chief for further action.

**F.   CITIZEN NOTIFICATION**

Upon the completion of each formal investigation, the Commanding Officer of the Management Control Division shall assure that the complainant and the accused receive a letter containing the final disposition of the case.

**G.   REPORTS OF MISCONDUCT BY PATROL SPECIALS OR ASSISTANTS**

When a Patrol Special or Assistant Patrol Special makes a complaint against another Patrol Special or Assistant, arising from the duties described in these Rules, or a member of the Department, the accusing individual shall prepare a written letter addressed to his/her Program Administrator.

**3.14   SUSPENSION**

Patrol Specials and Assistant Patrol Specials under suspension shall remain subject to applicable orders of the Chief and these Rules and Procedures.

**3.15   ADVERTISING**

**A.   APPROVAL OF ADVERTISING MATERIALS**

All written advertising by Patrol Specials shall be submitted to the Chief of Police or the Chief's designee through channels for approval before distribution to the public.

**B.   REQUIRED DISCLOSURE STATEMENT**

In any written advertising or solicitation of accounts, Patrol Specials shall include the following statement using a font no smaller than 12 point Courier at the conclusion of their advertising or solicitation document:

"Patrol Special Officers and their Assistants are not members or employees of the San Francisco Police Department and are not peace officers as defined by the California Penal Code and as such are not authorized to perform general law enforcement duties. Contracts for street patrol or fixed patrol services offered by Patrol Special Officers are strictly voluntary. Such Services are in addition to and different from patrol services provided by the San Francisco Police Department. The City and County of San Francisco will not provide a defense nor pay damages from conduct of Patrol Specials or their employees undertaken on behalf of subscribers."

**C.   BUSINESS CARDS AND OTHER IDENTIFICATION**

Patrol Special Officers and their Assistants shall not list any police or public facility, including but not limited to a Police District Station, as their place of business or as a location where they may be contacted.

**3.16   OTHER EMPLOYMENT**

Patrol Specials and Assistants shall neither operate nor be employed by any private patrol or an investigative business in conjunction with Patrol Special services.

a:\00525577.doc

CCSF_PATROL_SPECIALS_000217

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

3.17   LIABILITY

Patrol Specials shall not represent to their subscribers or potential subscribers that the City and County of San Francisco will provide a defense nor pay damages resulting from conduct of Patrol Specials or their employees undertaken on behalf of subscribers.

3.18   PEACE OFFICER STATUS

Patrol Specials and Assistant Patrol Specials shall not represent that they are peace officers under state law or that they are authorized to exercise peace officer powers.

3.19   SOLICITATION BY DEPARTMENT MEMBERS

No Patrol Special or Assistant Patrol Special shall employ or encourage any member of the Department to solicit clients on behalf of any Beat Owner.

Section 4

DUTIES AND RESPONSIBILITIES

4.01   TERMS OF CONTRACTS

Patrol Specials and Assistant Patrol Specials shall observe the terms of their contractual relationships with the person(s) that subscribe to their services.

4.02   PERFORMANCE OF DUTIES

Patrol Specials and Assistant Patrol Specials shall perform all their duties in the manner prescribed by law and by these Rules.

4.03   ORDERS OF POLICE OFFICERS

Patrol Specials and Assistant Patrol Specials shall strictly obey and promptly execute the lawful orders of police officers.

4.04   INVESTIGATIONS

Patrol Specials and Assistant Patrol Specials shall, when called upon by a police officer or by one specially assigned by lawful authority to conduct an investigation involving a police matter, truthfully answer all questions propounded. All reports, statements and declarations made orally or in writing in the foregoing matters shall contain the truth without evasion.

4.05   INCIDENT REPORTS

Patrol Specials and Assistant Patrol Specials shall summon a police officer, or make courteous and proper referral, whenever a person asks them to accept a report of a police incident. Patrol Special Officers or their Assistants may prepare a statement form, SFPD 377G, that will immediately be submitted to a police officer for initial review, action and signature.

4.06   INCIDENTS REQUIRING POLICE ATTENTION

Patrol Specials and Assistant Patrol Specials shall, as soon as is reasonably possible, call to the attention of a police officer all incidents requiring police attention.

4.07   COOPERATION AT THE SCENE OF AN INCIDENT

Like any other private patrol person, Patrol Specials and Assistant Patrol Specials shall cooperate fully with the direction of the highest-ranking police officer present at the scene of an incident pursuant to the Penal Code of the State of California.

4.08   UNIFORM AND EQUIPMENT

a:\00525577.doc

CCSF_PATROL_SPECIALS_000218

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

Patrol Specials and Assistant Patrol Specials shall at all times while performing services
to their subscribers, wear only the uniform and equipment items prescribed by the
Commission.

