UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BYARD, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 16-cv-00691-WHA   (DMR)<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 55 |

On February 24, 2017, Defendants filed a joint discovery letter in which they moved for a protective order to prevent them from having to respond to Plaintiffs' 531 Requests for Admission ("RFAs"), as well as the interrogatory and request for production of documents pegged to Defendants' responses to the RFAs. [Docket No. 55]. On March 1, 2017, the court issued an order stating that it would not consider Plaintiffs' portion of the letter because they violated the standing order regarding joint discovery letters, then promptly violated a second order by failing to file a timely two-page response. [Docket Nos. 56, 58]. The court subsequently denied Plaintiffs' request for reconsideration of its March 1, 2017 order. [Docket Nos. 59, 62]. The court determines that this matter is appropriate for adjudication without a hearing. Civ. L.R. 7-1(b). Having reviewed the matter, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for a protective order.

I.   FACTS

On January 25, 2017, which was the last day to propound written discovery, Plaintiffs served a First Set of RFAs containing 531 RFAs. *See* Plaintiff Alan Byard's First Set of Requests for Admissions ("First Set of RFAs") [Ex. A to Docket No. 79]. On that day, Plaintiffs also served one interrogatory requesting that Defendants state the basis for their responses for each

1  admitted RFA, and one request for production seeking all documents in support of an admitted
2  RFA. *See* Plaintiff Calvin Wiley's First Set of Interrogatories and First Set of Inspection of
3  Documents [Exs. B and C respectively to Docket No. 79]. Defendants informed Plaintiffs that the
4  number of RFAs "was entirely unreasonable and burdensome," and the RFAs themselves were
5  largely improper. *See* Joint Discovery Letter at 2. As a compromise, Defendants offered to
6  answer 25 RFAs. *Id*. Plaintiffs refused. *Id*. Defendants thereafter filed the instant motion for a
7  protective order.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts have the power to issue protective orders in the discovery process in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III.   ANALYSIS

Defendants seek a protective order on the grounds that Plaintiffs' RFAs are unduly burdensome in scope and number, and that many of the RFAs are improper. It is well-established that "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *see also* Advisory Comm. Note to 1970 Amendment to Fed. R. Civ. P. 36 ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). Accordingly, RFAs should "not . . . be treated as substitutes for discovery processes to uncover evidence . . . ." *People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955); *see also Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("'Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents,

requests for admission should not be used as a method of discovery for those purposes.'") (quoting 7 Moore's Federal Practices § 36.02[2] (3d ed.1991)).

The court has reviewed Plaintiffs' RFAs. Many are argumentative and clearly not drafted to narrow the issues to be tried in this case. *See, e.g.,* RFA No. 183 ("Admit that the City has no legitimate reason for destroying the Patrol Special Program."); RFA No. 267 ("Admit that the City failed to establish a longstanding practice or custom to prevent the Patrol Specials force from being destroyed by attrition."). Others are vague and not drafted in a way to elicit a meaningful response from Defendants. *See, e.g.,* RFA No. 191 ("Admit that Patrol Special beats once had value."); RFA No. 197 ("Admit the City often made new interpretations of the rights and duties of the Patrol Specials between 2010 and 2017."); RFA No. 203 ("Admit that Patrol Specials' businesses need clear rules to realize their full value."). Other RFAs appear to ask for information beyond Defendants' knowledge, or beyond any conceivable relevant time period for the case. *See, e.g.,* RFA Nos. 270-71 ("Admit that presently there is no market for Patrol Specials' beats" and that "presently there are no ready, willing, and able buyers for Patrol Specials' beats."); RFA Nos. 109-110 ("Admit that Patrol Specials have for 160 years used assistant officers" and that "Patrol Specials for 160 years have relied on assistant officers.").

The court notes that over one hundred and fifty RFAs ask Defendants to admit to the genuineness, authenticity, and/or admissibility of documents. While it is not improper to propound an RFA to ask a party to admit to the genuineness of a document, Defendants point out that many of the RFAs involve documents that defense counsel has never seen before. *See* Joint Discovery Letter at 3.

Some RFAs appear to be appropriate. For example, RFA No. 30 asks Defendants to admit to a potentially undisputed fact, i.e., that "Plaintiff Alan Byard is the owner of beat 47." First Set of RFAs at 6 [Ex. A to Docket No. 79]; *see The Jules Fribourg*, 19 F.R.D. at 436 (explaining that the goal of RFAs is to "eliminate from the trial matters as to which there is no genuine dispute"). Additionally, other RFAs appear to ask Defendants to apply law to fact. An RFA is not objectionable on that basis alone. For example, RFA No. 211 asks Defendants to "Admit that Defendant is a 'person' within the meaning of 42 U.S.C. § 1983." First Set of RFAs at 17 [Ex. A

3

to Docket No. 79]; *see* Fed. R. Civ. P. 36(a)(1) (Rule 36 authorizes a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . (A) facts, the application of law to fact, or opinions about either."); *see also Watterson v. Garfield Beach CVS LLC*, No. 14-cv-0721-HSG (DMR), 2015 WL 2156857, at *4 (N.D. Cal. May 7, 2015) (finding that RFA asking plaintiff to admit or deny whether the WellRewards programs are "wellness programs" as that term is defined under 26 C.F.R. § 54.9802–1(f)(1) was proper as an application of law to facts).

The court finds that Plaintiffs' set of 531 RFAs is largely abusive, oppressive, and overly burdensome, and demonstrates a profound lack of understanding about the proper use of RFAs as a discovery tool. When considered as a whole, the set reads as an attempt to establish Plaintiffs' entire case through 531 RFAs propounded at the last possible moment. Nevertheless, the court exercises its discretion as follows. The parties shall meet and confer about RFA Nos. 368 to 531. Plaintiffs must *first* properly index and identify the source of each document covered by those RFAs. *Only then* shall Defendants make best *reasonable* efforts to authenticate and/or agree to the admissibility of the documents identified in RFA Nos. 368 to 531. The parties shall also meet and confer, and enter into stipulations *where possible* about potentially undisputed facts that are the subject of RFAs. The court estimates that such a discussion would encompass approximately 100 to 120 RFAs. In addition, Defendants shall respond to 10 *appropriate* RFAs. Plaintiffs shall identify the 10 RFAs, and the parties shall meet and confer about them in an effort to reach consensus that they are appropriate. Given Plaintiffs' record in this and other discovery disputes, Plaintiffs are forewarned that if they take positions that are not substantially justified, they will be sanctioned.

As to the interrogatory, the court finds that it contains a separately countable subpart for each admitted RFA under Rule 33. *See Safeco of Am.*, 181 F.R.D. at 446 (finding that an interrogatory asking for information supporting the denial of a RFA should be construed as containing a separately countable subpart under Rule 33 for each RFA); *see also Synopsys, Inc. v. ATopTech, Inc*, No. 13-CV-02965-MMC(DMR), --- F.R.D. ----, 2016 WL 6782028, at *2 (N.D. Cal. Nov. 16, 2016) (explaining that courts in patent cases have construed a single interrogatory

4

1  asking for information about different accused products as containing as many discrete subparts as
2  there are accused products under Rule 33).  Therefore, Defendants need only answer this
3  interrogatory with respect to the 10 RFAs to which it will respond, and for which it would not
4  exceed Rule 33's 25-interrogatory limit or any limits on interrogatories agreed to by the parties.
5  Defendants shall also respond to the request for production with respect to the 10 RFAs.

**IT IS SO ORDERED.**

Dated: March 15, 2017



Donna M. Ryu
United States Magistrate Judge