No person other than an approved Patrol Special or Assistant Patrol Special may wear the
prescribed uniform. Patrol Specials and Assistants shall not facilitate or allow any
employee, volunteer or other person to wear the prescribed uniform who has not been
approved by the Police Commission as a Patrol Special or Assistant Patrol Special.

4.09   CONDUCT TOWARD THE PUBLIC

Patrol Specials and Assistant Patrol Specials shall, in the performance of their services,
be polite, civil and orderly in conduct and deportment, maintain patient decorum and
command of temper and refrain from the use of harsh, violent, coarse, profane or uncivil
language; and, shall, when requested, state their name, star number, and area of
responsibility in a courteous manner.

4.10   RECORDS- MONTHLY SERVICE LOG

Patrol Specials and Assistant Patrol Specials shall maintain and submit quarterly to the
Police Commission a Monthly Service Log that includes the beat(s), dates, and hours
worked. This record shall be retained for a period of two (2) years and shall be subject to
inspection by the Chief or his or her designated representative, or the Commission.

4.11   ATTENTION TO DUTY

Patrol Specials and Assistant Patrol Specials shall patrol their subscribers' locations
within their beat constantly and diligently within the limits of their contractual
obligations. Patrol Specials must personally participate in the patrol of their beats. They
cannot rely solely on Assistants to conduct patrol services.

4.12   ASSISTANTS

Patrol Special Officers may employ as assistants one or more persons qualified under
these rules and authorized to perform the services of the owner when the latter is off or
on some type of leave for more than four days. The Patrol Special shall inform the
Program Administrator of the substitution, in writing, at least twenty-four hours prior to
the assistant performing such service, or in emergency situations, as soon as practicable.

4.13   MINIMUM HOURS OF WORK

Patrol Specials shall inform the Program Administrator if an Assistant Patrol Special
employed by them is no longer working the minimum number of hours specified in Rule
3.09.

4.14   RECORDS OF ASSISTANTS

Patrol Specials shall provide the Program Administrator with the current names,
addresses and telephone numbers of all Assistant Patrol Specials they employ, as well as
any Patrol Special Officers who act as their assistant. This information is confidential and
will be used for official use only.

4.15   RECORDS OF CLIENTS

Within 30 days after adoption of these Interim Rules and annually thereafter no later than
January 31st of each year, Patrol Specials shall submit to the Police Commission: (1) a
complete list of the clients on their beat, and (2) a complete list of fees charged to each
client in the prior quarter. Notification in writing shall be made to the Police Commission
of any additions or deletions of subscribers within their beats. Notification shall include

a:\00525577.doc

CCSF_PATROL_SPECIALS_000219

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

the subscriber's name, address and telephone number. This information is confidential and will be used for official purposes only.

4.16   CHANGE OF ADDRESS/TELEPHONE NUMBER

Shall report in writing to the Secretary of the Police Commission and to the Program Administrator any change of residence, new address and/or telephone numbers, to include business and pager numbers of the Patrol Special Officer and all Assistants, within twenty-four (24) hours after the change has been made. This information is confidential and will be used for official purposes only.

4.17   COOPERATION WITH CRIMINAL INVESTIGATION

Patrol Specials and Assistant Patrol Specials shall provide all pertinent facts to and cooperate with those persons in the criminal justice system having responsibility for presentation of cases for court.

4.18   DISCHARGE OF FIREARM

Patrol Specials and Assistant Patrol Specials shall as soon as practical after the discharge of their firearm, notify the Department of Emergency Management dispatcher and the station keeper of the district in which the discharge occurred, and submit a written statement of such fact to the Program Administrator. This written statement shall be in addition to any other report(s) made, and a copy shall be forwarded to the Management Control Division.

4.19   COMPLAINTS, SUMMONS, SUBPOENAS

Patrol Specials and Assistant Patrol Specials shall, when served with a claim for damages, complaint, summons, or subpoena, involving possible liability on the part of the City and County immediately notify the Legal Division in writing, indicating the date and time of service. When served with a summons and complaint, copies of these documents shall be forwarded immediately with the report.

4.20   CONDUCT

Any conduct by a Patrol Special Officer or an Assistant while on patrol which constitutes a breach of the peace or a failure to perform his or her contractual duties, or any conduct by a Patrol Special or Assistant Patrol Special while working which undermines his or her ability to discharge contractual duties which reflects discredit upon the Department (though such offenses are not specifically defined or laid down in these rules and procedures) shall be considered misconduct subjecting the Patrol Special or Assistant Patrol Special to disciplinary action as herein set forth.

4.21   RADIO PROCEDURES

When using the police radio frequencies, transmissions shall be brief and shall use proper radio procedures and codes.  Patrol Specials and their Assistants shall not use their radio or any other means of communication to access or attempt to access information contained in CLETS, CABLE or any other local, state or federal summary criminal history database.

4.22   USE OF DEPARTMENT FACILITIES

Use of Police facilities is limited to official telephone calls, writing memos, use of inter-departmental mail and restrooms. Official use of the copiers and fax must be with the approval of the platoon commander. Personal telephone calls, messages or mail shall not be directed to any police facility.

18                                          a:\00525577.doc

CCSF_PATROL_SPECIALS_000220

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

4.23   ACCESS TO INFORMATION

The use of facilities does not include the use or direct access to CLETS, CABLE or Department computer terminals or any criminal files.

4.24   DISTRICT STATION LIAISON OFFICER

The Field Operations Bureau shall establish a "Patrol Special Liaison" at each district station, appointed from the rank of lieutenant by the district captain. All Beat Owners shall contact the liaison of the district(s) in which their beat(s) exist(s) at least once a week to discuss any issues related to beat operation.

4.25   PROCEDURE FOR REPORTING ON AND OFF DUTY

Each day they work their beat(s), all Patrol Specials and Assistants shall report on and off duty in person to the Platoon Commander of the district to which they are primarily designated and sign in and out in the log book. If they are scheduled to work multiple beats in multiple districts during the same shifts, they shall minimally notify the station keeper(s) of the other affected district(s) that they are on duty after making the initial notification in their primary district.

4.26   ON DUTY VEHICLE ACCIDENTS INVOLVING PATROL SPECIALS OR ASSISTANTS

Patrol Special Officers and Assistant Patrol Special Officers shall notify Communications if they are involved in a motor vehicle accident while on duty. They shall also notify the on-duty Platoon Commander of the district police station they are assigned to. A Patrol Special Officer or Assistant Patrol Special Officer involved in an on-duty vehicle accident shall remain at the scene until a supervisory officer has responded and conducted his or her investigation.

Section 5

PROHIBITED ACTIVITIES

5.01   ENGAGING IN OTHER DUTIES

Patrol Specials and Assistant Patrol Specials shall not, while on duty, engage in any duties except as required by contractual obligations, or in accordance with Penal Code section 723.

5.02   TRAFFIC STOPS

Patrol Specials and Assistant Patrol Specials shall not make traffic stops.

5.03   CITATIONS

Patrol Specials and Assistant Patrol Specials shall not issue citations.

5.04   VEHICLE PURSUITS

Patrol Specials and Assistant Patrol Specials shall not operate their vehicle in other than a safe and defensive manner, complying fully with the California Vehicle Code. Patrol Specials and Assistant Patrol Specials shall not engage in vehicular pursuits.

5.05   TRANSPORTING PRISONERS

Patrol Specials and Assistant Patrol Specials shall not transport prisoners.

5.06   UNIFORM AND EQUIPMENT ITEMS DISPLAY OFF DUTY

a:\00525577.doc

CCSF_PATROL_SPECIALS_000221

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

Patrol Specials and Assistant Patrol Specials shall not wear or use any uniform or equipment item, including weapons, except en route to and from their beats, and while on-duty as a Patrol Special Officer or Assistant Patrol Special Officer in the City and County of San Francisco.

5.07   VEHICLE MODIFICATION

Patrol Specials and Assistant Patrol Specials shall not alter any duty vehicle in any way to allow it to be mistaken for an official law enforcement vehicle, and:

A.   Shall obtain the approval of the Chief of Police before modifying the color scheme of any duty vehicle or placing any lettering, emblems, or decals thereon.

B.   Shall not equip any duty vehicle with any additional emergency lighting equipment or any siren.

5.08   PROHIBITED FIREARMS

Patrol Specials and Assistant Patrol Specials shall not carry or have in their vehicle any type of shoulder firearm.

5.09   SLEEPING ON DUTY

Patrol Specials and Assistant Patrol Specials shall not sleep while on duty.

5.10   ALCOHOL AND DRUGS

Patrol Specials and Assistant Patrol Specials shall not, while on duty or in uniform, drink or consume any kind of intoxicating liquor. Shall not, while on duty or off duty consume possess or use any controlled substance without a valid prescription. Shall not, while on duty be under the Influence of any prescription or non-prescription drug that impairs the person's ability to carry out their duties.

5.11   FILING SUIT

Patrol Specials and Assistant Patrol Specials shall immediately notify the Commission if they bring suit against the City and County.

5.12   SUBPOENA SERVICE/CIVIL ACTIONS

Patrol Specials and Assistant Patrol Specials shall not serve a subpoena, summons or other paper in a civil action or render any assistance in such case.

5.13   BAIL BOND AGENTS

Patrol Specials and Assistant Patrol Specials shall not furnish information to bail bond agents or to their employees regarding persons arrested, or any investigations made or to be made, or any activity carried on or about to be carried on by the Department, except such as may be required by law. When information is furnished to a bail bond agent or to his employee in accordance with the law, that fact shall be made known immediately to the commanding officer of the district to which they are assigned.

5.14   RECOMMENDING ATTORNEYS

Patrol Specials and Assistant Patrol Specials shall not recommend to any persons the names or employment of any person as an attorney or bail bond agent.

Section 6

UNIFORM AND EQUIPMENT

6.01   UNIFORM AND EQUIPMENT EXPENSE

a:\00525577.doc

CCSF_PATROL_SPECIALS_000222

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

Patrol Specials and Assistant Patrol Specials shall, at their own expense, provide themselves with all required uniform and equipment items as specified by the Commission.

6.02    UNIFORM AND EQUIPMENT SPECIFICATIONS

A list and description of each article of uniform and equipment prescribed by these Rules and Procedures shall be kept in the office of the Police Commission and all uniform equipment items shall conform to said description. Uniform changes from the previous Rules and Procedures will take effect on January 30, 2009, the operative date of these amended Interim Rules and Procedures.

A.    All uniform coats. trousers, cap, shirt, tie, shoes, rain cap cover, rain coat and pants to be of similar material and style as that required and prescribed for regular patrol persons in the San Francisco Police Department with the following exceptions:

| | | |
|---|---|---|
| 1. | BUTTONS: | To be 24-ligne regulation San Francisco Patrol Special NICKEL BUTTONS on pocket flaps, shoulder straps, sleeves and caps. |
| 2. | TROUSER STRIPES: | BLUE SOUTACHE, one-half inch wide on outside seams. |
| 3. | SHIRTS AND JACKETS: | BLUE SOUTACHE epaulettes on both shoulders. |
| 4. | CAP EMBLEM: | Nickel plated. |
| 5. | PATCHES. | Silver with light blue background. San Francisco Police patch design. |
| 6. | ROCKER: | "PATROL SPECIAL" Silver lettering sewn over uniform patch. |
| 7. | NAME PLATE: | Blue lettering on silver nameplate. First name, initial and full last name. |

B.    Patrol Specials and Assistant Patrol Specials may, while on duty, be equipped with the following personal property:

1.    Revolver (minimum 4-inch barrel) 38 Cal or.357 Magnum caliber loaded with six factory load cartridges, or semi automatic pistol, if qualified pursuant to current Department Certification, loaded with factory cartridges.

2.    Cartridge container with extra cartridges.

3.    26" wooden baton.

4.    Handcuffs and key.

5.    Whistle.

6.    Three cell flashlight (or equivalent) in good working order.

7.    Memorandum book.

8.    Street guide.

a:\00525577.doc

CCSF_PATROL_SPECIALS_000223

Interim Rules and Procedures for Patrol Special Officers and Their Assistants
Adopted by the San Francisco Police Commission December 10, 2008

9.      Call box key.

10.     Chemical agent canister (aerosol), if certified by state law.

6.03    DEPARTMENT ISSUED PROPERTY

Patrol Specials and Assistant Patrol Specials shall, while on duty, be equipped with the following Department-issued property:

1.      Six-point star.

2.      Department identification card.

6.04    DISPLAY OF STAR

Patrol Specials and Assistant Patrol Specials shall, while in uniform, display the six-point star or the outermost garment over the left breast.

6.05    APPEARANCE

Patrol Specials and Assistant Patrol Specials shall be neat and clean in appearance and maintain uniform and equipment in good order and ready for immediate use.

6.06    LOSS OF UNIFORM OR EQUIPMENT

Patrol Specials and Assistant Patrol Specials shall be responsible for the safekeeping and authorized use of their uniform and equipment, and shall promptly make a written report of the loss of any firearm or Department-issued property to Supervising Captain and the Program Administrator.

6.07    JEWELRY AND ORNAMENTS

Shall not wear jewelry or personal ornaments affixed to any part of their uniform or equipment

6.08    RADIO EQUIPMENT

A Patrol Special may enter into an agreement with the Chief of Police permitting the Patrol Special to purchase and install radio equipment for the transmission and receiving of police radio calls on Police Department frequencies. Patrol Specials and Assistant Patrol Specials shall operate or permit to be operated radio equipment installed in accordance with Department rules.

6.09    VEHICLE INSPECTION

Shall present their duty vehicles for periodic inspection when directed by the Police Commission or the Chief of Police.

a:\00525577.doc

CCSF_PATROL_SPECIALS_000224



CCSF_PATROL_SPECIALS_000225

